UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS            PLAINTIFF

VS.        CASE NO. 4:16CV00545-JM

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES        DEFENDANTS

**MOTION AND INCORPORATED BRIEF IN SUPPORT THEREOF FOR RECONSIDERATION OF [020] ORDER DENYING MOTION FOR SANCTIONS**

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion for Reconsideration of Doc. 20, the Court's Order Denying my Motion for Sanctions.

1. When refusing to issue sanctions, the Court gave no explanation behind its decision other than merely that he felt sanctions were "unwarranted."

2. This is an automatic abuse of discretion.

    (a) See US v. Burrell, 622 F. 3d 961, 964 (8th Cir. 2010) ("We have held that a district court need not give lengthy explanations ... but this does not permit a district court to give no explanation for its decision"); see also Rayes v. Johnson, 969 F. 2d 700, 704-705 (8th Cir. 1992) ("The district court may have had reason to deny Rayes' request for subsequent counsel, but no explanation appears in the record. The request was summarily denied twice").

    (b) See also Slaughter v. City of Maplewood, 731 F. 2d 587, 589 (8th Cir. 1984) ("we neverthe-less find it necessary to remand because we cannot determine from the record whether the district court exercised a reasoned and well-informed discretion, so as to permit our review for abuse of discretion")

    (c) See also Foman v. Davis, 371 US 178, 182 (1962) ("[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it

is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules").

(d) See also Gulf Oil Co. v. Bernard, 452 US 89, 103 (1981) ("We conclude that the imposition of the order was an abuse of discretion. The record reveals no grounds on which the District Court could have determined that it was necessary or appropriate to impose this order").

(e) See also US v. Walters, 643 F. 3d 1077, 1080 (8th Cir. 2011) ("given the lack of specific findings and the evidence in the record, we find that the district court abused its discretion").

(f) See also Jarrett v. ERC Properties, Inc., 211 F. 3d 1078, 1084 (8th Cir. 2000) ("The district court's good faith finding was stated in conclusory fashion with no explanation ... Therefore, the court abused its discretion").

(g) See also Thongvanh v. Thalacker, 17 F. 3d 256, 260 (8th Cir. 1994) ("A careful review of the record reveals no explanation whatsoever for the reduction. Accordingly, the jury award of $4,000 is restored.").

(h) See also Purcell v. Gonzalez, 549 US 1, 8 (2006) ("There has been no explanation given by the Court ... we vacate the order of the Court of Appeals")

(i) See also Press-Enterprise Co. v. Superior Court of Cal., Riverside Cty., 464 US 501, 513 (1984) ("Thus not only was there a failure to articulate findings with the requisite specificity but there was also a failure to consider alternatives to closure and to total suppression of the transcript. The trial judge should seal only such parts of the transcript as necessary to preserve the anonymity of the individuals sought to be protected.").

(j) See also United States v. Grinnell Corp., 384 US 563, 579 (1966) ("The District Court gave no explanation for its refusal to grant this relief. It is so important and customary a

provision that the District Court should reconsider it").

(k)  See also Delaware v. Van Arsdall, 475 US 673, 680 (1986) ("In so doing, it offered no explanation why the Chapman harmless-error standard ... is inapplicable here.")

3. I ask this Court to follow the law and issue a *proper* ruling on the Motion for Sanctions.

4. For starters, the Defendants, in their response, offered no evidence whatsoever that their initial failure to serve me with a copy of their motion was unintentional. Again, they only offered their uncorroborated word that they made a good faith effort to serve me. All the evidence still points to the fact that they attempted to make it an ex parte communication until they got caught in the act.

5. Third, their intent is further evidenced by the content of the Defendant's Response to my Motion for Sanctions. They state that "The Federal Rules of Civil Procedure do not require ... proof of receipt." See Doc. 19, ¶ 9.

6. In other words, they are openly admitting "yeah ... we don't have any proof that we mailed them. We don't *need* any proof. The mere fact that we claim to have mailed them alone, without more, causes it to become true." They are openly admitting that, even if they were lying on the certificate of service, they are still telling the truth because they say so.

7. Judge Moody has not even *attempted* to explain why he believes that the clearly-established history of the Defendants using ex parte communications to rig cases in their favor. The Court made no effort to justify how their history either does not mean what I argue it means, and/or that their actions in this case were done in good faith despite their history. That is an automatic abuse of discretion as established in ¶ 2 of this Motion. His only explanation was that sanctions were "unwarranted."

8. Third, the Defendants have still not truly served me with a copy of the Motion. Their

argument is that I was served by email. But this is not allowed unless I specifically state, in advance, that I consent to being served by email; see FRCP 5(b)(2)(E) ("sending it by electronic means *__if the person consented in writing__*" emphasis added).

9.   I ask that this Court go back and correct its deficiency (namely, the lack of an explanation).

Wherefore, premises considered, I request that this motion for reconsideration be granted and sanctions be issued against the Defendants.

So requested on this, the 24th day of November, 2016.

                                      David Stebbins
                                      123 W. Ridge St.,
                                      ATP D
                                      Harrison, AR 72601
                                      870-204-6516
                                      stebbinsd@yahoo.com

## CERTIFICATE OF SERVICE

I, *pro se* Plaintiff David Stebbins, certify that the Defendants have been served with a copy of this filing pursuant to FRCP 5(b)(2)(E), pursuant to AR Local Rule 5.2.

                                      David Stebbins
                                      123 W. Ridge St.,
                                      ATP D
                                      Harrison, AR 72601
                                      870-204-6516
                                      stebbinsd@yahoo.com