UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                    PLAINTIFF

VS.                   CASE NO. 4:16CV00545-JM

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES          DEFENDANTS

## MOTION AND INCORPORATED BRIEF IN SUPPORT THEREOF FOR CONTEMPT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion for Contempt, as well as for the Defendants to be sanctioned for violating Rule 11, in the above-styled action.

### FACTS

1. This Court issued an order in early December 2016 ordering, among other things, for the parties to engage in a 26(f) conference by January 18, 2017. See Doc. 22.

2. I have made several attempts to schedule this conference with the Defense Counsel. The third time, the Defense finally responded. However, they expressly disavowed any intention of complying with the Court's order. Their reasoning for this refusal is that there is a Motion to Dismiss pending, but they offer no legal citation to support their claim that they are not bound by any scheduling order. See **Exhibit A**.

3. I am simultaneously filing a Unilateral 26(f) Report along with this Motion.

### LAW AND DISCUSSION

4. It is common knowledge that the Court has a compelling interest in enforcing its own mandates. See 18 USC § 401(3). Here, the parties were under a direct order from the Court to have the 26(f) conference, and yet, the Defendants have outright refused to comply. They have already attempted, during this case, to argue that they are above the law (see Doc. 16, Page 8 as

well as the counter-arguments I presented in Doc. 23, ¶¶ 18-27). So they probably felt that the order was not binding on them.

5. Their defense is that, because their Motion to Dismiss is still pending before the Court, they are not required to file an Answer – nor do anything that usually comes after the Answer[1] – until that Motion is ruled on. However, even this defense still fails to clear the bar, because the Court obviously knows the Motion is pending also, but it still ordered the conference to occur nevertheless. Obviously, the Court has made the conscious choice to set the scheduling order despite the pending motion to dismiss. And the Defendants have no right to second guess the Court's judgment unless the Court is abusing its authority.

6. If there was no scheduling order, and I was simply trying to schedule a 26(f) conference on my own because I felt that was simply the next step in the litigation (which it would be if the Defendants had filed an Answer), then the Defendants might have been excused in failing to communicate with me. But a court order trumps the default civil procedure; the belief that the case is not yet ready for a 26(f) conference does not excuse disobeying a *direct order* from the Court!

7. Only by arguing that the Court *cannot* issue a scheduling order while a motion to dismiss is pending, even if it wanted to, could the defendants nonfrivolously maintain that they were under no obligation to comply with the scheduling order. However, if they wanted to go that route, they would have to produce a legal citation that actually *states* this limitation on the courts' power – much like I have done with the issues of failure to give an explanation and the lack of court authority to raise claims or defenses sua sponte – otherwise the argument is not even properly before the court in the first instance; see AR Local Rule 7.2(a) ("All motions except those mentioned in paragraph (d) shall be accompanied by a brief consisting of a concise

---

[1] Including any 26(f) conferences.

statement of relevant facts **_and applicable law_**" emphasis added).

8.  Remember that, to prevail on such a claim, the legal citation cannot merely state that setting a scheduling order before a motion to dismiss is resolved is ill-advised. It must state that the Court absolutely cannot do that, period. If the legal citations offered state that setting a scheduling order before a motion to dismiss is resolved is even slightly within the Court's discretion, then further analysis would have to be conducted to determine if the Court was acting within its discretion in doing so.

9.  If that were the case, then the Court would almost certainly be within its discretion in the current case. As a novel issue of law, I would advocate that a court would be within its discretion to move the case forward in spite of a pending motion which pauses the case, provided that A) the motion does not rob the trial court of jurisdiction over the case (such as an interlocutory appeal), and B) the "pausing motion" (for lack of a better term) is patently frivolous and is clearly being prosecuted solely for the purposes of delay.

10. The first of those two criteria is not in disputed in the instant case. The second one is clearly in my favor. I have already explained just how patently frivolous their motion to dismiss is, but just to refresh the Court's memory, here is a brief rundown of the frivolous points.

