UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                        PLAINTIFF

VS.                    CASE NO. 4:16CV00545-JM

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES           DEFENDANTS

## UNILATERAL 26(f) REPORT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Unilateral 26(f) Report to the Court.

The Defendants have refused to talk to me to schedule a 26(f) conference. See the simultaneously-filed Motion for Contempt for details. Therefore, I am filing this report unilaterally in an attempt to move the case along.

## NATURE AND BASIS OF CLAIMS

The plaintiff asserts that the Defendants used his disabilities (namely, the symptoms of his disabilities) to deny him any ARS funding to which he would have otherwise been entitled to. They did not make even the slightest attempt to investigate and decide whether or not the Plaintiff's specific symptoms actually would cause any interference with my vocational efforts; instead, they just decided that, because some doctor who they never spoke to in person listed these symptoms, that automatically, without more, makes me unqualified.

The Defendants, on the other hand, maintain that they are above the law, that they have the right to discriminate against any applicant for any reason they want, even if those same actions would otherwise amount to discrimination if done by anyone else under otherwise identical circumstances. They argue that the state statute which purportedly gives them this authority trumps any federal statutes to the contrary, notwithstanding the common knowledge

that federal law is always supreme to state law.

Moreover, the Defendants engaged in this adverse action in large part because of the plaintiff's litigation history, the majority of which were, by the Defendants own admission, mostly civil rights and discrimination. This means their actions constitute retaliation under Sec. 503 of the Americans with Disabilities Act.

Also, Amy Jones is guilty of First Amendment retaliation for the same reasons the ARS and State of Arkansas are guilty of ADA retaliation: By basing the adverse action in large part because of the Plaintiff's litigation history, Amy Jones has committed an act of First Amendment retaliation, independent of whether or not the litigation history is statutorily protected under the ADA.

On the other hand, the Defendants maintain that, even though the litigation history was included as one of the reasons because the denial of ARS funding, it nevertheless was not a factor, despite being listed as a factor by their own admission.

## SETTLING OR RESOLVING THE CASE

While the Plaintiff is open to negotiating settlements, that would require that the Defense cooperate and reply to the Plaintiff's communication efforts. Until that happens, no settlement can be reached.

## 26(a) DISCLOSURES

The Plaintiff has, as of the time of this writing, provided the Defense Counsel with a computer disc containing PDF copies of all of the Plaintiff's 26(a) initial disclosures. The Defendants have yet to produce such disclosures, and the "Motion for Contempt" that is being filed simultaneously along with this unilateral Report is also requesting that the Defendants be ordered to produce their 26(a) initial disclosures or else be forbidden from presenting any

evidence in their defense.

## DISCOVERY PLAN

The following is the proposed plan for discovery:

- **Changes** – Since the parties could not meet, there was no possibility the parties could agree to any changes.
- **Subjects on which discovery is needed** – Without communication from the defense, all relevant subjects will require discovery. However, a Motion for Partial Summary Judgment (which seeks summary judgment on the question of liability for all three claims, but not damages) is pending before the Court. If granted, that would cut down on discovery subjects significantly.
  - It is worth noting that two weeks have passed without the Defendants filing a Statement of Disputed Facts. According to AR Local Rule 56.1(c), this means that all of the facts contained in the Plaintiff's Statement of Undisputed Facts are hereby admitted by default. This means that the Motion for Partial Summary Judgment is as good as granted.
- **Disclosure, discovery, and preservation of electronically stored evidence** – The Defendants did not cooperate with the Plaintiff's communication attempts, and therefore, no issues were able to be uncovered.
- **Claims of privilege** – Because of the lack of communication on the Defendants' part, no exceptions to any privileges were able to be agreed upon.
- **Limitations on discovery** – none were able to be agreed to, or even discussed, because the Defense refused to obey the Court's order to confer.
- **Other orders** – none.

## CONCLUSION

This unilateral report is hereby being filed in the hopes of getting this litigation out of the way as soon as possible. The Defendants have attempted at every stage to stall the litigation, first by filing a Rule 12(b) Motion to Dismiss without serving the Plaintiff with a copy, and also by including clearly frivolous grounds for dismissal that include, but are not limited to, claiming that they are above the law, and now, by refusing to cooperate with the Plaitniff's good faith attempts to schedule a 26(f) Conference. Hopefully this Court will catch onto the Defendants' shameless efforts to avoid liability by delaying the proceedings and agree to sanction them, as well as accepting this 26(f) Report being filed unilaterally.

So filed on this, the 6th day of January, 2017.

/s/ David Stebbins

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
(870) 204 – 6516
stebbinsd@yahoo.com