IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**DAVID A. STEBBINS**                                                                **PLAINTIFF**

**v.**                               **NO. 4:16-CV-545-JM**

**STATE OF ARKANSAS, ARKANSAS**                            **DEFENDANT**
**REHABILITATION SERVICES, AND**
**AMY JONES**

## DEFENDANTS' MOTION TO STAY DISCOVERY

COME NOW Defendants the State of Arkansas, Arkansas Rehabilitation Services, and Amy Jones, by and through their attorneys, Attorney General Leslie Rutledge and Assistant Attorney Amber R. Schubert, and for her Motion to Stay Discovery, states as follows:

1. Plaintiff David Stebbins filed his Complaint in this action alleging Defendants Amy Jones and Arkansas Rehabilitation Services ("ARS") violated his civil rights pursuant to 42 U.S.C. § 1983 and his rights under Title II of the Americans With Disabilities Act (ADA), and seeks a total of $744,537.50 in damages. Plaintiff also sued the State of Arkansas, but makes no allegations against the State of Arkansas in his Complaint.

2. On November 10, 2016, Defendants filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, and because Plaintiff's claims are barred Eleventh Amendment sovereign immunity. On December 6, 2016, Plaintiff filed a response to Defendants' Motion to Dismiss and that motion is now pending before the Court.

3. On January 10, 2017, Defendants received extensive discovery requests from Plaintiff. Specifically, Plaintiff served on Defendants 18 requests for admission and 84 requests for production. *See* Exhibit 1.

4. In the interest of judicial economy and efficiency, Defendants respectfully request that this Court stay all discovery until the Court has issued a final ruling on the pending motion to dismiss, or in the alternative extend the time for responding to all discovery until 30 days after notice of the Court's final ruling on Defendants' Motion to Dismiss.

5. Courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of a case on its merits are determined, and the exercise of that discretion will not be reversed absent an abuse of discretion that is prejudicial to the appealing party. *See, e.g. Mason v. Brill*, 14 Fed.Appx. 752 (8th Cir. 2001), *Steele v. Weber*, 278 Fed.Appx. 699 (8th Cir. 2008).

6. Imposing a stay would fulfill the goals of judicial economy and clearly falls within the discretionary power granted to the Court. At this stage of the proceedings, a stay of discovery prevents unnecessary expenses for the State and undue burdens on the Defendants.

7. Plaintiff will not suffer prejudice in any way and a stay of discovery at this point in the proceedings will not cause him any fundamental unfairness.

WHEREFORE, Defendants the State of Arkansas, Arkansas Rehabilitation Services, and Amy Jones, respectfully request that the Court stay discovery in this case and for all other just and proper relief.

Case 3:17-cv-03092-TLB Document 37 Filed 01/10/17 Page 3 of 3 PageID #: 194

        Respectfully submitted,

        Leslie Rutledge
        Attorney General

By:   /s/ Amber R. Schubert
      Arkansas Bar No. 2009150
      Assistant Attorney General
      323 Center Street, Suite 200
      Little Rock, Arkansas 72201
      Telephone: (501) 682-2081
      Facsimile:  (501) 682-2591
      amber.schubert@arkansasag.gov

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Amber R. Schubert, Assistant Attorney General, do hereby certify that on January 10, 2017, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system.

I, Amber R. Schubert, hereby certify that on January 10, 2017, I mailed the document by U.S. Postal Service to the following non CM/ECF participant:

Mr. David Stebbins
123 W. Ridge St., Apt. D
Harrison, Arkansas 72601

                /s/ Amber R. Schubert