IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                                                                    PLAINTIFF

v.                                              NO. 4:16-CV-545-JM

STATE OF ARKANSAS, ARKANSAS                                                         DEFENDANT
REHABILITATION SERVICES, AND
AMY JONES

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY

**I.     INTRODUCTION**

Plaintiff David Stebbins filed his Complaint in this action alleging Defendants Amy Jones and Arkansas Rehabilitation Services ("ARS") violated his civil rights pursuant to 42 U.S.C. § 1983 and his rights under Title II of the Americans With Disabilities Act (ADA), and seeks a total of $744,537.50 in damages.  Plaintiff also sued the State of Arkansas, but makes no allegations against the State of Arkansas in his Complaint.  On November 10, 2016, Defendants filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, and because Plaintiff's claims are barred Eleventh Amendment sovereign immunity. On December 6, 2016, Plaintiff filed a response to Defendants' Motion to Dismiss and that motion is now pending before the Court.

On January 10, 2017, Defendants received extensive discovery requests from Plaintiff. Specifically, Plaintiff served on Defendants 18 requests for admission and 84 requests for production. In the interests of judicial economy, Defendants request that the Court issue an order staying discovery in this case pending a final ruling on Defendants' pending Motion to Dismiss.

1

## II. DISCUSSION

### A. The Court Should Stay Discovery or Grant an Extension of Time to Respond to Discovery Pending a Ruling on Defendant's Pending Motion to Dismiss.

Plaintiff recently filed with the Court voluminous written discovery seeking production of documents that may or may not be related to the claims in his lawsuit. Because Plaintiff's lawsuit is barred as a matter of law, all discovery, including that which has already been propounded and any that may be propounded in the future, should be stayed pending a final ruling on Defendants' Motion to Dismiss the Complaint. In the event that the Motion to Dismiss is denied, appropriate discovery may then proceed in the normal course and no prejudice will accrue to any party.

### B. The Court has Broad Discretion over Matters of Discovery, Including Authority to Stay Discovery.

The Eighth Circuit has repeatedly held that the United States District Courts have broad discretion to control matters of discovery, including regulating the timing and scope of discovery or prohibiting it altogether. The Court may exercise this discretion to preserve efficiency and to prevent annoyance, embarrassment, oppression, or undue burden or expense. *See, e.g. Mason v. Brill*, 14 Fed.Appx. 752 (8th Cir. 2001) ("We reject [plaintiff's] assertion that the district court abused its discretion in staying discovery.") *See also*, Fed.R.Civ.P. 26(c) (to protect a party from the undue burden or expense of discovery, the district court "may make any order which justice requires."). The trial court's grant of a stay of discovery will be affirmed unless it is a gross abuse of discretion. *See Steele v. Weber*, 278 Fed.Appx. 699 (8th Cir. 2008) (holding that the trial court had properly stayed discovery pending resolution of a dispositive motion and was not a "gross abuse of discretion."); *Dunlany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (holding that the District Court did not abuse its discretion in staying discovery); *Ballard v.*

*Heineman*, 548 F.3d 1132 (8th Cir. 2008) (holding that the District Court did not abuse its discretion in granting stay of discovery pending resolution of a motion to dismiss in a Section 1983 suit filed against state officials).

### C. A Stay of Discovery is Particularly Appropriate Where a Dispositive Motion is Pending and May Resolve the Case.

A stay of discovery is particularly appropriate where, as here, a dispositive motion is pending that may obviate the need for any discovery. In such cases, staying discovery promoted judicial efficiency and prevents unnecessary expenditure of time and resources by the parties. *See*, 6 Moore's Federal Practice 26.105[3][c], at 26-268, 269 ("[C]ourts can exercise an important option by staying discovery pending the outcome of a motion or other determination."). A court correctly exercises its discretion where it stays discovery until it rules on a matter of law. Where the issue is a matter of law, as with this case, no additional information or evidence is needed by the Court to rule on the dispositive motion. *Maune v. International Brotherhood of Electrical Workers*, 83 F.3d 959, 963 (8th Cir. 1996) (holding that the trial court's stay of discovery pending a ruling on a pending dispositive motion was not an abuse of discretion).

### III. CONCLUSION

For all the reasons set forth herein Defendants respectfully request that all discovery, whether already propounded or not yet propounded, be stayed, until the Court has the opportunity to rule on the pending dispositive motion. In the alternative, Defendants request that the time for responding to all discovery be extended to and including 30 days after notice of the Court's final ruling on the Defendants' Motion to Dismiss.

Respectfully submitted,

Leslie Rutledge
Attorney General


By: /s/ Amber R. Schubert
Arkansas Bar No. 09150
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Telephone: (501) 682-2081
Facsimile: (501) 682-2591
amber.schubert@arkansasag.gov

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I, Amber R. Schubert, Assistant Attorney General, do hereby certify that on January 10, 2017, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system.

I, Amber R. Schubert, hereby certify that on January 10, 2017, I mailed the document by U.S. Postal Service to the following non CM/ECF participant:

Mr. David Stebbins
123 W. Ridge St., Apt. D
Harrison, Arkansas 72601


/s/ Amber R. Schubert