IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                                                                   PLAINTIFF

v.                                              NO. 4:16-CV-545-JM

STATE OF ARKANSAS, ARKANSAS                                                         DEFENDANT
REHABILITATION SERVICES, AND
AMY JONES

BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO STAY 26(f) DEADLINES

I.      INTRODUCTION

Plaintiff David Stebbins filed his Complaint in this action alleging Defendants Amy Jones and Arkansas Rehabilitation Services ("ARS") violated his civil rights pursuant to 42 U.S.C. § 1983 and his rights under Title II of the Americans With Disabilities Act (ADA), and seeks a total of $744,537.50 in damages. Plaintiff also sued the State of Arkansas, but makes no allegations against the State of Arkansas in his Complaint. On November 10, 2016, Defendants filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, and because Plaintiff's claims are barred Eleventh Amendment sovereign immunity. On December 6, 2016, Plaintiff filed a response to Defendants' Motion to Dismiss and that motion is now pending before the Court.

On November 29, 2016, this Court entered an Initial Scheduling Order and Proposed Final Scheduling Order setting deadlines in the case, including a 26(f) conference deadline of January 18, 2017, and a 26(f) report deadline of February 1, 2017. (D.E. 22) It is unlikely that the issues raised in Defendants' Motion to Dismiss will be decided prior to the deadlines set in the Initial Scheduling Order, specifically the deadline for conducting the Rule 26(f) conference and filing the Rule 26(f) report. In the interests of judicial economy, Defendants request that the

1

Court issue an order staying the Rule 26(f) deadlines in this case until such time as the Court has ruled on the pending Motion to Dismiss.

## II. DISCUSSION

### A. The Court has Broad Discretion over Matters of Discovery, Including Authority to Stay Discovery Deadlines.

The Rule 26(f) deadlines are discovery deadlines. The Eighth Circuit has repeatedly held that the United States District Courts have broad discretion to control matters of discovery, including regulating the timing and scope of discovery or prohibiting it altogether. The Court may exercise this discretion to preserve efficiency and to prevent annoyance, embarrassment, oppression, or undue burden or expense. *See, e.g. Mason v. Brill*, 14 Fed.Appx. 752 (8th Cir. 2001) ("We reject [plaintiff's] assertion that the district court abused its discretion in staying discovery.") *See also*, Fed.R.Civ.P. 26(c) (to protect a party from the undue burden or expense of discovery, the district court "may make any order which justice requires."). The trial court's grant of a stay of discovery will be affirmed unless it is a gross abuse of discretion. *See Steele v. Weber*, 278 Fed.Appx. 699 (8th Cir. 2008) (holding that the trial court had properly stayed discovery pending resolution of a dispositive motion and was not a "gross abuse of discretion."); *Dunlany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (holding that the District Court did not abuse its discretion in staying discovery); *Ballard v. Heineman*, 548 F.3d 1132 (8th Cir. 2008) (holding that the District Court did not abuse its discretion in granting stay of discovery pending resolution of a motion to dismiss in a Section 1983 suit filed against state officials).

### B. A Stay of Discovery Deadlines is Particularly Appropriate Where a Dispositive Motion is Pending and May Resolve the Case.

A stay of discovery deadlines is particularly appropriate where, as here, a dispositive motion is pending that may obviate the need for any discovery. In such cases, staying discovery

promoted judicial efficiency and prevents unnecessary expenditure of time and resources by the parties. *See*, 6 Moore's Federal Practice 26.105[3][c], at 26-268, 269 ("[C]ourts can exercise an important option by staying discovery pending the outcome of a motion or other determination."). A court correctly exercises its discretion where it stays discovery until it rules on a matter of law. Where the issue is a matter of law, as in this case, no additional information or evidence is needed by the Court to rule on the dispositive motion. *Maune v. International Brotherhood of Electrical Workers*, 83 F.3d 959, 963 (8th Cir. 1996) (holding that the trial court's stay of discovery pending a ruling on a pending dispositive motion was not an abuse of discretion).

### C. The Posture of the Present Case Warrants a Stay of Discovery Deadlines.

In the present case, Plaintiff has brought this federal suit for money damages against state agencies and employees that are immune from suit. As demonstrated in Defendants' Motion to Dismiss and Brief in Support, the claims raised in Plaintiff's suit are all barred as a matter of law. In such circumstances, it serves the interests of fairness and efficiency that all discovery deadlines be stayed until the Court rules on Defendant's dispositive motion. A stay of discovery deadlines is particularly appropriate where, as here, Defendant contends he is entitled to immunity from Plaintiff's claims. *Moore v. Webster*, 932 F.2d 1229, 1232 (8th Cir. 1991) (holding that where a defendant claims immunity from suit, discovery should be stayed until the immunity issue can be decided.)

### III. CONCLUSION

For all the reasons set forth herein Defendant respectfully requests that this Court stay the Rule 26(f) deadlines set out in the Initial Scheduling Order until such time as the Court has ruled on the pending Motion to Dismiss

Respectfully submitted,

Leslie Rutledge
Attorney General

By: /s/ Amber R. Schubert
Arkansas Bar No. 09150
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Telephone: (501) 682-2081
Facsimile: (501) 682-2591
amber.schubert@arkansasag.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Amber R. Schubert, Assistant Attorney General, do hereby certify that on January 10, 2017, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system.

I, Amber R. Schubert, hereby certify that on January 10, 2017, I mailed the document by U.S. Postal Service to the following non CM/ECF participant:

Mr. David Stebbins
123 W. Ridge St., Apt. D
Harrison, Arkansas 72601

/s/ Amber R. Schubert