FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 17 2017

JAMES W. McCORMACK, CLERK
By: _____
                DEP CLERK

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                                                      PLAINTIFF

VS.                              CASE NO. 4:16CV00545-JM

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES                       DEFENDANTS

## SUPPLEMENT TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS & MOTION FOR SANCTIONS

Comes now, *pro se* Plaintiff David A. Stebbins, who hereby submits the following Supplementary Brief to his Response to the Defendant's Rule 12(b) Motion to Dismiss, as well as a supplementary briefing on my Motion for Sanctions.

1.      The Defendants allege that they are immune suit under the Eleventh Amendment. To support this allegation, they raise some obsolete case law from the 8th Circuit, Alsbrook v. City of Maumelle, 184 F. 3d 999 (8th Cir. 1999). This argument is frivolous because this case law has been rendered entirely worthless by the Supreme Court case of Tennessee v. Lane, 541 US 509 (2004).

2.      However, there is even more case law which supersedes the Alsbrook precedent. Just a mere two years after publishing Tennessee v. Lane, the Supreme Court revisited the statute of 42 USC § 12202. This case law is United States v. Georgia, 546 US 151 (2006).

3.      In this precedent, they re-affirmed their previous decision that this statute was indeed a valid exercise of Congress's enforcement power under the Fourteenth Amendment. However, this time, they did so on different grounds than in Tennessee v. Lane ... one that renders the logic of Tennessee v. Lane completely redundant.

4.      In Tennessee v. Lane, they argued that there was sufficient historical records and evidence

of widespread, pervasive pattern of discrimination among disabled persons to justify taking away a state's 11th Amendment immunity. In that case, they were simply disagreeing with the Eighth Circuit about the weight of evidence; whereas the 8th Circuit acknowledged the evidenced presented by Congress, but simply found that it *wasn't enough* to justify a sweeping abrogation of 11th Amendment immunity, SCOTUS in Tennessee v. Lane decided that ... oh yes it is.

5. That alone is still good enough to render Alsbrook obsolete, since anyone with even a third grade education – let alone a law degree – can tell you that Supreme Court case law trumps appellate court case law.

6. But United States v. Georgia was completely different. In this case, they argued that the historical evidence of discrimination is irrelevant, so long as the underlying conduct actually violated the Fourteenth Amendment. They even referenced the precedent of Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976), so they must have viewed this concept as black letter law.

7. In other words ... Sec. 502 of the ADA is a valid abrogation of state immunity, provided that the same underlying actions are equally cognizable under 42 USC § 1983, the default statute for adjudicating constitutional violations.

8. So that begs the question ... have I alleged actions in this case that simultaneously amount to a § 1983 claim? If we can answer that question with a "yes," then their arguments of sovereign immunity and their reliance on Alsbrook are rendered entirely irrelevant, let alone nonfrivolous.

9. Unquestionably, I have alleged conduct that is equally cognizable as a § 1983 claim. Indeed, I am simultaneously suing Amy Jones for a count of First Amendment retaliation for the exact same decision that also forms the basis of my two ADA claims, so to argue that it is not equally cognizable as a § 1983 claim is laughable to say the least.

10. Because my complaint is equally cognizable as a § 1983 claim, that means that the actions complained about "actually violate" the Fourteenth Amendment.

11. Therefore, by relying on Alsbrook to support their argument of sovereign immunity, the Defendants have completely missed the boat. Not only has that precedent explicitly contradicted by the SCOTUS case of Tennessee v. Lane, but its logic is rendered entirely moot by the SCOTUS case of US v. Georgia.

12. Their claims of immunity were already frivolous to begin with, for the reasons I have already discussed in the Motion for Sanctions. But this case law gives the argument double frivolousness. If sanctions were not appropriate before, they certainly are now.

Wherefore, premises considered, I respectfully request that the Defendants' Motion to Dismiss be denied, that they be sanctioned for their frivolous attempt at delaying proceedings with a legal defense they know full well to lack merit, award costs incurred, and any other relief to which I may be entitled.

David Stebbins
123 W. Ridge St., APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

## CERTIFICATE OF SERVICE

I, *pro se* Plaintiff David Stebbins, served the Defendants with a copy of this Supplementary Briefing by allowing them to view it on PACER, per the local rules.

David Stebbins
123 W. Ridge St., APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com