UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS

VS.   CASE NO. 4:16CV00545-JM

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES   DEFENDANTS

### MOTION FOR LEAVE TO AMEND COMPLAINT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion for Leave to Amend Complaint in the above-styled action.

1. There are no restrictions on the amount of times I may amend a complaint, as long as I receive judicial approval to do so. Generally, courts are willing to allow the amendment of pleadings if it would not substantially prejudice the other party. Since this case is going to require a brand new scheduling order (see the recently-filed "Motion to Reset Scheduling Order" for details), any potential for prejudice is inapposite. It is as if the case has just begin.

2. I wish to sue the defendants the State of Arkansas and Arkansas Rehabilitative Services for a violation of the Rehabilitation Act.

3. The factual allegations for this new complaint are the same as those in the original Complaint and Jury Demand (Doc. 2) in the above-styled action.

4. The legal standards are also the same. See Gorman v. Bartch, 152 F. 3d 907, 912 (8th Cir. 1998) ("The ADA has no federal funding requirement, but it is otherwise similar in substance to the Rehabilitation Act, and 'cases interpreting either are applicable and interchangeable.'").

5. I also request the same relief, both injunctive relief and damages, including the punitive damages requested in Paragraph 63 of the original Complaint and Jury Demand.

6. This effectively allows us to simply pick up exactly where we left off. No adjustments to

the case or schedule would be necessary, unlike the other "Motion for Leave to Amend Pleadings and for Joinder of Parties" that is being filed simultaneously with this motion, which, if granted, would require the bringing in of new parties. This Amended Complaint, however, would change very little (but not nothing) about the landscape of this case.

7.    Of course, if adding the Rehabilitation Act to this case would do nothing to change the landscape of the case, I of course would not be seeking to do it! Obviously, there is a strategic benefit to adding this into the case.

8.    That strategic benefit is ... eliminating any arguable basis for 11th Amendment immunity. See, in issuing his Recommended Partial Disposition (Doc. 55), Magistrate Judge J. Thomas Ray says outright that there is still a "pending sovereign immunity issue." See Page 18 of Doc. 55.

9.    As I stated in the sister motion, the Rehabilitation Act makes this point an entirely moot point. Because one must accept federal funding before you are bound by the Rehabilitation Act in the first instance, any 11th Amendment immunity or qualified immunity the government may or may not enjoy is freely and voluntarily waived. See Doe v. Nebraska, 345 F. 3d 593 (8th Cir. 2003).

10.   This would quickly, cleanly, and efficiently eliminate the question of 11th Amendment immunity and make this exclusively a case of whether the defendants retaliated and discriminated against me! It would therefore significantly reduce the number of man-hours of labor this Court would have to expend adjudicating complex legal questions. The Court can then pass those savings onto the taxpayers.

11.   Now I know what both the Court and the Defendants are thinking right now: That's all fine and good, except for one problem: By the plaintiff's own admission, the Rehabilitation Act is inapplicable in the first instance unless the defendants are recipients of federal funding!

12. Not to worry, because the Defendants are indeed recipients of federal funding! In fact, just like with the simultaneously-filed Motion for Joinder of Parties, the Court can take judicial notice that the Defendants are recipients of federal funding!

13. The Court can take judicial notice that every college and university that is owned and operated by the State of Arkansas receives federal FAFSA funds to assist its students in paying for their college educations. This means that the State of Arkansas is bound by the Rehabilitation Act when dealing with any current or prospective college students.

14. I also wish to allege that the Arkansas Rehabilitation Service is also a recipient of federal funding. I will be able to find evidence to either support or rebut this assumption during discovery in this case. However, even if ARS ends up not being a recipient of federal funding, its parent company the State of Arkansas is. That one defendant is all I need to trigger the applicability of the Rehabilitation Act and accomplish what I am currently trying to do, which is eliminate any questions of sovereign immunity.

15. According to AR Local Rule 5.5(e), a pro se litigant is expressly exempt from the requirement of filing an Amended Complaint that is separate from the motion for leave to amend. Therefore, is this motion is granted, I will let this document stand-in as the Amended Complaint.

16. Wherefore, premises considered, I respectfully request that I be allowed to make this amendment to the pleadings. So requested on this, the 2nd day of August, 2017.

*David Stebbins*

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com