IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                                                 PLAINTIFF

v.                                   NO. 4:16-CV-545-JM

STATE OF ARKANSAS, ARKANSAS                                           DEFENDANT
REHABILITATION SERVICES, AND
AMY JONES

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AND FOR SANCTIONS (D.E. 63)**

Come now the Defendants, the State of Arkansas, Arkansas Rehabilitation Services ("ARS"), and Amy Jones, by and through their attorneys, Attorney General Leslie Rutledge and Senior Assistant Attorney General Christine A. Cryer, and for their Response in Opposition to Plaintiff's Motion to Strike and for Sanctions, state as follows:

1. The statements offered in Paragraph 1 (a)(i – iii) on p. 1 are directed to this Court and not the defendants; therefore, no response is required from the defendants. However, to the extent that any response is required, defendants deny same.

2. The statements offered in paragraph 1(b)(i – xi) on pp. 2 – 3 are also directed to this Court and not the defendants; therefore, no response is required from the defendants. However, to the extent that any response is required, defendants deny same.

3.  The statements offered in paragraph 2 on p. 3 are not directed to anyone; therefore, no response is required from the defendants. However, to the extent that any response is required, defendants deny same.

4.  Defendants admit that on August 7, 2017, the filed an Answer to Plaintiff's Complaint (DE 61), in which they, pursuant to Fed.R.Civ.P. 8(c) affirmatively pled a number of affirmative defenses. The remainder of the allegations contained in paragraph 3 of the motion are denied.

5.  Defendants admit, as alleged in paragraph 4 of the motion, that the defendants' timely and proper affirmative defenses raised in their Answer were set out in paragraphs 25 – 35 of their Answer (DE 61).

6.  Defendants admit that plaintiff has correctly quoted from Fed.R.Civ.P. 12(f); however, deny the quote is complete, or that it applies in this situation. Defendants deny plaintiff is entitled to the relief he is seeking in paragraph 5 of his motion.

7.  Defendants deny the allegations stated in paragraph 6 of the motion.

8.  The statements offered in paragraph 7 of the motion do not call for a response from the defendants. However, to the extent that any response is required, defendants deny same.

9.  Defendants deny plaintiff is entitled to the relief sought in paragraph 8 of the motion.

Rule 8(c) of the Federal Rules of Civil Procedure establishes the requirement that all affirmative defenses be pleaded and establishes a non-exhaustive list of what defenses fall within the scope of that pleading requirement:

> In responding to a pleading, a party affirmatively state any avoidance or affirmative defense including:
> - accord and satisfaction,
> - arbitration and award,
> - assumption of risk,
> - contributory negligence,
> - duress,
> - estoppel,
> - failure of consideration,
> - fraud,
> - illegality,
> - injury by fellow servant,
> - laches,
> - license,
> - payment,
> - release,
> - res judicata,
> - statute of frauds,
> - statute of limitations, and
> - waiver.

Fed.R.Civ.P. 8(c); *see also Sayre v. Musicland Group, Inc.,* 850 F.2d 350, 353 (8th Cir.1988) (noting that there are nineteen[1] enumerated affirmative defenses, but that the list is "non-exhaustive," as it also includes "any other matter constituting an avoidance or affirmative defense"); *accord Brunswick Leasing Corp. v. Wisconsin Central, Ltd.,* 136 F.3d 521, 530 (7th Cir.1998) ("Fed.R.Civ.P.8(c) provides that 'a party shall set forth affirmatively [various enumerated defenses] *and any other matter constituting an avoidance or affirmative defense,*' " with emphasis supplied by that court).

---

[1] Discharge in bankruptcy is no longer listed as an affirmative defense.

