UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                                            PLAINTIFF

VS.                       CASE NO. 4:16CV00545-JM

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES            DEFENDANTS

## OBJECTION TO [069] ORDER GRANTING [068] MOTION FOR EXTENSION OF TIME AND MOTION TO ADJUST SCHEDULING ORDER

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Objection to Doc. 69, the Magistrate Judge's Order Granting Doc. 68, the Defendant's Motion for Extension of Time to respond to Discovery.

1. First and foremost, this was an ex parte motion. The Magistrate Judge issued a ruling on a motion before I even had the *chance* to submit a response to that motion. By now, you will have gotten my response in the mail, but it is not going to be delivered to the Clerk's office until *at least* one day later. It's not like I have ECF access!

2. This is a flagrant violation of my constitutional rights. It is common knowledge that ex parte communications between one party and the court are not allowed except in very specific circumstances where statute expressly permits them. See Canon 3(A)(4) of the Code of Conduct of United States Judges. A motion for extension of time to perform ANY function – discovery-related or otherwise – is not included among the motions that may be considered ex parte.

3. If you want to argue that the motion was extremely time-sensitive and had to be ruled on immediately or else defeat the whole purpose of the motion in the first place, my argument there is two-fold:

     a) First, it's the Defendant's fault it came to that. They obviously would have known,

well ahead of time, that they would not be able to complete discovery in the allotted time. If they had 30 days to complete their discovery responses, and it was currently Day 15, and they were only 25% completed with their responses, they would have known it would take 60 days to complete. If they did not file their motion when they had the chance, they have no one to blame but themselves.

b) The Magistrate Judge had a list of alternate remedies an arm long to prevent any prejudice from happening, including but not limited to A) allowing me, just this once, to send the motion via email, B) setting up an over-the-phone hearing between me and the defense counsel, and C) waiting at least *one measley day* to see if a response might arrive in the mail from me (or at the very least, waiting until the mail has run for that day to see if a response from me is included). I should not have my constitutional rights stepped all over just because the Court is too lazy to do any of these things.

4. Second, the order was issued with no explanation. I have made it abundantly clear in multiple filings in this case that failure to attach any explanation whatsoever is an automatic abuse of discretion. I should not have to copiously cite again the abundance of case law I have already cited numerous times.

5. At best, you could argue that the dispute in this motion was so cut-and-dry that any explanation would just be redundant of what everyone already knows. However, my Response to this Motion (which has since been uploaded to PACER) clearly shows that this is not the case; I have offered several counter-arguments in that case that, even if they are without merit, still need to be addressed. If the Magistrate Judge wants to argue that he did not know about those issues and thus *couldn't* address them, then my argument about it being an ex parte motion (contained in Paragraphs 1-3 of this Objection) are hereby incorporated by reference. Nearly any motion can

appear to be an open-and-shut case when the nonmovant is not allowed to offer any arguments against it.

6. For both of these reasons and more, the order of the Magistrate Judge should be overturned.

7. The scheduling order should be adjusted to account for cutting into my discovery time. I have been heavily prejudiced by this order and I deserve to have the scheduling order adjusted to accommodate this prejudice.

So requested on this, the 28th day of August 2017.

/s/ David Stebbins<br>
David Stebbins<br>
123 W. Ridge St.,<br>
APT D<br>
Harrison, AR 72601<br>
870-204-6516<br>
stebbinsd@yahoo.com