UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                                PLAINTIFF

VS.                        CASE NO. 4:16CV00545-JM

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES              DEFENDANTS

## STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF SECOND MOTION FOR SUMMARY JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Statement of Undisputed Facts in Support of my Second Motion for Summary Judgment.

**UNDISPUTED FACT NO. 1 – I have several disabilities, including but not limited to Aspergers and Depression.**

- See Exhibit 1, Answer to Requested Admission No. 1

**UNDISPUTED FACT NO. 2 – I have filed several ADA discrimination lawsuits in the past, which the Defendants were aware of.**

- See Exhibit 1, Answers to Requested Admissions Nos. 2 & 3.

**UNDISPUTED FACT NO. 3 – I applied for ARS funding to attend college at Arkansas Tech University on December 1, 2015.**

- See Exhibit 2
- See also Exhibit 1, Answer to Requested Admission No. 4.

**UNDISPUTED FACT NO. 4 – On December 15, 2015, licensed psychological examiner Leslie Johnson issued a recommendation that I be determined ineligible for ARS assistance, in part because of my statutorily protected activities, and in part because I have symptoms that she believes could, in some vague, unspecified ways, interfere with my vocational**

Notice how, in the section titled "assessment problems or questions to be addressed," it says "recommendation regarding feasability of training/VR services." Therefore, these notes were almost certainly what Dr. Johnson used to reach the recommendation spoken of in Undisputed Fact No. 4.

However, notice how, near the bottom, there is a space for the doctor to discuss what accommodations are needed. However, this space is left entirely blank, thus proving (unless the Defendant can show rebuttal evidence; but it is up to them to show said rebuttal evidence) that accommodations were not considered. Since ti is equally undisputed that the psychologist did not examine me in person, that means that I was never given the opportunity to pitch my own ideas about what accommodations could enable me to succeed in the classroom/workforce.

- See also Exhibits 1 & 7. These two exhibits, in tandem, prove that no accommodations were ever considered.

In Exhibit 1, the Defendants denied Requested Admission No. 9. In other words, they claimed that they considered whether any reasonable accommodations would help me overcome my lack of eligibility.

We now turn to Exhibit 5. Requests for Production Nos. 67-84 asked the Defendant to show proof that the Requested Admissions were each false. This was done to ensure that they could not deny a fact that they knew to be true; they had to back up their denials with evidence if they had them.

In their responses to Requests for Production Nos. 71, 72, 73, 74, 77, 78, the Defendants merely defer me to the documents produced in response to Request for Production No. 1. However, in response to Request for Production No. 75, the Defendants object to the request for production without deferring me to the documents produced in response to Request for

(because that's what my "medical and psychological reports" would have shown) were at least one factor in their decision to refuse to give me any funding (you can call that decision a denial; you can call it a finding of ineligibility; you can call it a hot dog for all I care. It was still an adverse action). Even if other factors might have also been used (such as my alleged interactions with the staff that they considered to be inappropriate and hostile), my disabilities and symptoms were still one of those factors.

**UNDISPUTED FACT NO. 8 – The Defendants are only just now attempting to create another excuse for the denial of funding, by stating that my interactions with them were inappropriate and hostile.**

- See Exhibit 9, Answer to Interrogatory No. 2.
- See also Exhibits 10-16

**UNDISPUTED FACT NO. 9 – There is a 99.99999999% chance that the complaints about the inappropriate behavior were only created recently as a pretextual excuse, and were not originally factors in the denial of funding.**

- See Doc. 16, Defendants' Brief in Support of Motion to Dismiss.

You will notice *__at no point__* in that entire Brief do the Defendants ever make even the slightest reference to my supposed inappropriate and/or hostile interactions with the ARS staff. Instead, to the extent they addressed the merits of the Complaint and Jury Demand, they focused *exclusively* on their assertion that my symptoms and disabilities were all the justification they needed to deny me funding.

- See also Doc. 28, Defendant's Response to Plaintiff's First Motion for Partial Summary Judgment.

This pleading repeats the same sentiments as Doc. 16, and containing just as little

excuse (namely ... the threat of liability because their original excuse is not good enough).

However, even if this excuse is not pretextual, even if it was not completely made up after the Court declared their original excuse to be legally insufficient, it still does not protect the Defendants for reasons I will get into in Section III, Sub-Section 6 of the Brief.

**UNDISPUTED FACT NO. 10 – The average annual salary in the United States for a person with a bachelor's degree in the field of computer and information technology for the year 2016 – the most recent year for which statistics are available – is $89,685.71 per year, or $1,724.73 per week.**

- See Exhibit 18.

Although this article gives an estimate of $82,860 per year, it is important to note that this average includes career fields that are not relevant in this case.

Ten career fields are listed. However, one of them - "Computer and Information Research Scientists" - requires a graduate degree. The ARS almost certainly does not provide funding for graduate degrees. Another career field - "web developers" - requires an associates degree. If I am entitled to any relief at all in the case, I would, at minimum, be entitled to have ARS pay for a bachelor's degree, since that is what I was applying to do in the first place. So we can safely omit that career. A third career field - "Computer Support Specialists" - has a unique entry requirement that is not related to a college degree. Because I was applying for assistance in pursuing a college degree, we can omit that career field from our calculations as well.

This leaves us with seven (7) career fields – Computer Network Architects, Computer Programmers, Computer Systems Analysts, Database Administrators, Information Security Analysts, Network and Computer Systems Administrators, and Software Developers – that require a bachelor's degree to enter.

**workforce.**

Again, no exhibit is being attached, because I believe this is common knowledge. I believe it is even more common knowledge than the importance of math to computer science! Public schools constantly hammer into students' minds the importance of getting an education; they constantly repeat the sentiment that the higher your education the more money you will make.

Even when the education is not quid pro quo conditional on the job you get, the quality of your education is still directly proportionate to your level of income. For example, those who graduate high school but don't have a college degree consistently make more than those who are high school dropouts, even though, unlike a college degree, a high school diploma is not quid pro quo conditional to getting any particular job.

Maybe you could argue that this is more an indirect correlation. For example, maybe these people dropped out of high school because they were lazy bums who don't want to do work, and this refusal to work directly translates into poor wages as an adult.

But that still supports my case. Even if we accept a high school diploma as evidence of a strong work ethic, that still is half of what it takes to become successful in the workforce!

**UNDISPUTED FACT NO. 14 - I am automatically qualified for ARS funding if I receive Supplemental Security Income (SSI).**

- See Exhibit 3, Page 2

    "Social Security Disability Income (SSDI) beneficiaries and Supplemental Security Income (SSI) recipients are considered to be individuals with a significant disability (Category II) and presumed eligible for VR services, if the intent of the individual is to achieve an employment outcome."

6. ... any other relief the Court finds appropriate.

So requested on this, the 26th day of September, 2017.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com