US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

OCT 19 2017

DOUGLAS F. YOUNG, Clerk
By
                Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                          PLAINTIFF

VS.                CASE NO. 3:17-cv-03092

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES           DEFENDANTS

## MOTION AND INCORPORATED BRIEF IN SUPPORT THEREOF FOR SANCTIONS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion for Sanctions in the above-styled action.

1. On October 12, 2017, the Defendants filed their Response in Opposition to my Second Motion for Summary Judgment. See Docs. 84-87.

2. The Brief in Support of their Response in Opposition – filed as Doc. 85 – contains not one, but two arguments that are patently frivolous.

### Pages 10-19 of Doc. 85

3. The first frivolous argument they raised is in Pages 10-19 of that Brief. They have essentially repeated, verbatim, the exact same arguments they raised in their motion to dismiss a year ago. As I pointed out in my Reply to that Brief, they even went as far as to use the exact same sentences, word-for-word.

4. In fact, they probably just copied and pasted the corresponding section of their Brief in Support of Motion to Dismiss (Doc. 16) wholesale. This is best evidenced by Page 16, Line 5 of the Brief in Support of Response in Opposition to Motion to Dismiss. In that line, they use the phrase "open confession," and put that phrase in quotation marks, suggesting that I am the original author of those two words. However, those two words do not appear anywhere in my Second Motion to Dismiss, Brief in Support Thereof, or Statement of Undisputed Facts in

Support Thereof. Those two words *did* appear in my Complaint and Jury Demand[1], so it made sense to include it in their Motion to Dismiss. This seems to suggest that the Defendants just copied-and-pasted the corresponding section of their Brief in Support of Motion to Dismiss without any regard as to whether it even made sense in its new context.

5.  However, even if that is what the Defendants did, that is not what makes that section of Doc. 85 frivolous. What makes it frivolous is that their arguments are barred by res judicata.

6.  Maybe "res judicata" is not the exact term to use. However, the same principles behind res judicata – re-raising the exact same claims against an opposing party after a court of competent jurisdiction has already ruled on them – are present here, and it is upon these principles which this section of Doc. 85 is frivolous.

7.  Their Motion to Dismiss was denied, except for a single part of the original complaint. See Doc. 55. This order adopted a Recommended Partial Disposition from a magistrate judge, which is filed as Doc. 51. There, the Magistrate Judge explicitly rejected the Defendants' legal arguments.

    (a)  "In ADA cases, rather than simply deferring to an entity providing the service in question and deeming its eligibility rules to be 'sacrosanct,' a reviewing court must undertake an independent analysis of the importance of an eligibility requirement for a public program or benefit." Doc. 51, Page 12.

    (b)  "It is inconsistent with the ADA to elevate the unilateral approval of the entity accused of discrimination to the status of an essential eligibility requirement." Doc. 51, Pages 12-13.

    (c)  "[I]n determining whether Stebbins is a 'qualified individual with a disability' for Title

---

[1] See Doc. 2, Paragraph 25: "Thus, the Defendants have **_openly confessed_** to denying Plaintiff access to government services ... "

II purposes, the Court is not bound by Defendant ARS's determination that he was not 'qualified' to receive benefits." Doc. 51, Page 13.

8. These conclusions of law were adopted in their entirety by the then-standing district judge. See Doc. 55. Therefore, they are binding on the Defendants unless and until they are overruled by the Court of Appeals.

9. That is what makes this section of Doc. 85 frivolous. They are simply repeated the same tired old arguments that have already been put to rest.

10. This is a patent violation of Fed.R.Civ.P. 11(b)(2). See Crain v. CIR, 737 F. 2d 1417 (5th Cir. 1984), holding that it is frivolous to "persistently raise arguments ... which have been put to rest." *Id* at 1418.

11. I therefore ask the Court to assess fines and costs against the Defendants for raising this patently frivolous argument (which is frivolous because it has already been rejected in this case). Fed.R.Civ.P. 11 makes sanctions mandatory when its terms have been violated. See O'CONNELL v. Champion Intern. Corp., 812 F. 2d 393, 395 (8th Cir. 1987) ("Rule 11 makes sanctions mandatory when a violation of the Rule occurs").

**Pages 20-21 of Doc. 85**

12. The next section which is frivolous is the section where the Defendants attempt to argue that the second essential element of a claim of First Amendment Retaliation is not satisfied, simply by reason of the fact that my litigation has continued after the adverse action.

13. Although they accurately state that my litigation has not come to a halt since the adverse action, the frivolousness of their argument lies in the argument that this even matters at all.

14. In Paragraphs 59-66 of my Reply to this Brief, I debunked this argument eleven ways to Sunday, citing not one, not two, but three case laws (two of which were from the 8th Circuit)

explaining that the Defendants' position is without merit.

15. But okay, maybe that was just an oversight on their part. Maybe they skimmed over the case law to find anything of substance, and the two 8th Circuit cases I mentioned were just inadvertently overlooked.

16. Well then ... what about the case law the Defendants themselves cited?! The case of Revels v. Vincenz, cited by the Defendants in support of their position, clearly states that the second essential element for First Amendment Retaliation is that "the government official took adverse action against him that would chill *a person of ordinary firmness* from continuing in the activity." Emphasis added.

17. This essential element, on its face, purports to act independently of the individual plaintiff's conduct. Even if we assume, for the sake of argument, that a person's speech is only "chilled" if it is indeed completely silenced (which is absurd in and of itself), no reasonable person could possibly look at the language of that essential element and think to himself "the plaintiff himself has to have his speech chilled."

18. Therefore, the Defendants' arguments are frivolous.

19. I therefore ask the Court to assess fines and costs against the Defendants for raising this patently frivolous argument. Fed.R.Civ.P. 11 makes sanctions mandatory when its terms have been violated. See O'CONNELL v. Champion Intern. Corp., 812 F. 2d 393, 395 (8th Cir. 1987) ("Rule 11 makes sanctions mandatory when a violation of the Rule occurs").

### Conclusion

20. I would like this Court to respectfully remember that it cannot issue a ruling without giving an explanation. I have already provided a ton of case law showing that in the beginnings of my Replies to the Defendants' Response in Opposition, so I do not need to repeat it here.

However, if this Court wants to find that the Defendants' arguments were not frivolous so it has an excuse not to have to sanction his buddy-buddy, it must give specific findings of fact and conclusions of law justifying its determination.

Wherefore, premises considered, I respectfully request that this Motion for Sanctions be granted. So requested on this, the 18th day of October, 2017.

/s/ David Stebbins

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-240-6561
stebbinsd@yahoo.com