US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

OCT 19 2017

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                              PLAINTIFF

VS.                 CASE NO. 3:17-cv-03092

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES              DEFENDANTS

### REPLY TO [086] RESPONSE IN OPPOSITION TO STATEMENT OF UNDISPUTED FACTS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Reply to Doc. 85, the Defendant's Statement of Disputed Facts.

Undisputed Facts Nos. 1, 2, 3, 5, and 7 have been admitted by the Defendants. Therefore, no reply is necessary.

The Defendants make no mention at all in response to Undisputed Facts Nos. 15 and 16. Therefore, these facts are presumed admitted by the Defendants pursuant to AR Local Rule 56.1.

With that said, on to the facts the Defendants have attempted to controvert.

**UNDISPUTED FACT NO. 4: On December 15, 2015, licensed psychological examiner Leslie Johnson issued a recommendation that I be determined ineligible for ARS assistance, in part because of my statutorily protected activities, and in part because I have symptoms that she bleieves could, in some vague, unspecified ways, interfere with my vocational rehabilitation.**

Despite the Defendant's denial, this fact is still undisputed in my favor. The Defendants are only just now mentioning a "history of physical aggression" that supposedly played a role in their adverse actions. However, if the contents of their Brief (Doc. 84) are still to be believed, then the Defendants have nevertheless conceded that my symptoms were still one of the factors in their adverse action. Accepting that my alleged "history of physical aggression" was also a motive does no more to help the Defendants' case than their mention of my supposedly hostile behavior with them over the phone. Unless they maintain that they would have made the same

decision without the impermissible factors, it does not save them and that's all there is to it.

The bottom line is that the Defendants have used my symptoms and disabilities as at least one of their reasons for denying me ARS services. Even if they come up with three dozen other excuses for their adverse action, the fact remains that A) my symptoms and disabilities were one of the reasons, and B) the Defendants were willing to re-evaluate my application if the symptoms were eliminated (meaning they are not entitled to an *Doane* reduction of the damages).

**UNDISPUTED FACT NO. 6: While forming the recommendation spoken of in Undisputed Fact No. 4, Dr. Leslie Johnson never considered whether any reasonable accommodations would allow me to overcome any real or perceived deficiencies.**

Despite the Defendant's denial, this fact is still undisputed in my favor.

Even if we assume, for the sake of argument, that the insistence that I obtain therapy before (as opposed to ... simultaneously alongside) entering college was their attempt at a reasonable accommodation, it is chronically deficient.

Reasonable accommodations are an interactive process. The defendant is required to communicate with me regarding a potential accommodation or set of accommodations. See https://www.eeoc.gov/eeoc/internal/reasonable_accommodation.cfm#C, a webpage that outlines the process for setting up an accommodations plan. Section II(C) – named "The Interactive Process" – clearly states ...

> "After a request for accommodation has been made, the next step is for the parties to begin the interactive process to determine what, if any, accommodation should be provided. This means that the individual requesting the accommodation and the [Defendant] must communicate with each other about the request, the precise nature of the problem that is generating the request, how a disability is prompting a need for an accommodation, and alternative accommodations that may be effective in meeting an individual's needs."

By the Defendant's own admission, they did not examine me personally. Therefore, there was never any opportunity for them to fulfill this step of the accommodations process.

Therefore, the Defendants still have not provided reasonable accommodations.

**UNDISPUTED FACT NO. 8: The Defendants are only just now attempting to create another excuse for the denial of funding, by stating that my interactions with them were inappropriate and hostile.**

Despite the Defendant's denial, this fact is still undisputed in my favor. The Defendants' blanket denials of the facts does not count as rebuttal evidence. See Conseco Life Ins. Co. v. Williams, 620 F. 3d 902, 909-910 (8th Cir. 2010)

> "When the movant makes a prima facie showing of entitlement to a summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact ... The nonmoving party may not rest on mere allegations or pleading denials, but must come forward with specific facts showing that there is a genuine issue for trial." (internal citations and quotations omitted).

The Defendants have not come forth with specific facts to rebut this undisputed fact, instead opting to make summary reference to various groups of documents, without even telling us exactly which documents they are referring to ... only giving such broad language as "documents provided by Plaintiff," and "Client Contact Notes" and other suchlike vague categories of documents. This does not count as "coming forth with specific facts."

Therefore, this fact is still undisputed in my favor, by reason of AR Local Rule 56.1(c).

**UNDISPUTED FACT NO. 9: There is a 99.999999999% chance that the complaints about the inappropriate behavior were only created recently as a pretextual excuse, and were not originally factors in the denial of funding.**

Despite the Defendant's denial, this fact is still undisputed in my favor. The Defendants' blanket denials of the facts does not count as rebuttal evidence. See Conseco Life Ins. Co. v. Williams, 620 F. 3d 902, 909-910 (8th Cir. 2010)

> "When the movant makes a prima facie showing of entitlement to a summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact ... The nonmoving party may not rest on mere allegations or pleading denials, but must come forward with specific facts showing that there is a genuine issue for trial."

(internal citations and quotations omitted).

The Defendants have not come forth with specific facts to rebut this undisputed fact, instead opting to make summary reference to various groups of documents, without even telling us exactly which documents they are referring to ... only giving such broad language as "documents provided by Plaintiff," and "Client Contact Notes" and other suchlike vague categories of documents. This does not count as "coming forth with specific facts."

