UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                                                PLAINTIFF

VS.                                  CASE NO. 3:17-cv-03092

STATE OF ARKANSAS, ARKANSAS                                      DEFENDANTS
REHABILITATION SERVICES, & AMY JONES

### REPLY TO [097] RESPONSE TO [091] MOTION FOR SANCTIONS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Reply ot the Defendants' Response in Opposition to my Motion for Sanctions.

1. The Defendants' excuses for why their arguments are not frivolous are so ridiculous that they do not even appear to have come from a licensed, college-educated attorney; they instead sound like they come from a completely inexperienced pro se litigant who doesn't have a clue what he's doing.

2. The Defendants correctly state that their Motion to Dismiss did not have documents attached and that it was improper to attach new evidence in support of a Motion to Dismiss, since Courts are not supposed to look beyond the Complaint when considering them. The Defendants are correct on this. However, that is where their correct arguments of law end.

3. The Defendants argue that there was nothing in the Report & Recommendation that supposedly estopped the Defendants from raising the arguments on subsequent pleadings. That is because there does not have to be. The fact that the Court disposed of the Defendants' arguments on the merits necessarily means that the Defendants are estopped from raising the same arguments again. There are exceptions, of course, including, but not limited to, when the Courts explicitly give the parties permission to raise the argument again, and when the argument is attacked collaterally due to conditions that may not be present at a later date.

4. However, the Defendants argue that a rejection of a legal argument is presumed without prejudice unless the order states otherwise. In fact, the opposite is the case.

5. Next, the Defendants attempt to argue that I am merely a hypocrite for raising the same arguments in my Second Motion for Summary Judgment that were raised in the First Motion for Summary Judgment, yet I complain when the Defendants do the same.

6. That is not even remotely close to the same thing. The first Motion for Summary Judgment was denied *without prejudice*. See **Doc. 55**. In other words, the Court gave me *express permission* to raise it again! There is no such language in the order denying the Defendants' Motion to Dismiss!

7. Honestly, how can anyone who is licensed to practice law not realize that this is precisely what "without prejudice" means?! This is why I mention in Paragraph 1 of this Reply that their arguments sound like the sort of thing a completely inexperienced pro se litigant would raise.

8. A brief look at the circumstances surrounding the denials of the two motions make it obvious why my Motion for Summary Judgment was denied "without prejudice" while their Motion to Dismiss was not.

9. My Motion for Summary Judgment was denied because it was premature. The Court wanted to have some discovery before he felt comfortable ruling on the Motion for Summary Judgment. He also sympathized with the Defendants' position that the pending Motion to Dismiss should have negated their need to litigate the case. See **Doc. 51**. Neither of those two circumstances are present now.

10. Meanwhile, the Defendants' Motion to Dismiss was denied[1] because the Court found their arguments to be without merit. No, the Defendants do not have sole discretion to determine

---

[1] except to the extent I sought damages against Amy Jones for the Sec. 1983 claim; that was the only part of their Motion to Dismiss that was granted

whether I meet the essential eligibility requirements; in fact, the Defendants do not even get sole discretion to decide *what* the essential eligibility requirements *are in the first place*! The determination of whether I am likely to succeed in the workforce is NOT "solely in the discretion of the ARS." Also, the Court emphatically rejected the Defendants' the mere fact that I have X, Y, and Z symptoms is alone, without more, "illustrative" of my inability to obtain gainful employment. Instead, the Court unequivocally held that my eligibility requires an independent analysis based on objective medical evidence. See **Doc. 51**.

11. So the Defendants' attempt to cry "double standard" when I re-raise my arguments and then complain when the Defnedants re-raise there is completely misunderstanding the situation. As far as prior treatment by the Court is concerned, the only similarity between the two motions is that they were both denied. But aside from that one, purely-superficial detail, the Court's treatment of both motions could not be any more dissimilar. My arguments were rejected on collateral attack due to circumstances that are not longer present, and the Court gave me express permission to raise the arguments again; the Defendants' arguments were rejected for lack of merit, conclusively disposed of a handful of legal disagreements in this case (including, but not limited to, the criteria for what counts as an essential eligibility requirement and who gets to decide that), and there is nothing in the language of the order even remotely suggesting that the denial was in fact without prejudice.

12. Even if the Defendants' already-put-to-rest arguments in Paragraphs 10-19 of **Doc. 85** are not barred, per se, the Court still must reject the arguments because another Court of competent jurisdiction has already rejected them. To do otherwise would result in piecemeal litigation So the arguments might as well be barred, since the outcome is going to be the same.

13. Next, the Defendants make the most minimalistic attempt to refute the second half of my

Motion for Sanctions. They claim that my argument for sanctions is "nonsensical" simply because they say so. They offer no explanation whatsoever to support their assertion that Paragraphs 12-19 of the Motion for Sanctions is nonsensical; it is nonsensical simply because they say it is.

14. This is tragically consistent with the way the Defendants have behaved up to this point in this case. Every single statement of fact given by the Defendants so far in this case has had absolutely no evidence backing it; it is true solely because the Defendants say it is true.

   (a) I am not likely to succeed in the workforce. Why? Because the Defendants say so.

   (b) My proposed accommodation of attending therapy and college at the same time is not reasonable. Why not? Because Defendant Amy Jones summarily opines that it is not reasonable, and her word – even her summary and arbitrary opinion – makes the fact undisputed.

   (c) I had yelled and threatened the Defendants over the phone every time I called them. Why? Because they say so. Although, on this one occasion, the Defendants have introduced records supposedly from my case file, they are still merely uncorroborated statements that the Defendants and their employees have total control over. The emails I sent to employees of the ARS show me making patient and professional check-ups on the status of my application, but that doesn't matter. They *say* I yelled at and threatened them whenever I *called* them on the phone, and therefore, their *claiming* it *makes* it true!

15. There are plenty of other examples besides this. In fact, I cannot recall even a *single instance* in this case where the Defendants have made any effort to prove any of their statements using anything other than their uncorroborated word.

16. This right here, much more so than the frivolous arguments themselves, is why they need to be sanctioned. They need to learn that something does not magically become true simply because they say so. They can testify to what they personally saw, heard, and felt. But their

conclusory allegations do not cause something to automatically and unconditionally become true.

Wherefore, premises considered, I request that the Defendants be sanctioned for wasting everyone's time with their frivolous argument that the mere fact that they claim something makes it true.

So requested on this, the 25th day of October, 2015.

/s/ David Stebbins
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com