UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                                                                            PLAINTIFF

VS.                                    CASE NO. 3:17-cv-03092

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES                              DEFENDANTS

### MOTION AND INCORPORATED BRIEF IN SUPPORT
### THEREOF TO COMPEL DISCOVERY

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion to Compel Discovery in the above-styled action.

1. On September 29, 2017, I served the Defendants with one interrogatory and two requests for production of documents. On October 17, 2017, the Defendants placed their responses to these three discovery requests. See **Exhibit 1**.

2. My second request for production of documents was worded thusly:

    

    "In your response to my first Request for Production, you produced a 130 page document that you said was my file with the ARS. A majority of these documents were clearly typed. ***The computer files contain data that the printed versions of the documents simply cannot contain, as long as you know how to view this hidden electornic data.*** So I can view this data, please produce, on a computer disc, electronic versions of each of the typed documents you produced in response to my first Request for Production."

3. Please take a good, long look at the sentence that has been bolded, underlined, and italicized for emphasis.

4. I was not making this up when I said the computer files contain this hidden data. In fact, to prove that computer files have extra data that the printed versions do not, here is not one, but two exhibits proving this:

    - **Exhibit 2** – The original version of this exhibit can be accessed from the following

        webpage: http://www.cracked.com/article_20058_5-clues-hidden-in-computer-files-that-

can-get-you-busted.html

- **Exhibit 3** – The original version of this exhibit can be accessed from the following webpage: http://smallbusiness.chron.com/metadata-word-documents-46186.html

5. The Defendants placed an objection to Request for Production No. 2. Their objection is thus:

> "You have the documents. You used these documents in support of your Motion for Summary Judgment and have relied on them in support of your motion. There is no need for these documents to be produced again but in a different format."

6. This objection is entirely frivolous and without merit. The discovery request is indeed very relevant. As the records show, the Defendants maintain that they denied my application in part because of my allegedly hostile behavior with them over the phone (even though the communications between me and them which they actually do attach verbatim – the emails – show nothing of the sort). I, on the other hand, maintain that this was made up by the Defendants after the motion to dismiss got denied so as to create the illusion of there being a pretextual excuse.

7. As you can see from Exhibits 2 & 3, the original computer files that these documents were attached to will contain evidence of which edits were made, who made them, and when they were made. This would definitively prove beyond a shadow of a doubt that the documents complaining about my allegedly hostile behavior were in fact forgeries ... or at the very least, that they had undergone some major edits since their first creation in December 2015 (if that even is the date when the documents were first created) to substantially beef up the accusations of hostile behavior.

8. This has the potential to benefit the Defendants too! Imagine if I get my hands on the computer files, and they do indeed definitively show that no major edits were made to them since

they were first created in December of 2015. That would shut me up right quick! My accusations that these documents are forgeries would go flying out the window at that point!

9. So if the Defendants are indeed telling the truth here, you would think they would be leaping at the opportunity to offer this definitive proof! It would be like a murder suspect *volunteering* his DNA to the police because he knows he's innocent!

10. Sure, there is no *guarantee* that the data I collect from these files will definitively prove or disprove either side. But it is not, by any stretch of the imagination, a "one in a million" chance. As long as the discovery request is *reasonably calculated* to lead (directly or indirectly) to relevant evidence, I have the right to discover it. As I have hopefully demonstrated, the data on these computer files is reasonably calculated to instantly dispose of one of the most hotly contested disputes of fact in this entire case; therefore, it is relevant discovery.

11. The only time the Defendants might in some way be justified in keeping this information from me is if the computer files potentially contained data that might threatened their security. For example, if these computer files contained the names of police officers who conduct undercover operations, then I could totally understand them not wanting the Average Joe to have access to that information. Exhibit 2 documents how the U.S. Military had accidentally revealed top secret names because they didn't understand how to do electronic redacting correctly.

12. But that is not a problem here. The revision history of a document only tells us the revision history of *that one document*! If I wanted to see all the activity done on one computer, I would need a completely separate computer program called a "keylogger" application. I am not asking for that.

13. So as you can see, the Defendant's objection that this discovery request is irrelevant is entirely without merit. Even if we assume that the Defendants didn't know about the potential

data stored in the computer files, that does not mean that their objections are not in bad faith, since I *told them*, when I first made the discovery request, that there is additional data stored in the computer files that aren't present in the printed versions! If they didn't believe me, they were free to consult their own IT experts, which they almost certainly keep on staff, just to maintain their own office computers!

14. So no, the Defendants' arguments are frivolous. There is simply no way around it.

15. I have made good faith efforts to resolve this discovery dispute without court action. See **Exhibit 4**. As you may have guessed, the Defendants did not response to this email. Therefore, this motion is properly before the Court.

Wherefore, premises considered, I respectfully request that the Defendants be ordered to produce the requested computer files, award costs incurred, and any other relief to which I may be entitled.

So requested on this, the 1st day of November, 2017.

*David Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601

CPU  

U.S. POSTAGE
$1.40
FCMF      0000
Orig: 72601
Dest: 72701
11/01/17
11082239

U.S. District Court
35 East Mountain Street, Room 510
Fayetteville, Arkansas 72701-5354