IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                      PLAINTIFF

V.                          NO. 3:17-CV-03092-TLB

STATE OF ARKANSAS,
ARKANSAS                                               DEFENDANT
REHABILITATION SERVICES,
AND
AMY JONES

## DECLARATION OF AMY JONES

I, Amy Jones, am competent to testify and have personal knowledge regarding the statements contained in this Declaration, do hereby state and verify the following:

1. I am employed by the Arkansas Department of Career Education as a Rehabilitation Area Manager for Arkansas Rehabilitation Services.

2. I am aware that Mr. Stebbins has alleged that some of the documents produced in discovery as part of his ARS Case File were backdated. My understanding is that he is referring to the Client Contact Notes (See attached pp. 1 – 20).

3. I have inquired of others who are familiar with the computer program "System 7" utilized by our office.

4. I have been informed that System 7 will not let anyone backdate files.

5. System 7 will note on the document when a change has been made to a file.

1



DEFENDANT'S
EXHIBIT
C

6. With regard to the Client Contact Notes attached to this affidavit, the dates these documents were generated appears at the top of the pages. For example, the first page – Client Contact Note dated 12/01/15 by Kevin Cook – was generated on 12/01/2015 at 1:43:41 p.m.

FURTHER DECLARANT SAYETH NOT.

AMY JONES

# Client Contact Note

**Client Name:**   David Stebbins

**Date:**   12/01/2015
**Description:**   Case Note

**Whose Note:**   KEVIN COOK

**For Program:**   VR
**Status:**   02

**Type of Contact:**   Face to Face     **Location:** Office

Flag this Contact Note?

**Note:**

David is a 27 year old male who was referred by Disability Rights Arkansas. Client lives by himself and receives disability benefits for Asperger's per his medical records. Counselor asked if there are additional doctors and Dr. Robert Frenal and Dr. Chu have been sent release of information forms.

He told me I was against him as soon as he set down. I explained that my goal is to work with him so that together we can find a way for him to be successful in his goals.

Client has attended NAC in Harrison but was not able to complete his studies. He reported attending U of A Fayetteville but said he was kicked out. Client was not cooperative so not able to discuss his grades and obtaining copies. Counselor will suggest RIDAC testing for evaluation and the need to have a copy of transcripts from both NAC and U of A.

Client smelled like he has not taken a bath is along time. Hygiene will be a sensitive topic that will have to be discussed at some point.

He emailed me several times requesting a copy of the questions he would have to answer so he could have time to think through them. He also states that his family is against him and everyone he meets is out to get him - "The whole world hates me." was another comment. David said, "all I have is myself and my 10,000 roaches I live with." Counselor told him I am here because I genuinely care and want what is best for him.

Client said he needs assistance with paying for college. Counselor told him we can assist with funding but he must apply for pell grants, FASFA, loans, etc. to pay his part. Client



said he has loans of over $40,000 and needs extra funding. Counselor explained that ARS policy allows for paying for expenses for attending college and for extenuating circumstances we can go up to $2,500 per semester or $5,000 a school year. Client explained he has extenuating circumstances that requires more assistance. He said he needs funds for moving to Russellville to attend Arkansas Tech, to pay for an apartment, summer school so he will not have to find another place to live, travel if an apartment is required too far from campus and living expenses.

Here is the latest email from Mr. Stebbins (12/02/2015):


I've looked up the costs of attendance to see how much extra money I'll need. Take a look at these two links:

http://www.atu.edu/academics/catalog/colleges/applied_sciences/dept_comp_info_sci.html
www.atu.edu/stuaccts/tuitionfees.php

As you can see from the first link, the semester where I'll have the most credit hours is the second freshman semester, where I'll have 17 hours.

According to the second link, that means my cost of attendance, per semester, will be ...
$3,655 for tuition
$731 in student fees
$1,596.00 for a residence hall (because remember, I don't have a car).
$15 for a mandatory P.O. box, and
$1,274.00 for a meal plan that lets me have two meals per day.

Add it all up, and that comes out to $7,271.00 per semester.

I can probably get the maximum pell grant. However, A) that doesn't help me in the summer semester (because as I said before, I absolute HAVE to take summer semesters because I won't have a home to go back to), and B) that still puts me $4,383.50 in the red, per semester.

So, I would need $16,038 per year from you.  That amounts to an increase of $11,038 in "extenuating circumstances" funds.

