US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
NOV 17 2017
DOUGLAS F. YOUNG, Clerk
By_____ Deputy Clerk

Received WD/AR
NOV 17 2017
U.S. Clerk's Office

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                                             PLAINTIFF

VS.                      CASE NO. 3:17-cv-03092

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES            DEFENDANTS

## REPLY TO [106] RESPONSE IN OPPOSITION TO [102] MOTION TO COMPEL DICOVERY

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Reply to Doc. 106, the Defendants' Response in Opposition to my Motion to Compel Discovery.

1. The Defendants have not shown any reason why this discovery should not be compelled by the Court.

2. The Defendants deny that I have attempted "in good faith" to obtain the discovery without court action. However, they admit that I contacted them and made it perfectly clear that I did not believe their objections were valid. They make absolutely no attempt to clearly define what "good faith" means. Until they do, this motion is properly before the Court.

3. Turning to the merits of the motion, the Defendants offer no evidence that the documents were not falsified. All they offer is Amy Jones' "declaration," which is just as uncorroborated as the accusations of hostile behavior in the first instance.

4. Ironically, the Defendants complain about me having "zero evidence" when they themselves over zero evidence aside from their uncorroborated word.

5. The Defendants swear that they are telling the truth. They "vehemently deny" the accusations that they "have been less than truthful" in this case. Here's the bottom line: *They're lying about that too!* If they disagree, then they need to produce some evidence besides their word.

6. The mere fact that they claim it does not make it true! I don't know how much clearer I can put that! A Defendant is not unquestionably innocent simply because they *plead* "not guilty." that applies in civil cases as well as criminal cases, and no, the fact that the defendant is the government does not change that!

7. Ironically, the Defendants allege that my accusations of forgery render my own Motion for Summary Judgment invalid. A brief review of the summary judgment motion reveals the complete opposite. I attached Plaintiff's Exhibits 10-16 for the *express purpose of proving them to be false*! See Doc. 81, Undisputed Fact No. 9. That does not render my motion for summary judgment invalid; it does the complete opposite.

8. They say that I have "zero evidence" that the documents are in fact forgeries. I have provided a way the Defendants can definitively shut me up once and for all about the accusations of forgery, and have asked the Court to compel this irrefutable evidence. They are doing everything in their power to avoid providing this definitive proof. That alone is evidence that they are in fact hiding something. See Baxter v. Palmigiano, 425 US 308, 319 (1976) (adverse inferences from refusal to provide evidence is allowed in civil cases). See also Stevenson v. Union Pacific R. Co., 354 F. 3d 739, 746-750 (8th Cir. 2003) (permitting adverse inference where one party is actively suppressing and concealing evidence that may be useful to the adverse party).

9. On a side note, I find it rather ironic – even humorous – that they accuse me of having "zero evidence" that the documents were falsified, while simultaneously making reference to my Motion for Summary Judgment ... which included Plaintiff's Exhibit 17, which was offered as proof that those documents were falsified!

10. In short, the Defendants have offered absolutely zero evidence that this discovery would

be a waste of time. If anything, their steadfast refusal to provide evidence that would instantly dispose of this factual dispute only serves to further convince me (and it should further convince the court) that they are hiding something, and that the compulsory production of these computer files would reveal the truth.

11.     Therefore, the Motion to Compel should be granted.

12.     In addition, I would like the Court to consider imposing sanctions on the Defendants for delaying the case with their frivolous attempts to suggest that their uncorroborated word is irrefutable evidence.

13.     Wherefore, premises considered, I respectfully request that the Motion to Compel be granted and sanctions be imposed.

So requested on this, the 16th day of November, 2017.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.,
ATP D
Harrison, AR 72601

U.S. District Court
35 East Mountain Street, Room 510
Fayetteville, Arkansas 72701-5354



Received WD/AR
NOV 17 2017
U.S. Clerk's Office

72701$5353 C005