US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
NOV 22 2017
DOUGLAS F. YOUNG, Clerk
By _____ Deputy Clerk

Received WD/AR
NOV 22 2017
U.S. Clerk's Office

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS            PLAINTIFF

VS.           CASE NO. 3:17-cv-03092

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES           DEFENDANTS

### SUPPLEMENT TO [102] MOTION TO COMPEL DISCOVERY

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Supplementary Brief in support of his Motion to Compel Discovery (Doc. 102).

1. The reason why this motion is being filed late is because I only just now got the information which I wish to address. The Defendants filed their response to my Motion to Compel pursuant to the Court's text-only order. I wanted to pay to download the response off Pacer so I could see and reply to it immediately, but Exhibit C was a 22-page attachment. I did not want to pay that much, so I only downloaded the 4-page response proper. I filed my reply to that and waited for the 22-page Declaration from Amy Jones to arrive in the mail for free.

2. Now that I have the declaration, I can easily tell that there are about a dozen things wrong with it.

#### Potential for Mootness

3. I wish to remind this Court that a Motion for Summary Judgment is pending before this Court. In that motion, I argue that, even assuming for the sake of argument that the documents are not forgeries, that still does not save the Defendants from liability in whole or in part, since my disabilities were clearly a deciding factor in the adverse action, even if they were not the only factor.

4. If that portion of the Motion for Summary Judgment is granted (with or without the other

parts of the Motion being granted or denied), that would be dispositive of this Motion to Compel Discovery. There would be no further need for me to conduct discovery on this disputed fact, since it would no longer be a material fact.

5. However, unless and until the Court declares this fact to be legally immaterial, I have the right to conduct discovery on it.

### Amy Jones' Declaration is hearsay.

6. The first of many, many problems that Defendants' Exhibit C (Declaration of Amy Jones) has is that it is not based on personal knowledge. It is a blatant violation of the hearsay rule. She only consulted somebody else, and that person told her that fabrication of documents was impossible on their system.

7. That is not admissible evidence. That is blatant hearsay. If the Defendants wish to advocate this position, they need the original declarant.

### Amy Jones' sources are anonymous.

8. Although there are exceptions to the hearsay rule, all of them have one common element: They all require that we know exactly A) who the original declarant is, and B) what exactly they said that is supposed to be relevant evidence.

9. In her declaration, Amy Jones does not even attempt to tell us exactly who she spoke to, exactly what their credentials are[1], what exactly she asked them, or what exactly they said in response to those questions.

10. Those last two are important, because even if we assume that she is acting in good faith (more on that in a minute), we still need to know exactly what was said between them. Otherwise, we have no idea how thorough her inquiry was and, therefore, have no idea what the

---

[1] And no, simply saying tha they are "familiar" with the system does not count as telling us *exactly* what their credentials are.

margin of error was for this investigation. After all, it is totally possible for someone to be both sincere[2] and wrong.

### On-Page date recording is not probative evidence.

11. Even giving the Defendants the benefit of the doubt, that their "System 7" does indeed make it impossible to backdate any documents, that still does not eliminate the possibility that they have fabricated the documents. It only proves that they did not fabricate the documents if we accept as undisputed that these documents actually did come from System 7. I do not agree to that simply because they say so.

12. The final paragraph of Amy Jones' declaration states thusly:

> "With regard to the Client Contact Notes attached to this affidavit, the dates these documents were generated appears at the top of the pages. For example, the first page - Client Contact Note dated 12/01/15 by Kevin Cook - was generated on 12/01/2015 at 1:43:41 p.m."

13. This proves absolutely nothing. It is still totally possible for the Defendants to create an entirely separate Word document that, as far as *their servers* were concerned, was not in any way shape or form connected with my file, then *manually* type the headers in (as opposed to allowing them to be automatically generated by their system) exactly as they would otherwise appear in an automatically generated header, and simply send that to me in the mail and *say* it came from their "System 7."

14. Watch: In order to PROVE that this is not only possible, but *easy*, I will manually type out of the headers for one of their documents:

Contact Note: 12/01/2015 01:43:43 PM - Case Note (David Stebbins, XXX-XX-4148)... (... Page 1 of 3

15. All I needed to do to get it to look exactly like it appeared in the Defendnats' papers was to change the font size from 12-point to 10-point and change the font style from "Times New

---

2  She *isn't* being sincere, but I am playing Devil's Advocate here.

Roman" to "Arial." I then had it center-aligned. That's it. That's all I had to do.

16. Now all they would have to do is put that line at the top of an otherwise blank document before typing whatever they wanted the document to say. Meanwhile, the *actual* Client Contact Note – which is still logged in their "System 7" – says something completely different than what they actually sent to me in the mail

17. If I only have the paper print-out version of these documents on-hand, it is impossible for me to be able to trace such a fabrication. But if I had the computer files, it would be very easy for me to tell if this header was automatically generated from some server, or if it were added in manually in an otherwise entirely unrelated computer file while never once coming into contact with System 7.

### Defendants' own self-defeating objection.

18. On one final note, I wish to point out that, unless the Defendants are actively hiding something, they are going to far more trouble than they say it is worth. The Defendants' initial objection to this discovery request was that the request was burdensome and irrelevant.

19. As of November 16, 2017, they have offered absolutely no evidence to support their content that the discovery request was "irrelevant." To the contrary, it appears that they have tacitly conceded that this discovery request is indeed directly related to a hotly contested factual dispute.

20. However, their other objection – that the discovery request was "burdensome" – is not only without merit, but is in fact defeated by the Defendants' own recent overt actions.

21. The Defendants are going to great lengths to prevent themselves from having to produce these computer files. They have even gone as far as to consult multiple[3] supposed experts in the

---

3 Presumably multiple. Paragraph 3 of Amy Jones' declaration says that she inquired to "others" – with an S – so I assume there were at least two experts she consulted.

field and gain a more intimate knowledge.

22.     At this point, the Defendants have expended many times the energy and man-hours of labor that it would have taken to simply *produce the stupid computer files*! If the sheer physical or financial burden really was their primary concern, why would they be going to such extreme lengths to not comply with this simple and easy request? Are blank computer discs really that expensive these days? Does the process of burning files really require so much time and such intricate computer skills that hiring a computer expect to do so would cost about fifty thousand dollars?!

23.     No, this request is not burdensome. The only explanation that makes any sense is ... they are hiding something. They know that I am onto them. They know that I see right through their transparent lies, but they believed I would never be able to prove it even though I knew it. Now that I have revealed that I can in fact prove that they are lying, they are now panicking and frantically trying to prevent me from getting my hands on that proof. The "burden" of complying with the discovery request is not their concern. Their concern is that producing these computer files would mean the end of their case.

### Conclusion.

24.     Wherefore, premises considered, I respectfully request that the Defendants be ordered to produce the computer files in a timely manner.

25.     So requested on this, the 21st Day of November, 2017.

*[signature]*
David Stebbins
123 W. Ridge St., APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.,
ATP D
Harrison, AR 72601

U.S. District Court
35 East Mountain Street, Room 510
Fayetteville, Arkansas 72701-5354



Received WD/AR
NOV 22 2017
U.S. Clerk's Office