IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID A. STEBBINS                                              PLAINTIFF

V.                         CASE NO. 3:17-CV-03092

STATE OF ARKANSAS;
ARKANSAS REHABILITATION SERVICES;
and AMY JONES                                                  DEFENDANTS

## OPINION AND ORDER

On November 2, 2017, Plaintiff David A. Stebbins filed a Motion and Incorporated Brief in Support to Compel Discovery (Doc. 102), requesting that Defendants provide him with an electronic version of each of the "typed documents" Defendants produced in response to his first request for production. It appears that the document production at issue is 130 pages long. Mr. Stebbins maintains that Defendants tampered with or forged some of these documents, and that he will be able to identify the tampering or forgery if he can view "the original computer files that these documents were attached to." *Id.* at 2. Mr. Stebbins has attached as an exhibit to the Motion an article that purportedly explains how one may examine a Microsoft Word document in electronic format to discover the author of the document, the identities of the editors of the document, and the dates when edits were made. *See* Doc. 102-2. He also attaches another exhibit to the Motion, titled "How to Find Metadata in Word Documents," that gives further instructions on how to search for hidden data. *See* Doc. 102-3.

In response to the Motion, Defendants first argue that Mr. Stebbins failed to confer with them in good faith regarding this discovery dispute prior to filing his Motion to Compel. Second, Defendants assert that requiring them to produce "computer versions" of the

1

documents they already produced in hard copy would be "burdensome and irrelevant." (Doc. 106, p. 2).

Turning to the Motion and supporting exhibits, the Court finds that Mr. Stebbins did, in fact, fail to comply with Federal Rule of Civil Procedure 37(a)(2)(A) and Local Rule 7.2(g), in that he did not make a good-faith attempt to confer with opposing counsel to attempt to resolve this discovery dispute prior to filing a motion with the Court. He admits that he sent a single email to opposing counsel concerning the discovery dispute, see Doc. 102-4, and posits that this email demonstrates his good-faith attempt to confer. It does not. The email is nothing more than a threat. In it, Mr. Stebbins states:

> I will give you only 24 hours to send me an email saying that you are sending your revised discovery responses in the mail. Consider this to be my one and only attempt to resolve the discovery dispute without court action.

Id.

In light of the Court's finding that Mr. Stebbins failed to comply with his obligations under the rules prior to filing his Motion to Compel, the Court could deny the Motion on that basis alone. However, the Court is of the opinion that if the parties were required to go back to the drawing board and attempt to confer about these matters at this point, the time spent doing so would ultimately prove fruitless. The Court will therefore rule on the Motion.

After careful consideration of Mr. Stebbins' Motion and Defendants' response, the Court finds that Defendants have failed to establish that they would suffer any undue burden in being required to produce to Mr. Stebbins a computer disc containing all the Microsoft Word documents that are contained within the 130-page document production at issue. If the production contains no Microsoft Word documents, then Defendants

2

should file a notice on the record affirming such. But if any of the 130 pages are Microsoft Word documents, they must be produced so that Mr. Stebbins may search them in the manner described in the articles he attaches to the Motion.

**IT IS THEREFORE ORDERED** that, to the extent any documents in the 130-page document production at issue are Microsoft Word documents, Defendants are to produce them to Mr. Stebbins on a thumb drive within **seven days** of the date of this Order. The Motion to Compel (Doc. 102) is therefore **GRANTED** to the extent any of the documents at issue are Microsoft Word documents.

**IT IS FURTHER ORDERED** that Mr. Stebbins' request for the reimbursement of his costs and the issuance of sanctions associated with the Motion is **DENIED**.

**IT IS SO ORDERED** on this 5th day of December, 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE