# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**DAVID A. STEBBINS**                                                          **PLAINTIFF**

V.                            CASE NO. 3:17-CV-03092

**STATE OF ARKANSAS;**
**ARKANSAS REHABILITATION SERVICES;**
**and AMY JONES**                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Now pending before the Court are a number of motions filed by Plaintiff David A. Stebbins. The first is a Motion for Leave to Amend Complaint (Doc. 56-1), in which Mr. Stebbins asks the Court to allow him to add a separate cause of action under the Rehabilitation Act against Defendants State of Arkansas ("Arkansas") and Arkansas Rehabilitation Services ("ARS"). Next, Mr. Stebbins presents a Motion for Leave to Amend and for Joinder of Parties (Doc. 57-1), in which he asks the Court to allow him to add claims against Arkansas Department of Higher Education, North Arkansas College ("NAC"), Tovanda Brown, and Donna Wood, for refusing to admit him to NAC in 2017. Defendants Arkansas, ARS, and Amy Jones filed a short brief in opposition to both of these Motions, see Doc. 62, and thereafter filed an amended brief, see Doc. 73.

The next set of motions are to strike portions of Defendants' filings and for sanctions. The first Motion to Strike (Doc. 63) argues that the affirmative defenses contained in paragraphs 25-35 of Defendants' Answer (Doc. 61) are unmeritorious and should be stricken. Mr. Stebbins also asks the Court to impose sanctions on Defendants for asserting these affirmative defenses. In response, Defendants assert that the defenses are not frivolous and were asserted in good faith. See Doc. 71. Mr.

Stebbins' second Motion to Strike (Doc. 91) argues that Defendants' response to his motion for summary judgment[1] "contains not one, but two arguments that are patently frivolous," *id.* at 1. First he explains that Defendants' arguments on summary judgment should be stricken because they were previously raised in Defendants' motion to dismiss (Doc. 15), which the Court denied. Second, he asserts that one of the arguments simply lacks merit, and then characterizes the argument as "frivolous." (Doc. 91, p. 4). Defendants filed a Response to this second Motion for Sanctions (Doc. 97), and Mr. Stebbins filed a Reply (Doc. 100). For the reasons explained in greater detail below, the first Motion for Leave to Amend Complaint (Doc. 56-1) is **GRANTED**, and all other Motions discussed in this Order (Docs. 57-1, 63, 91) are **DENIED**.

### I. MOTION FOR LEAVE TO AMEND COMPLAINT (Doc. 56-1)

Mr. Stebbins' first Motion for Leave to Amend asks that he be permitted to add a claim under the Rehabilitation Act ("RA") against Defendants Arkansas and ARS. He filed the Motion on August 4, 2017. At that time, the deadline to amend pleadings was December 27, 2017. *See* Doc. 66. Defendants have stated no opposition to the relief requested by Mr. Stebbins. *See* Docs. 62, 73. As it stands now, the Complaint (Doc. 2) states claims for violations of the Americans with Disabilities Act ("ADA") for both disability discrimination under Title II of the ADA, and for disability-based retaliation. "The ADA and the RA are 'similar in substance' and, with the exception of the RA's federal funding requirement, 'cases interpreting either are applicable and

---

[1] The Court intends to rule on Mr. Stebbins' Motion for Summary Judgment (Doc. 79) at the same time that it rules on Defendants' Motion for Summary Judgment (Doc. 109), which was filed on December 4, 2017, and is not yet ripe.

interchangeable.'" *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999) (quoting *Gorman v. Bartch*, 152 F.3d 907, 912 (8th Cir. 1998)).

Since Defendants do not oppose Mr. Stebbins' assertion that ARS receives federal funds, it appears that allowing him to add RA claims to the case would not be futile. Furthermore, as previously explained, RA claims are essentially the same as ADA claims, so permitting this amendment will not prejudice Defendants or result in the need for further discovery. Accordingly, the Motion for Leave to Amend Complaint (Doc. 56-1) is **GRANTED**.

## II. MOTION FOR LEAVE TO AMEND AND FOR JOINDER OF PARTIES (Doc. 57-1)

Mr. Stebbins' second Motion for Leave to Amend asks that he be permitted to assert claims for disability discrimination and retaliation against other defendants, namely, Arkansas Department of Higher Education, NAC, Tovanda Brown, and Donna Wood. Mr. Stebbins believes that NAC discriminated and retaliated against him due to his disability when it refused to admit him as a student for the Fall semester of 2017.

The case at bar, which was filed on July 27, 2016, concerns incidents that occurred in November of 2015, when Mr. Stebbins "entered the Harrison division of the ARS and asked to apply for funding to enroll at Arkansas Tech University in Russellville, AR, so he could major in either Computer Science or Information Technology (he had not yet decided which)." (Doc. 2, p. 4). ARS denied his application for services/financial assistance in December of 2015, and Mr. Stebbins filed this lawsuit about seven months later. Then, about a year *after* the Complaint was filed, he decided to enroll in NAC as a "backup plan," (Doc. 57-1, p. 2), presumably in case he did not succeed in obtaining the relief he requested in the instant matter. In his Motion to

3

Amend, he explains that NAC and the individuals who make admissions decisions for NAC rejected his application for admission either because of his disability, or because he threatened to file a written complaint against one of the admissions officers.

