US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
DEC 26 2017
DOUGLAS F. YOUNG, Clerk
By _____ Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                                          PLAINTIFF

VS.                                          17-3092

STATE OF ARKANSAS, ARKANSAS                                       DEFENDANTS
REHABILITATION SERVICES, AND AMY JONES

## SUPPLEMENT TO MOTION FOR ADVERSE INFERENCE

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following supplement to my Motion for Adverse Inference in the above-styled action.

1. I have recently noticed even more evidence that the Defense had purposefully deleted the metadata and are only pretending that it got deleted by accident.

2. I have already provided the files, with their metadata intact, to the Court on a computer disc. As such, there is no need for me to produce it again.

3. As you can see from the attached disc, the Defendants included four files on their flash drive: Two copies[1] of the Word document "121515StebbinsDRR," a PDF[2] document called "DOC120817," and a separate computer file simply titled "Metadata." The last one is a screenshot purporting on its face to be a small portion of the metadata supposedly contained in Leslie Johnson's recommendation. Supposedly, this screenshot was issued as a consolation for not the Defendants purport-edly being unable to provide the original metadata, in order to create the *illusion* that they were acting in good faith.

4. However, notice how, on the attached disc, the file called "metadata" has a "date modified" of December 11, 2017 at 10:58AM. This is the exact date and time in which the first copy of the Word document " 121515StebbinsDRR" was also edited!

---

1 I have no idea why she felt she needed to include TWO copies of this file, but whatever.
2 Again, I have no idea why she felt that was necessary.

5.      In other words, Christine Cryer *knew* the metadata was going to be lost *before it happened*. To create the illusion that she was acting in good faith, she concocted a plan where she would pretend to offer a screenshot of the metada and include that on the thumb drive as well. So she created the screenshot while simultaneously deleting the metadata off the word document "121515StebbinsDRR." However, she actually *saved* her progress on both documents at the same time, causing the "date modified" to be the same on both documents!

6.      This means that the effort was done to create the screenshot long before the loss of metadata actually happened. Since the saving of the file necessarily was the last step in the file's creation, that means that her decision to make the file obviously had to precede that step. Because *duh*!

7.      But since her saving of the "metadata" screenshot, and the supposedly accidental loss of the original metadata that the screenshot was *supposed* to compensate for, both happened at the same time, that means her decision to create the screenshot obviously had to have predated the loss of metadata that made the screenshot necessary in the first place!

8.      Now I know what the Defendants and the Court are both thinking right now: "Just because both files were saved at 10:58AM does not mean they were saved simultaneously. There are a full 60 seconds in that minute when each of the files could have been saved."

9.      That is true, but it is extremely unlikely that the "metadata" file was saved *after* the "121515StebbinsDRR" file, but during the same minute on the clock.

10.     First of all, in order for that to happen, we have to assume that the "121515StebbinsDRR" file was originally transferred to the thumb drive on the very first second of 10:58AM, in order to give Christine Cryer the maximum amount of time to create the screenshot. That already has merely a 1 in 60 chance of happening, so the odds are already

stacked against the Defendants, even as-is. But even assuming that is what happened, it is still wholly implausible that she could have actually created the screenshot from the ground up in such a small amount of time, anyway! In order for that to be the case, Christine Cryer would have had to …

- transfer the "121515StebbinsDRR" file to the thumb drive,
- notice that the date modified was changed,
- realize the potential implications that entailed to the current case,
- decide on a partial solution of providing a screenshot of the original metadata,
- navigate to the "121515StebbinsDRR" file in her own Exporer window,
- right click on the file,
- select "properties,"
- click on the "details" tab to make the metadata show up,
- click once on the "author" field to ensure that this field was highlighted in blue as it appears on the screenshot,
- pressed the "print screen" key on her keyboard,
- pasted the screenshot into MS Paint or some other photo editing software,
- clipped out the sides of the screenshot so that only the metadata tab was still visible,
- copied and pasted that screenshot into a Microsoft Word document,
- saved the Microsoft Word document,
- decided on the name "metadata" for this file,
- typed the word "metadata" when prompted to enter the file name, and
- then actually waited for Microsoft Word to fully process the save,

11. ... all over the course of a measly sixty seconds!

12. Maybe you could do all of that in 60 seconds or less, but you would have to know exactly what you were doing and beeline through the process, without ever stopping to think about what your next step should be. In other words, in order for it to be even remotely believable that Cryer created the screenshot from the ground up only after the original metadata was lost, Cryer still would have had to have known this was going to happen and was already prepared!

13. In other words, it still would have had to have happened on purpose. Cryer would still have had to have acted with premeditation.

14. I previously stated that the odds that metadata was lost by accident by transferring the files to a thumb drive were one in a million! But for not only that to be the case, but also for the events mentioned in Paragraphs 10-11 to have all transpired in less than 60 seconds, both in the course of one sitting?! One in a million odds is an understatement at that point!

15. The evidence is piling up more and more by the day. There is simply no way around it; the Defense Attorney purposefully deleted the metadata, provided only partial metadata that she saw no harm in letting me see, and only *pretended* like she was actually acting in good faith.

Wherefore, premises considered, I respectfully request that the Motion for Adverse Inference be granted.

So requested on this, the 21st day of December, 2017.

_____
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601

U.S. District Court
35 East Mountain Street, Room 510
Fayetteville, Arkansas 72701-5354

72701$5353