IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                                                 PLAINTIFF

v.                              NO. 3:17-CV-03092-TLB

STATE OF ARKANSAS, ARKANSAS                                       DEFENDANT
REHABILITATION SERVICES, AND
AMY JONES

## RESPONSE IN OPPOSITION TO PLAINTIFF'S
## MOTION FOR ADVERSE INFERENCE (D.E. 117)

Come now the Defendants, the State of Arkansas, Arkansas Rehabilitation Services ("ARS"), and Amy Jones, by and through their attorneys, Attorney General Leslie Rutledge and Senior Assistant Attorney General Christine A. Cryer, and for their Response in Opposition to Plaintiff's Motion for Adverse Inference (DE 117), state as follows:

1. Defendants admit the statements in paragraph 1 of the motion.

2. Defendants admit that in compliance with the Court's Order, they produced a copy of the 2-page Rehabilitation Initial Diagnosis and Assessment for Client's form, as stated in paragraph 2 of Plaintiff's motion. The review date (found on the first page) on the report was December 15, 2015. (DE 114-3) The 2-pages were produced via a thumb-drive mailed to the Plaintiff.

3. In addition to the production of these 2-pages via a thumb drive, the undersigned also forwarded to the Plaintiff an email from Leslie Johnson, which contained a Microsoft Word copy of the 2-page document. (DE 114-3) The email from Johnson was dated December 8, 2017 and was sent to the undersigned at 3:15

p.m. This was the first time the undersigned was in possession of a Microsoft Word version of Ms. Johnson's report. Previously, the document provided to the undersigned was produced in .pdf format only.

4. While attempting to comply with this Court's Order and to produce a copy of the Microsoft Word document to the Plaintiff on a thumb drive, the undersigned noticed that when the 2-page document was opened in Microsoft Word and then saved onto the thumb drive, the "date last modified" changed to that day – December 8, 2017. (DE 114-3)

5. When the undersigned noticed that the "last modified date was changing," I opted to open the email received from Ms. Johnson and forward it directly to the Plaintiff. (DE 114-3) When the email was forwarded, the "date last modified" did not change. This allowed the Plaintiff to review the document in the same condition as the undersigned had.

6. This was explained to Plaintiff in an email that was sent to him on December 11, 2017 at 3:15 p.m. (DE 114-3). A screen shot of the properties page was taken and sent to Plaintiff as well. The details listed the following:

- Authors:          Leslie S. Johnson
- Last saved by     Leslie S. Johnson
- Program name      Microsoft Office Word
- Company           Arkansas Rehabilitation Services
- **Content created**   **12/15/2015  11:22 am**
- Date last saved   12/16/2015  11:11 am
- Last printed      12/16/2015  11:10 am (DE 114-3 & attached)

7. Neither the defendants nor the undersigned have tampered with the records, as Plaintiff has alleged in paragraph 3. Plaintiff was provided with a copy

2

of the record as it appeared on the undersigned's computer when the email was forwarded to Plaintiff on December 11, 2017.

8. While the undersigned appreciates the confidence Plaintiff has in her computer skills, they are misplaced. The undersigned is not, for better terms, technologically literate. She did the best that she could do by both saving the document on a thumb drive and sending it to the Plaintiff as well as forwarding the email received from Ms. Leslie Johnson directly to Plaintiff. The number one goal was to adhere to this Court's Order and produce for the Plaintiff what he was requesting in the format it was to produce to the undersigned in.

9. On Wednesday, December 27, 2017, the undersigned consulted the Attorney General's IT Department for guidance. Paul Goldner, the Director of IT, has explained in a memo how the document was saved. A copy of the memo is attached for the Plaintiff and the Court to review. (see attached)

10. The 2-page document was not transferred from one hard drive to another, as Plaintiff has alleged in paragraph 4 of his motion. The document was saved from the email and then copied onto the thumb drive.

11. Defendants deny there is "clear evidence" of any illegal, improper, or other malicious actions by the defendants or their counsel, as alleged in paragraph 5 of the motion.

12. Plaintiff did not provide the undersigned a copy of the CD it produced to the Court, so the undersigned is unable to admit or deny any of the information contained on it as stated in paragraph 6 of the motion. The Plaintiff did, however,

email to the undersigned a "zip" drive on December 26, 2017 in which Plaintiff purports to be the same information provided to the Court. Again, without having one to compare to the other, the defendants are unable to either admit or deny.

13. Defendants admit Plaintiff filed a brief contemporaneously with his motion, as stated in paragraph 7 of the motion.

14. Defendants strenuously deny Plaintiff's assertions that there was any "blatant attempts" to destroy metadata, or that any metadata was in fact destroyed, as alleged in paragraph 8 of the motion. To the understanding of the undersigned, as explained by the IT Director for the AG's office, the metadata has not been lost at all.

15. When one party requests that an adverse instruction be given, the district court is required to make two findings before an adverse inference instruction is warranted: (1) "there must be a finding of intentional destruction indicating a desire to suppress the truth," and (2) "[t]here must be a finding of prejudice to the opposing party." *Stevenson v. Union Pacific R.R. Co.*, 354 F.3d 739, 746, 748 (8th Cir.2004). Neither finding is warranted in this case. The metadata has not been lost or destroyed, and there has been no prejudice to the Plaintiff.

16. The undersigned welcomes a conference call or a hearing to resolve this matter, and can offer testimony from the AG IT Director, Paul Golder, in support of this response.

17. In addition, the undersigned stands ready to forward a copy of the email which contained the 2-page document, or the document itself, to the Court for review.

WHEREFORE, Defendants respectfully request this Court deny Plaintiff's motion, and for any and all other just and proper relief to which they may be granted.

Respectfully submitted,

Leslie Rutledge
Attorney General

By: /s/ Christine A. Cryer
Christine A. Cryer
Arkansas Bar No. 2001082
Sr. Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Telephone: (501) 683-0958
Facsimile: (501) 682-2591
Christine.cryer@arkansasag.gov

## CERTIFICATE OF SERVICE

I, Christine A. Cryer, Senior Assistant Attorney General, do hereby certify that on December 28, 2017, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system.

I, Christine A. Cryer, hereby certify that on December 28, 2017, I mailed the document by U.S. Postal Service to the following non CM/ECF participant:

Mr. David Stebbins
123 W. Ridge St., Apt. D
Harrison, Arkansas 72601

/s/  Christine A. Cryer