US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
JAN 0 2 2018
DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                  PLAINTIFF

VS.                   CASE NO. 3:17-cv-03092

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES          DEFENDANTS

## DAUBERT MOTION TO DISQUALIFY LESLIE JOHNSON

Comes now, *pro se* Plaintiff, who hereby submits the following *Daubert* Motion to disqualify Leslie Johnson from offering expert testimony.

1. Leslie Johnson is the Defendant's primary expert witness. The Defendants plan to have her testify that, in her expert medical opinion, my symptoms are likely to manifest in a vocational setting.

2. I have already filed a Motion for Adverse Inference in the above-styled action. There, I ask the Court to declare that Leslie Johnsons' recommendation had been tampered with, as evidenced by the eight (8) revisions the document had undergone and the fact that the defense attorney had purposefully deleted the metadata while pretending like it only happened

3. Leslie Johnson did not base this opinion on any medical observations. She interpreted my medical records, but these records did not state that I am incapable of succeeding in the workforce. The medical records only stated that I had the symptoms of impulsiveness and depression. She used the existence of those symptoms (including one symptom – emotional intensity – that wasn't in the records, but instead she just made up) to justify her summary and arbitrary determination that I was not likely to succeed in the workforce.

4. Leslie Johnson's testimony is chronically deficient. It fails nearly every criteria set forth in the case of Daubert v. Merrell Dow Pharms., 509 U.S. 579 (U.S. 1993). As such, her testimony

should be disqualified.

5. The Defendants' most fatal flaw in their procedure was that I was not examined personally. That one error in their procedure causes nearly every criteria for expert testimony to not be met.

   (a) Her statements are not empirically testable.

   (b) They are not subject to peer review.

   (c) There is no means of gauging her margin of error.

   (d) There are absolutely no standards controlling the technique's operations.

   (e) She never explained her technique or her methods of obtaining these results.

6. Aside from this person just happening to be an expert in the field, her testimony has absolutely zero basis to be classified as expert testimony. Therefore, it should be disqualified.

7. With Leslie Johnson's testimony being disqualified, the Defendants now have no basis on which they can justify their discriminatory acts. They claim that they based their decision was based on Leslie Johnson's recommendation. But if that recommendation carries no weight, then they have nothing left to fall back on. At that point, they merely denied my application because I was disabled and have no justification for it. Therefore, the Defendants' Motion for Summary Judgment should be denied and both of my Motions for Summary Judgment should be granted.

8. Please find, attached to this motion, the following exhibits:

   (a) **Exhibit 1** – Defendants' Response to Plaintiff's Request for Admissions.

   (b) **Exhibit 2** – Affidavit of Leslie Johnson

   (c) **Exhibit 3** – Affidavit of Amy Jones

9. A brief is being filed in support of this motion, the contents of which are hereby incorporated by reference.

Wherefore, premises considered, I respectfully request that Leslie Johnson be disqualified as an expert witness, costs incurred be awarded, and any other relief to which I may be entitled.

So requested on this, the 29th Day of December, 2018.

/s/ David Stebbins
David Stebbins
123 W. Ridget St.,
APT D
Harrison, AR 72601
8702-204-6516
stebbinsd@yahoo.com