US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JAN 0 2 2018

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                                            PLAINTIFF

VS.                         CASE NO. 3:17-cv-03092

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES            DEFENDANTS

## STATEMENT OF UNDISPUTED FACTS IN SUPPORT
## OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Statement of Undisputed Facts in Support of his Motion for Partial Summary Judgment.

**UNDISPUTED FACT NO. 1:** Defendants have four basic eligibility requirements for an applicant to be eligible for ARS vocational assistance: First, I must have a disability. Second, this disability must result in some "impediment to employment." Third, I must be capable of succeeding in the workforce with some assistance from ARS. Fourth, I must actually require the ARS's assistance to achieve employment success.

- See Exhibit 1

**UNDISPUTED FACT NO. 2:** I meet Eligibility Requirement No. 1.

- See Exhibit 2, Answer to Requests for Production Nos. 3.

- See also Exhibit 3, Answer to Requested Admission No. 1.

**UNDISPUTED FACT NO. 3:** I meet eligibility requirement Nos. 2 & 4.

- See Doc. 16, Page 9: "these symptoms are illustrative of why Stebbins could not ... succeed in the workforce." See also Doc. 85, Page 16 (same). See also Doc. 110, Page 18 (same).

**UNDISPUTED FACT NO. 4:** The Defendants have no evidence that Eligibility Requirement No. 3 is an *essential* eligibility requirement. In other words, they have no evidence that

abolishing, relaxing, or curbing it would fundamentally alter the services provided.

- See Exhibit 2, Answers to Interrogatory No. 1, Interrogatory No. 2, and Request for Production No. 1.

In response to Interrogatory No. 2, the Defendants outright scoff at the premise of having to modify their policies. "Defendants do not believe that the policy needs modifying." To them, the idea of having to curb their own behavior to conform to federal law is preposterous.

In their response to Interrogatory No. 1, the Defendants outline their own *procedure* for providing benefits. This, however, does not count as an *essential* nature of the service provided. This, at best, would classify as a peripheral matter. Changing it would only be a minor inconvenience for them.

In addition, even if they could *articulate* an essential requirement that Eligibility Requirement No. 3 supposedly serves, they have offered absolutely zero evidence to show that waiving, curbing, or relaxing that requirement would, in fact, cause that fundamental alteration. See **Exhibit 2, Answer to Request for Production No. 1**. Much like with strict scrutiny when a law is challenged as unconstitutional, merely *stating* the compelling state interest/fundamental alteration is not good enough; you then have to show *evidence* to prove it. The Defendants have simply failed to do that.

**UNDISPUTED FACT NO. 5:** The Defendants believed that attending therapy sessions and completing that therapy would cause me to be otherwise qualified.

- See **Exhibit 4**:

    "Mr. Stebbins would likely benefit from treatment and the support of a therapeutic relationship ... His vocational success will depend on him stabilizing and effectively managing his psychiatric issues. In order for Mr. Stebbins to be appropriate for ARS services he should be able to demonstrate a period of stable functioning."

- See also Doc. 86, Response to Fact No. 6: "Ms. Johnson determined that it was reasonable to recommend a referral to a local mental healthcare provider"

**UNDISPUTED FACT NO. 6:** The Defendants maintain that I engaged in hostile behavior with ARS staff over the phone during December 2015. The declarants of these statements are Lorraine Miller, Caterina Matheny, Alana Walls, and an anonymous writer.

- See **Exhibit 5**, **Exhibit 6**, **Exhibit 7**, and **Exhibit 8**

**UNDISPUTED FACT NO. 7:** None of the declarants listed in Undisputed Fact No. 6 are listed by the Defendants as witnesses.

- See **Exhibit 10**, Answer to Interrogatory No. 1.

**UNDISPUTED FACT NO. 8**: Amy Jones – who is listed as a witness – has also issued a client contact note that says that I have engaged in hostility with ARS staff "at every turn." However, she makes no specific contentions that are based on her own personal observations. Therefore, the argument is still hearsay.

- See **Exhibit 9**

**UNDISPUTED FACT NO. 9:** I have proposed an accommodation that would enable me to have the therapy that the Defendants believed I needed while still receiving ARS services: That accommodation would be to have both the therapy and college enrollment at the same time.

- See Doc. 19, ¶ 41.

With this accommodation, both parties get what they want. The Defendants get what they want (that I enroll in a therapeutic relationship) and I get what I want (funding to attend college). That's called "compromise," and it is a fundamental aspect of human interaction.

**UNDISPUTED FACT NO. 10:** The Defendants have shown no evidence whatsoever to prove that this accommodation is unreasonable.

- See Doc. 103, ¶¶ 30-35.

- See also **Exhibit 11,** ¶¶ 33-34.

As stated above during Undisputed Fact No. 4, their unsubstantiated beliefs are not evidence. Therefore, provided that the Defendants in fact bear the burden of proof as a matter of law, this burden has not been met.

I have previously asserted that the Defendants have made the determination that my proposed accommodation is unreasonable solely on the grounds that they did not like the proposal, and therefore, decided it was unreasonable based on absolutely no grounds other than the mere fact that they said so. However, it has recently occurred to me that ¶ 34 of Amy Jones' affidavit might have been an attempt by the Defendants to offer to at least some semblance of justification behind their finding.

However, even if that were the case, the Defendants still have provided no evidence to support their position. Even if she may have articulated the grounds for her decision with specificity, *explaining* her decision and *showing evidence to support* her decision are two completely different things!

**UNDISPUTED FACT NO. 11: The ARS has the option of increasing the amount of benefits given to each applicant under extenuating circumstances, with no hard-coded maximum.**

- See **Exhibit 12**.

    "Although it is not the intent of ARS to limit services to any individual, thresholds (maximum allowable amounts) have been established for some services. ARS recognizes that some individuals with disabilities have unique needs, which may need to be considered as an exception to the normal policy. These individuals are informed and provided an opportunity to request an exception to service provision policies due to extenuating circumstances."

**UNDISPUTED FACT NO. 12: I argued extenuating circumstances to the Defendants that required that I have 100% of my college expenses paid by them, not simply $5,300.**

- See **Exhibit 13**.

**UNDISPUTED FACT NO. 13: The average annual salary in the United States for a person with a bachelor's degree in the field of computer and information technology for the year 2016 – the most recent year for which statistics are available – is $89,685.71 per year, or $1,724.73 per week.**

- See **Exhibit 14**.

Although this article gives an estimate of $82,860 per year, it is important to note that this average includes career fields that are not relevant in this case.

Ten career fields are listed. However, one of them - "Computer and Information Research Scientists" - requires a graduate degree. The ARS almost certainly does not provide funding for graduate degrees. Another career field - "web developers" - requires an associates degree. If I am entitled to any relief at all in the case, I would, at minimum, be entitled to have ARS pay for a bachelor's degree, since that is what I was applying to do in the first place. So we can safely omit that career. A third career field - "Computer Support Specialists" - has a unique entry requirement that is not related to a college degree. Because I was applying for assistance in pursuing a college degree, we can omit that career field from our calculations as well.

This leaves us with seven (7) career fields – Computer Network Architects, Computer Programmers, Computer Systems Analysts, Database Administrators, Information Security Analysts, Network and Computer Systems Administrators, and Software Developers – that require a bachelor's degree to enter.

These seven career fields have reported 2016 annual pays of $101,210 per year, $79,840 per year, $87,220 per year, $84,950 per year, $92,600 per year, $79,700 per year, and $102,280 per year, respectively.

Add all those annual pays together, and then divide that total by 7, and we get an average annual pay of $89,685.71 per year, or $1,724.73 per week.

## CONCLUSION

Wherefore, premises considered, I respectfully request that this Motion for Partial Summary Judgment be granted. So requested on this, the 29th day of December 2017.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com