   (a) They claim that they are immune from suit under the 11th Amendment. However, they forget that the immunity issue has already been raised and dealt with under ¶¶ 3-6 of the Complaint and Jury Demand. The fact that this Court granted my application for leave to proceed in forma pauperis clearly shows that the Court found my arguments in that section of the Complaint to be persuasive.

   i.  To make their argument appear slightly less frivolous, they cite the case of Alsbrook v. City of Maumelle, 184 F. 3d 999 (8th Cir. 1999), which declared that 42 USC

§ 12202 is not a valid exercise of Congress's authority under the Fourteenth Amendment. However, they choose to ignore that this precedent was rendered moot by the 2004 Supreme Court precedent of Tennessee v. Lane, 541 U.S. 509 (2004). Supreme Court precedent trumps Court of Appeals precedent, always. So their argument is still frivolous.

(b) They argue that there were no factual allegations present in the complaint – sufficient or otherwise – to support the "conclusory" allegations of casual connection. However, a brief scanning of the Complaint – namely ¶¶ 21-27 and ¶ 45 – that there are indeed factual allegations of causal connection. Again, just like with the issue of 11th Amendment immunity, the fact that the Court granted my in forma pauperis application shows that the Court has already decided in my favor on the issue of whether these facts are sufficient to state a claim upon which relief can be granted. Combine that with, once again, the complete lack of any new factors that the Court has yet to consider, and we realize that this is just an attempt by the Defendants to re-litigate an issue that has already been adjudicated.

(c) The most frivolous of them all is their claim that they are above the law. They argue that they are the only ones who get to decide who is eligible for their services, no matter how much any protected class or statutorily protected activities played any part in their decisions, and that the federal courts cannot sit in review of their decisions regardless of the circumstances or evidence. This is so frivolous that I should not have to tell you why it is frivolous.

11. I am also filing a Motion for Sanctions under Fed.R.Civ.P. 11. The contents of that motion are hereby incorporated by reference.

12. At this point, you can clearly see that the Defendant's Motion to Dismiss is designed for three purposes: Delay, delay, and more delay. In all likelihood, the Defendants probably knew full well that their motion to dismiss was patently meritless on all fronts, but they filed it anyway

simply in the hopes of buying themselves more time to try and come up with a plan. The fact that they assert exemption from the Court's scheduling order only provides further evidence of their motives.

### RELIEF REQUESTED

13. First of all, the Defense Counsel should be held in contempt of court for its refusal to obey the Court's order. They need to be reminded that they are not above the law.

14. Next, there is the question of what prejudice I have suffered. 99% of the problems with their refusal to cooperate can be circumvented by me simply filing a unilateral 26(f) report, which is what I am doing. However, there is one issue that the unilateral report cannot fix: The 26(a) initial disclosures.

15. As this Court is well aware, parties are required to serve their initial discoveries on the opposing party without having to be served with any discovery requests. See Fed.R.Civ.P. 26(a). This must include the names and contact information of any potential witnesses, as well as any evidence they plan to introduce in their defense.

16. Discovery is not a privilege. It is a fundamental aspect of due process. A party cannot be said to have a fair trial if he is subjected to a trial by ambush. Without 26(a) initial disclosures, I cannot have a fair trial.

17. Therefore, in addition to holding the Defendants in contempt of court, I ask the Court to also order the Defendants to produce all the evidence they plan to use in their defense by a certain date, otherwise face a default judgment.

18. Normally, the penalty for not giving discovery is that they are not allowed to offer that evidence at trial. However, in addition to there being a clear pattern of this sort of behavior (see ¶ 7 of this Brief), there is another issue: If they do not provide me *any* evidence in their 26(a)

initial disclosures, then that means that they cannot produce *any* evidence in their defense. At that point, what's the point of them even showing up at all? That is why I believe that a default judgment is the best course of action, since the minimum penalty the Court must apply (not being allowed to offer the evidence in their defense) would effectively amount to a default judgment in practice.

19. I need these 26(a) disclosures, otherwise I am automatically stripped of my right to a fair trial. It is called a "trial by ambush," and its prohibition is such common knowledge – even among those not trained in the law – that I do not even need to produce a legal citation to prove it.

20. I am in need of a court order threatening the Defendants with default if they do not produce the 26(a) initial disclosures in order to protect me from a trial by ambush.

So requested on this, the 6th day of January, 2017.

/s/ David Stebbins
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

## CERTIFICATE OF SERVICE

I, *pro se* Plaintiff David Stebbins, do hereby certify that I have served the Defense with a copy of this motion by allowing them to view it electronically on ECF as allowed by the Arkansas Local Rules.

/s/ David Stebbins
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com