3

Thus, an affirmative defense within the meaning of Rule 8(c) must " 'generally be pled or else [it] may be waived.' " *Stephenson v. Davenport Community Sch. Dist.,* 110 F.3d 1303, 1307 n. 3 (8th Cir.1997) (quoting *Bechtold v. City of Rosemount,* 104 F.3d 1062, 1068 (8th Cir.1997)); *Gray v. Bicknell,* 86 F.3d 1472, 1480 (8th Cir.1996) (an affirmative defense must be "raised in the pleadings or [it is] waived"); *accord Brunswick Leasing Corp.,* 136 F.3d at 530 ("As a general matter, an affirmative defense that is not timely pleaded is waived."); *Harris v. Secretary, U.S. Dep't. of Veterans Affairs,* 126 F.3d 339, 343 (D.C.Cir.1997) ( "the language of Rule 8(c) itself requires that [an affirmative defense] be raised affirmatively in 'a pleading to a preceding pleading,' " quoting Rule 8(c), and noting that "[a]lthough the Rules do not explicitly mention waiver or forfeiture as the consequence of failure to follow Rule 8(c), it is well-settled that '[a] party's failure to plead an affirmative defense ... generally "results in the waiver of that defense and its *exclusion from the case,*" ' " quoting *Dole v. Williams Enters., Inc.,* 876 F.2d 186, 189 (D.C.Cir.1989), with emphasis in that decision, in turn quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1278 (1990)); *Cooperative Fin. Ass'n, Inc. v. Garst,* 917 F.Supp. 1356, 1385 (N.D.Iowa 1996).

10.    The purpose of the pleading requirement for affirmative defenses in Rule 8(c) "is to give the opposing party notice of the plea of [the affirmative defense] and a chance to argue, if he can, why the imposition of [the affirmative defense] would be inappropriate." *Blonder–Tongue Lab. v. University of Illinois Found.,* 402 U.S. 313, 350, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971) (discussing the enumerated

4

affirmative defense of estoppel); *Brunswick Leasing Corp.,* 136 F.3d at 531 ("the purpose of Rule 8(c) 'is to avoid surprise and undue prejudice to the plaintiff by providing [it] notice and the opportunity to demonstrate why the defense should not prevail,' " quoting *Venters v. City of Delphi,* 123 F.3d 956, 968 (7th Cir.1997)); *Harris,* 126 F.3d at 343 (finding the rationale of *Blonder–Tongue* also applicable to the pleading of the enumerated affirmative defense of statute of limitations). This rationale is particularly applicable to affirmative defenses "where a party may require notice and time not only to frame legal arguments, but to establish relevant facts that might affect the applicability of the [affirmative defense]." *Harris,* 126 F.3d at 343.

11.  Defendants are entitled to move for the dismissal of any/all claims against them pursuant to one of the affirmative defenses raised in their Answer. The discovery process has just begun and the defendants are working to determine whether one or more of the affirmative defenses raised in their Answer could be dispositive of some or all of the claims.

12.  Plaintiff is asking this Court to rule that the defendants should not have an opportunity to properly investigate the claims against them and to defend them and essentially ignore the very purpose of Fed.R.Civ.P. 8(c).

13.  Defendants strenuously object to plaintiff's motion.

WHEREFORE, Defendants respectfully request this Court deny Plaintiff's motion, and for any and all other just and proper relief to which they may be granted.

        Respectfully submitted,

        Leslie Rutledge
        Attorney General

By:   /s/ Christine A. Cryer
       Christine A. Cryer
       Arkansas Bar No. 2001082
       Sr. Assistant Attorney General
       323 Center Street, Suite 200
       Little Rock, Arkansas 72201
       Telephone: (501) 683-0958
       Facsimile:  (501) 682-2591
       Christine.cryer@arkansasag.gov

## **CERTIFICATE OF SERVICE**

I, Christine A. Cryer, Senior Assistant Attorney General, do hereby certify that on August 31, 2017, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system.

I, Christine A. Cryer, hereby certify that on August 31, 2017, I mailed the document by U.S. Postal Service to the following non CM/ECF participant:

Mr. David Stebbins
123 W. Ridge St., Apt. D
Harrison, Arkansas 72601

       /s/  Christine A. Cryer