Moreover, this fact concerns the authenticity of various documents provided by the Defendant. This means that, to rebut this undisputed fact, the Defendants must show *authetication* evidence, under Federal Rule of Evidence #901. The Defendants have not provided any such evidence. These documents they refer to are not self-authenticating under Federal Rule of Evidence #902. Therefore, authentication evidence must be provided, and it has not been provided.

Therefore, this fact is still undisputed in my favor, by reason of AR Local Rule 56.1(c).

**UNDISPUTED FACT NO. 10: The average annual salary in the United States for a person with a bachelor's degree in the field of computer and information technology for the year 2016 - the most recent year for which statistics are available - is $89,685.71 per year, or $1,724.73 per week.**

Despite the Defendant's denial, this fact is still undisputed in my favor. The Defendants' blanket denials of the facts does not count as rebuttal evidence. See Conseco Life Ins. Co. v. Williams, 620 F. 3d 902, 909-910 (8th Cir. 2010)

> "When the movant makes a prima facie showing of entitlement to a summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact ... The nonmoving party may not rest on mere allegations or pleading denials, but must come forward with specific facts showing that there is a genuine issue for trial." (internal citations and quotations omitted).

Therefore, this fact is still undisputed in my favor, by reason of AR Local Rule 56.1(c).

**UNDISPUTED FACT NO. 11: I have earned good grades in college, particularly in the field of mathematics.**

Despite the Defendant's denial, this fact is still undisputed in my favor. The Defendants are attempting to rebut this argument by saying that, when I was enrolled at North Arkansas College, I withdrew from 9 classes. This does not prove that I did not earn good grades, however. Indeed, of the classes they admit I completed, 70% of those classes were A's and B's.

Merely withdrawing from a class is not proof that I cannot be in school. There are an infinite number of reasons why I might have withdrawn from those classes that do not prove that I am *incapable* of being in school. Maybe I withdrew because there were some personal things going on in my life at the time I had no control over! Ever thought of that?

Indeed, there is clear evidence that I *can* be in school, even when I did withdraw from classes! As you can see from Plaintiff's Exhibit 18, I took Human Relations in the Spring 2009 semester and withdrew from that class. Then, I took the class again in the Fall 2009 semester, where I made an A in the class!

In fact, I believe (although it has admittedly been several years) actually made a *perfect 100* the second time I took the class, although the transcript does not show that!

So clearly, withdrawing from a class is not an automatic indicator that I cannot be in school.

Therefore, this fact is still undisputed in my favor.

**UNDISPUTED FACT NO. 12: Computer science will require nearly half of my courses to be mathematics.**

Despite the Defendant's denial, this fact is still undisputed in my favor. This is judicially noticeable. See

https://www.atu.edu/catalog/undergraduate/colleges/applied_sciences/comp_info_sci/comp_sci.php:

"Mathematics and engineering courses supplement a strong core of computer science courses"

Therefore, the fact is still undisputed in my favor.

**UNDISPUTED FACT NO. 13: Success in school is directly indicative of the success in the workforce.**

Despite the Defendant's denial, this fact is still undisputed in my favor. The Defendants have repeatedly admitted that they have no evidence that I cannot enroll in college, complete my coursework, and obtain gainful employment after graduating. They only deny it because to admit otherwise would cause them to be held liable. See Doc. 78, Paragraph 7: "In his Complaint, Stebbins alleges he is capable of attending school, completing his coursework, and becoming a productive employee in the workforce. Defendants do not currently know this to be true or untrue."

Therefore, even if this fact might be disputed, it is still undisputed in my favor. to the extent it is actually material to this case.[1]

**UNDISPUTED FACT NO. 14: I am automatically qualified for ARS funding if I receive Supplemental Security Income.**

Despite the Defendant's denial, this fact is still undisputed in my favor, at least to the extent it is material to this case[2]. While the Defendants' ARS Manual does indeed state that the presumption of eligibility can be overcome with evidence that the disability is so severe that it is a clear indicator of my inability to obtain gainful employment, the ARS has clearly opted to give

---

1  And only facts that are material need to be considered; see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted"). See also Conseco Life Ins. Co. v. Williams, 620 F. 3d 902, 910 (8th Cir. 2010) (same). See also Rickard v. Swedish Match North America, Inc., 773 F. 3d 181, 184 (8th Cir. 2014) (same). See also Uhiren v. Bristol-Myers Squibb Co., Inc., 346 F. 3d 824, 827 (8th Cir. 2003) (same). See also Villanueva v. City of Scottsbluff, 779 F. 3d 507, 510 (8th 2015) (same)

2  See Footnote #1.

themselves the burden of proof for that exception. However, the Defendants have admitted, time and again, that they have absolutely no evidence whatsoever to support their summary, arbitrary finding that my disabilities make me incapable of doing that.

Therefore, this fact is still undisputed in my favor, to the extent it is material to this case.

Wherefore, premises considered, I respectfully request that the Court enter summary judgment in my favor, issue injunctions to the ARS to pay for my college education, issue an injunction to the State of Arkansas to permanently and perpetually cease and desist their usage of my litigation history as a factor in any of their decisions, and order the Defendants to pay compensatory and punitive damages to me in the grand total amount of $8,623.65 per week starting from December 17, 2015 until I begin enrollment in college, and any other relief to which I may be entitled.

So requested on this, the 18th day of October, 2017.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com