-----------------------------------------------
On Tue, 12/1/15, Kevin Cook <Kevin.Cook@arkansas.gov> wrote:

Subject: RE: Another extenuating circumstance
To: "David Stebbins" <stebbinsd@yahoo.com>
Date: Tuesday, December 1, 2015, 2:59 PM

thanks

-----Original Message-----
From: David Stebbins [mailto:stebbinsd@yahoo.com]

**ARS 43**

②

Sent: Tuesday, December 1, 2015 2:23 PM
To: Kevin Cook
Subject: Another
extenuating circumstance

Dear Mr. Cook,

On my way back home, I remembered another
extenuating circumstance that you could forward to your
boss:

I need assistance in
making the one-way trek to ATU campus.  That'll easily
cost about $500, since I'll have to take ALL my
possessions with me.

Please
include that in your report.

Thank you.
David Stebbins


As you can see from all of this additional medical records are needed and
were requested as something else seems to be going on with Mr. Stebbins.
Counselor will inform Mr. Stebbins that his requirements are more than ARS
can provide do to our policy of spreading out of funds to assist as many
people as possible and that the $5,000 per year max limit is set to enable us
to reach that goal. Counselor will also inform client that we can help with job
placement services in lieu of school if he cannot obtain additional funding due
to his current $40,000 debt. KDC


Assign this as a task to: |   |

**ARS 44**

③

# Client Contact Note

Client Name:      David Stebbins

Date:             12/03/2015
Description:       Client Contact


Whose Note:       KEVIN COOK

For Program:      VR
Status:           02

Type of           Correspondence
Contact:

                                    Flag this Contact Note?


Note:
Email form Mr. Stebbins:

-----Original Message-----
From: David Stebbins [mailto:stebbinsd@yahoo.com]
Sent: Thursday, December 3, 2015 10:50 AM
To: Kevin Cook
Subject: RE: Another extenuating circumstance

You said you would get back to me by Thursday. Well, what's the status?



David,

I must get your additional medical records first (which we sent for) and then I will have you come
in regarding your case and potential services. Received reply requesting Dr. Robert Frerral's
medical record's at Vantage Point and they say they have "no records on this patient." Was this
the right place or is there another place for this Doctor?

Thank you

# Client Contact Note

Client Name:  David Stebbins

Date:  12/04/2015
Description:  Client Contact

Whose Note:  LORRAINE MILLER CRC

For Program:  VR
Status:  02

Type of
Contact:  Phone

Flag this Contact Note?

Note:
I was asked to speak with David on this date. He was quite agitated, and (I assume) wanted to speak with a supervisor about his counselor. Our District Manager was not available and I was asked to talk to him. I was told by the person answering his call that he had been "yelling" at her. When I picked up the phone and asked him his name, and how to spell it, etc., he asked if he could give me his number so I could call him back, which I promptly did. He sounded very, very anxious, was breathing hard, talking very fast, etc. At one point, I counseled with him on trying to calm himself down. He was upset because he had requested an exception to the service provision policy so he could get his school expenses paid. He wants to go to Arkansas Tech in Russellville, and will need to live in the dorm, and go to summer school since he would have to give up his apartment in Harrison. I asked what he wants to study, and he said computers. I inquired about his taking some online classes, but he did not think there were many he could take. He asked if I thought his request for ARS spending more than the allowed amount would be approved, and I told him I had no idea about that. I told him I seldom ask for an exception, and the requests aren't always approved. He wanted a different counselor, and said he wanted one that would be in Harrison more. I told him there was only one other counselor and I was not certain how many days she was in the Harrison office, as a large territory was served out of that office. He was most upset because he said his counselor had told him he would let him know on Thursday about his request for services exceeding the

**ARS 62**

⑤

allowed amount. He said it was unprofessional that his counselor had not let him know since he had said he would tell him on Thursday.  I explained that maybe his counselor had not been able to discuss the situation with his supervisor yet.  At any rate, I did tell him I would talk to his counselor and ask him to call him today, and if he could not, I would try to call and update him on his request. He said he wanted a phone call, not an email.    LM

Assign this as a task to:



# Client Contact Note

Client Name:     David Stebbins

Date:            12/08/2015
Description:     Client Contact

Whose Note:

For Program:     VR
Status:          02

Type of          Phone
Contact:

                                    Flag this Contact Note?

Note:
aa McGehee Received call from client around 2:20 p.m. on 12/08/2015 and
he was very rude and yelling. He was insisting to talk to Kevin Cook and I
tried to explain Kevin was not in the office. He would get quite and start
whispering like he had someone else to talk to but it sounded very strange as
he was doing the whispering.I ask him to please calm down so I could explain
and he would not stop so I told him to hold please so I could possibly get him
help and he was still screaming as I put him on hold and I transferred the call
to Caterina at this point because he did not want to listen to me at all.

Assign this as a task to: | |

# Client Contact Note

Client Name:     David Stebbins

Date:            12/08/2015
Description:      Client Contact

Whose Note:      CATERINA MATHENY

For Program:     VR
Status:          02

Type of          Phone
Contact:

Flag this Contact Note?

Note:
David call looking for his Counselor Kevin Cook, and ask regarding
information did we receive the medical records. I told him we have not
received records. He ask who didn't send the information and I told who
didn't send yet and he would try to find out why at 2:20pm, then call back at
3:20pm in a high voice yelling and would not calm down, client state that he
call Crossroads Medical Clinic and was hand up on him, tried again his call
wouldn't go through, I had to forward the call to Alana Walls to help with the
client. ccm

Assign this as a task to:  |  |

# Client Contact Note

Client Name:     David Stebbins

Date:            12/08/2015
Description:      Case Note

Whose Note:      ALANA WALLS

For Program:     VR
Status:          02

Type of          Phone
Contact:

Flag this Contact Note?

Note:
CRC was transferred a phone call around 3:25 from Mr. Stebbins.  Mr. Stebbins sounded short of breath and emotionally upset as was noticeable from his rapid speech and volume.  Mr. Stebbins was questioning why Mr. Cook has not made any progress in his case and what else he needed to provide the agency to send him to a doctor for a diagnosis.  CRC explained to him the need for a documented disability from a doctor in order to be determined eligible.  Mr. Stebbins' verbal behavior and temper continued to escalate and CRC told him that she did not have to listen to his abusive language and that if he would calm down an attempt would be made to explain our eligibility policy.  He continued to ask the same questions regarding why the information he had already supplied was not enough.  He began to yell and CRC told him that she was not going to continue the conversation, wished him a good afternoon and hung up.  A call was made to Amy Jones, District Manager, advising her of the telephone encounter.

Assign this as a task to:

# Client Contact Note

Client Name:     David Stebbins

Date:            12/08/2015
Description:      case update- contact with client

Whose Note:      AMY JONES CRC

For Program:
Status:

Type of
Contact:

Flag this Contact Note?

Note:
I received a message from Anita on 12/4 to contact David.  Anita stated that
David was screaming at her on the phone and very angry that he got my
voicemail.  Anita then asked Lorraine Miller to take David's call.  Lorraine
expressed her concern about David's conversation and she documented her
conversation in the ECF.  I tried to return David's call and there was no
answer.
I received a call today from Alana Walls that David called the Harrison office
and she was very concerned about the safety of the staff because of David's
behavior on the phone and she wanted to call the police.
I called David and spoke to him today regarding his case and his behavior to
the staff.
David was yelling, angry and breathing very heavy and rapid.  I tried to calm
him down and expressed my concern for his well being.  David is angry
because he had not received a call back from Kevin.  I explained that I was
unable to contact David, so it was possible that Kevin was also unable to.  I
also explained our services and the process for collecting medical records, 60
days to determine eligibility and assessments necessary to develop the IPE.
David's application was 12/1 and ROI's have been sent.  I asked David how
he was referred to ARS and he stated that Disability Rights referred him to us
because they could not help him sue the Government.  David stated that the
government is harassing him and that is partially why he is so angry with our
agency- because we are a government agency.

David wants to go to college and is requesting that our agency pay to move him, pay for housing and pay full tuition and fees. I explained our process for eligibility and plan development again. I asked David about college experience. He stated to Kevin that he has $40,000 in student loans but only a couple of credits. David stated that he was thrown out of the U of A in Fayetteville in the Fall of 20007 for making threats. I asked what threats he made and he stated he doesn't know it's a 20 page report. David stated he then went to NAC and teachers provided him accommodations by pulling him aside to explain his behavior was abusive rather than calling it out in class. However, David was unable to complete most of his semesters.

David stated that he was discharged from St. Bernard's last April and has not received any treatment or care since then. I asked about discharge report and recommendations and David said he was told to go somewhere and went one time but that was it.

I expressed my concern for David's well being and mental stability based on the conversation we were having, throughout the conversation David maintain his escalated voice and rapid breathing and extreme agitation. I asked about family and friends or any support system that I could contact regarding my concern and David stated he hated his f***ing family and that was a 2 hour story. I stated that I didn't want the 2 hour story, I just wanted to see if anyone was available to help him. David stated that if he called me a fucking bitch fagot he would understand why I would be offended or feel threatened. But if he is just expressing his anger that I should understand. He can't control his anger especially when he cant get any answers. I explained our system and answered all his questions. I stated that I would speak to Kevin and to our psych examiner and would try to call him back tomorrow.

I spoke to Leslie about the case and she did not think he needed to be scheduled in any office at this time due to his instability.

I called Carl to explain the situation and he stated that we needed to contact the police to let them know of the harassing calls and threatening behavior. He stated that we needed to call a psychiatric facility for mandated reporting regarding our concern for his well being. I also informed the Harrison Office staff to keep doors from lobby to office area locked at all times. If David comes to the office they need to notify the police immediately. If David calls the office he is to be directed only to me from now on. I will follow-up tomorrow with this situation. I will inform the Fayetteville Office first thing in the morning as the office is currently closed. AJ

Assign this as a task to:

# Client Contact Note

Client Name:       David Stebbins

Date:              12/09/2015
Description:        review of client history

Whose Note:        AMY JONES CRC

For Program:
Status:

Type of
Contact:

                                        Flag this Contact Note?

Note:
I reviewed the partial hospital records that David provided to Kevin and the
Dr. stated that David did not and would not provide them with a medical
history..  It stated that David was arrested for domestic battery against his
father.  David stated to DM that he was thrown out of U of A for making
threats.  DM read court documents and found very disturbing facts about the
case.  David made threats to numerous employees at the U of A to the point
of terroristic threatening.  Based on David's actions / inappropriate
communication with ARS staff I do not believe that David is  mentally stable
enough at this time for a VR program.  I also feel that he is a threat to my staff
and do not feel comfortable setting him up for RIDAC or sending him to
anyone's office.  After Alana's interaction with David yesterday she called the
police to notify them of the incident.  I will communicate to David that his case
is being closed.
http://www.leagle.com/decision/In%2FDCO%2020121228D71/STEBBINS%
20v.%20UNIVERSITY%20OF%20ARKANSAS

Assign this as a task to:

(12)

# Client Contact Note

Client Name:    David Stebbins

Date:           12/09/2015
Description:    Contact

Whose Note:     KEVIN COOK

For Program:    VR
Status:         02

Type of         Correspondence
Contact:

Flag this Contact Note?

Note:
Hey, didn't you tell me, yesterday, that you were going to follow up and give me more details?
Where are the details?

---------------------------------------------
On Mon, 12/7/15, Kevin Cook <Kevin.Cook@arkansas.gov> wrote:

Subject: RE: Another extenuating circumstance
To: "David Stebbins" <stebbinsd@yahoo.com>
Date: Monday, December 7, 2015, 10:04 AM

David,

As I told you we allow 60 days to get medical records.
Everything is going well and I am researching to see how we  can assist you. More later very busy.

Thanks

-----Original Message-----
From: David Stebbins [mailto:stebbinsd@yahoo.com]

Sent: Friday, December 4, 2015 5:50 PM
To: Kevin Cook

Subject: RE: Another extenuating circumstance

So, you can't even file a petition in court to compel them  to produce it?

Assign this as a task to:

# Client Contact Note

Client Name:    David Stebbins

Date:            12/09/2015
Description:     update on medical hx- client case file

Whose Note:     AMY JONES CRC

For Program:
Status:

Type of
Contact:

Flag this Contact Note?

Note:
I spoke to David on this date regarding his case. I explained that I had
reviewed his medical documentation again and I wanted to clarify where the
remained of his most recent records were. He was in Jonesboro in April 2015
for medical treatment. He was transported to the ER because of an
attempted suicide. I asked David where he was treated / transferred to from
the ER. David stated that he was treated for 1-2 weeks at St. Bernard's
Behavior Clinic. David stated he was released from the clinic on April 30th. I
explained that I would like to review those records because I believe they will
have the latest psych eval on file. I also wanted to see what his discharge
papers recommend for further or ongoing treatment. David stated that he
could not remember the name of the therapist he saw after treatment. I
explained that it was possibly on the report that David lost when his computer
crashed. David told me to send a ROI to St. Bernard's for his records. I
stated that I would do just that and once I had the records I would notify
David. AJ

Assign this as a task to:

15

# Client Contact Note

Client Name:    David Stebbins

Date:    12/09/2015
Description:    Contact

Whose Note:    KEVIN COOK

For Program:    VR
Status:    02

Type of
Contact:    Correspondence

Flag this Contact Note?

Note:
Hey, didn't you tell me, yesterday, that you were going to follow up and give me more details?
Where are the details?

------------------------------------------------
On Mon, 12/7/15, Kevin Cook <Kevin.Cook@arkansas.gov> wrote:

Subject: RE: Another extenuating circumstance
To: "David Stebbins" <stebbinsd@yahoo.com>
Date: Monday, December 7, 2015, 10:04 AM

David,

As I told you we allow 60 days to get medical records.
Everything is going well and I am researching to see how we  can assist you. More later very busy.

Thanks

-----Original Message-----
From: David Stebbins [mailto:stebbinsd@yahoo.com]

Sent: Friday, December 4, 2015 5:50 PM
To: Kevin Cook

16

Subject: RE: Another extenuating circumstance

So, you can't even file a petition in court to compel them  to produce it?

Assign this as a task to:

# Client Contact Note

Client Name:     **David Stebbins**

Date:            12/14/2015
Description:     Contact email on 12/11 from client


Whose Note:      **KEVIN COOK**

For Program:     VR
Status:          02

Type of
Contact:         Correspondence

                                          Flag this Contact Note?


Note:
Mr. Stebbins sent another email to this counselor and the district manager:

Dear Mr. Cook and Ms. Jones,

I am David Stebbins. I have told Mr. Cook (who, in turn, has told Ms. Jones) about several
extenuating circumstances (or EU for short) that I believe require an increase in the amount of
funds you provide me for my education. I have recently learned of a new EU; fortunately, I do not
think it will come into play until the final semester, and with some careful planning, it may not
come into play at all.

Before we continue, I want to point out:  Yes, I'm fully aware that I haven't even yet been
OFFICIALLY declared eligible for your assistance.  However, that is a mere formality. I know I will
pass the evaluation, so I'm going to go ahead and explain my new EU:

I have already gotten five (5) semesters of pell grants from the University of Arkansas and North
Arkansas College. I have recently learned that Congress, since I left college, has put a cap of 12
semesters per lifetime ... and the limit applies retroactively.

This leaves me with only 7 semesters of pell grants.  I'm one semester short needed to complete
my degree, unless you help me out.

However, I wonder if it may even come to that.  Remember that I've also listed, as an extenuating
circumstance, that I need to take summer semesters because I won't have a home once I relocate

to Russellville.

If I could start in the summer of 2016 and get some core classes out of the way, I think I might be able to skip a semester! I know for a fact that I can transfer my "English Composition I" and "U.S. History 1877 to Present" classes; combine that with just 9 credit hours in Summer 2016, and I should be all caught up!

So, I hope that you can provide me with extra funding in light of this EU.

Sincerely,
David Stebbins

P.S. I hope to have my college transcript available for you shortly.


Assign this as a task to:

# Client Contact Note

Client Name:     David Stebbins

Date:            12/16/2015
Description:     closure narrative

Whose Note:      AMY JONES CRC

For Program:
Status:

Type of
Contact:

                                          Flag this Contact Note?

Note:
David's case was closed status 08 on this date after determining that he is not
feasible for VR services at this time.  David's behavior to both Fayetteville and
Harrison staff has been hostile at every encounter.  David did not want to
cooperate in giving his medical information but relented that we could send
an ROI to his last place of treatment, St. Bernard's Behavioral unit.  Once
records were received the RIDAC examiner reviewed records and concluded
that David was not feasible for VR services at this time.  Based on the Mr.
Stebbins interaction with myself and staff, past records and history, and Mr.
Stebbins refusal for treatment, I have determined him ineligible for services.  I
will notify Mr. Stebbins of this decision.  I will alert the Harrison office staff to
be on alert.  AJ

Assign this as a task to:

ARS 121

20