After evaluating Mr. Stebbins' Motion, the Court in its discretion declines to allow him to assert these new claims against NAC in the instant lawsuit. The new claims relate to a 2017 application for admission to a college. The claims are not factually related to those in the case at bar, which involve Mr. Stebbins' allegation that ARS, a State agency tasked with providing services to disabled residents, denied his request for tuition assistance in 2015 to attend Arkansas Tech University. The nexus between the 2015 claims and the 2017 claims is simply Mr. Stebbins' belief that the adverse decisions he suffered were motivated by unlawful disability discrimination. This nexus is not enough to justify joinder of these new parties and claims. Federal Rule of Civil Procedure 20(a) predicates joinder on the new claims arising out of the same "transaction, occurrence, or series of transactions or occurrences" as the claims in the original lawsuit. In addition, the original claims and proposed new claims must share at least one question of law or fact in common. The Eighth Circuit in *Mosley v. General Motors Corp.* clarified this requirement when it held that "the same transaction or occurrence requirement of Rule 20 may be construed liberally, [but] this does not mean joinder is proper in the absence of a transactional link." 497 F.2d 1330, 1332 (8th Cir. 1974).

The Court finds that there is no transactional link between Mr. Stebbins' denial of tuition assistance by ARS in 2015 and his denial of admission to NAC in 2017. Therefore the Court finds that joinder of the proposed new parties and claims is not

justified, and the Motion for Leave to Amend and for Joinder of Parties (Doc. 57-1) is **DENIED**.

### III. FIRST MOTION TO STRIKE AND FOR SANCTIONS (Doc. 63)

In this Motion, Mr. Stebbins contends that the affirmative defenses set forth in Defendants' joint Answer (Doc. 61) are frivolous and should be stricken, and that sanctions should be imposed on Defendants for filing frivolous affirmative defenses. Rule 12(f) permits the Court, in its discretion, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Despite this broad discretion however, striking a party's pleadings is an extreme measure, and, as a result . . . '[m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.'" *Stanbury Law Firm v. Internal Revenue Serv.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)). "A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Lunsford*, 570 F.2d at 229.

Rule 8(c), which pertains to affirmative defenses, only requires that they be "state[d]," and nothing more. The heightened pleading standards set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2009), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), do not appear to apply to affirmative defenses. Moreover, "[i]mposing a heightened standard on a defendant to plead facts showing 'plausibility' of the affirmative defenses seems unreasonable in light of the time frame the defendant has to respond to the complaint." *Ash Grove Cement Co. v. MMR Constructors, Inc.*, 2011 WL 3811445, at *2 (W.D. Ark. Aug. 29, 2011).

Upon reviewing the affirmative defenses set forth in the Answer, the Court declines to strike any of them as immaterial, implausible, or wholly unrelated to the claims at issue in the lawsuit. The first Motion to Strike and for Sanctions (Doc. 63) is therefore **DENIED**.

### IV. SECOND MOTION TO STRIKE AND FOR SANCTIONS (Doc. 91)

In Mr. Stebbins' second Motion to Strike and for Sanctions, he points out that in Defendants' brief in support of their response to his summary judgment motion, "[t]hey have essentially repeated, verbatim, the exact same arguments they raised in their motion to dismiss a year ago." (Doc. 91, p. 1). He contends that because Defendants' motion to dismiss (Doc. 15) was denied by the Court, Defendants are somehow prohibited from raising any of the same arguments they made in that motion now, in responding to a motion for summary judgment.

The legal standard that a court looks to when evaluating a motion to dismiss is different than what it uses to evaluate a motion for summary judgment. Nothing in the federal rules precludes a party from raising an argument in a Rule 12(b)(6) motion and then re-raising the same argument in a Rule 56 motion. At the motion-to-dismiss stage, generally no discovery has taken place, and the court evaluates the case only to see if facts have been asserted to state plausible claims for relief. By contrast, a motion for summary judgment is generally filed after discovery has taken place, and in ruling on it, the court must satisfy itself "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is plain that Mr. Stebbins believes that he prevailed on the merits when the Court denied Defendants' motion to dismiss, but this is simply not the case.

Next, Mr. Stebbins asserts that one of Defendants' arguments is so frivolous that it should be stricken. The argument he refers to has to do with Defendants' claim that Mr. Stebbins is not entitled to summary judgment on his First Amendment retaliation cause of action. Simply because Mr. Stebbins disagrees with Defendants' argument—and has a ready response—does not mean that the argument itself is frivolous and should be stricken. The second Motion to Strike and for Sanctions (Doc. 91) is **DENIED**.

**IT IS SO ORDERED** on this 7th day of December, 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE