US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
JAN 0 2 2018
DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS     PLAINTIFF

VS.     CASE NO. 3:17-cv-03092

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES     DEFENDANTS

## RESPONSE IN OPPOSITION TO [109] MOTION FOR SUMMARY JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Response in Opposition to the Defendants' Motion for Summary Judgment.

1. Before we continue, I wish to remind the Court of some very important limitations on its power.

2. First, this Court cannot raise new claims or defenses sua sponte, unless it pertains to the Court's subject-matter jurisdiction.

    (a) See Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011) ("Under [the adversarial system], courts are generally limited to addressing the claims and arguments adv-anced by the parties. Courts do not usually raise claims or arguments on their own")

    (b) See also Sanchez-Llamas v. Oregon, 548 US 331, 356-57 (2006) ("The consequence of failing to raise a claim for adjudication at the proper time is generally forfeiture of that claim. As a result, rules such as procedural default routinely deny 'legal significance' ... to otherwise viable legal claims").

    (c) See also Sayre v. Musicland Group, Inc., 850 F. 2d 350, 353 (8th Cir. 1988) (failure to plead affirmative defenses constitutes waiver of that defense, even if not specifically listed in Rule 8(c)).

    (d) See also Sartin v. Commissioner of Pub. Saf. of St. of Minn., 535 F. 2d 430, 433 (8th

Cir. 1976) (same).

3. This means that, if the Defendants, in their response to this motion, fail to establish any dispute of material fact, this Court cannot "bail out" the Defendants by raising its own disputes of material fact. To do so would cause the court to become an advocate for the defense, and I should not even have to explain to you why that is not allowed.

4. I would also like to remind this Court that it cannot issue an order without giving an explanation behind it. Failure to give an explanation constitutes an automatic abuse of discretion.

    (a) See US v. Burrell, 622 F. 3d 961, 964 (8th Cir. 2010) ("We have held that a district court need not give lengthy explanations ... but this does not permit a district court to give no explanation for its decision");

    (b) See also Rayes v. Johnson, 969 F. 2d 700, 704-705 (8th Cir. 1992) ("The district court may have had reason to deny Rayes' request for subsequent counsel, but no explanation appears in the record. The request was summarily denied twice.")

    (c) See also Slaughter v. City of Maplewood, 731 F. 2d 587, 589 (8th Cir. 1984) ("we neverthe-less find it necessary to remand because we cannot determine from the record whether the district court exercised a reasoned and well-informed discretion, so as to permit our review for abuse of discretion")

    (d) See also Foman v. Davis, 371 US 178, 182 (1962) ("[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.")

    (e) See also Gulf Oil Co. v. Bernard, 452 US 89, 103 (1981) ("We conclude that the imposition of the order was an abuse of discretion. The record reveals no grounds on which the District Court could have determined that it was necessary or appropriate to impose this

order.")

(f) See also US v. Walters, 643 F. 3d 1077, 1080 (8th Cir. 2011) ("given the lack of specific findings and the evidence in the record, we find that the district court abused its discretion").

(g) See also Jarrett v. ERC Properties, Inc., 211 F. 3d 1078, 1084 (8th Cir. 2000) ("The district court's good faith finding was stated in conclusory fashion with no explanation ... Therefore, the court abused its discretion").

(h) See also Thongvanh v. Thalacker, 17 F. 3d 256, 260 (8th Cir. 1994) ("A careful review of the record reveals no explanation whatsoever for the reduction. Accordingly, the jury award of $4,000 is restored").

(i) See also Purcell v. Gonzalez, 549 US 1, 8 (2006) ("There has been no explanation given by the Court ... we vacate the order of the Court of Appeals")

(j) See also Press-Enterprise Co. v. Superior Court of Cal., Riverside Cty., 464 US 501, 513 (1984) ("Thus not only was there a failure to articulate findings with the requisite specificity but there was also a failure to consider alternatives to closure and to total suppression of the transcript. The trial judge should seal only such parts of the transcript as necessary to preserve the anonymity of the individuals sought to be protected.")

(k) See also United States v. Grinnell Corp., 384 US 563, 579 (1966) ("The District Court gave no explanation for its refusal to grant this relief. It is so important and customary a provision that the District Court should reconsider it").

(l) See also Delaware v. Van Arsdall, 475 US 673, 680 (1986) ("In so doing, it offered no explanation why the Chapman harmless-error standard ... is inapplicable here.")

5. This means that, if this Court wishes to deny this Motion, it must actually state with

particularity which facts are in dispute, point to the evidence presented by the defense to show that this dispute exists1, and provide citations of law.

6. This means that this Court cannot simply say that whatever material fact is "still in dispute" and end the analysis there. It must show what evidence the Defense has that actually disputes my evidence.

7. With that said, on with the rebuttal of the Defendants' motion.

8. The Defendants have not shown any fact to be beyond genuine dispute, let alone all material facts.

9. The Defendants arguments that my claims must fail due to my alleged failure to exhaust administrative remedies is patently frivolous. The Defendants attach no federal law actually imposing any duty to exhaust intradepartmental remedies in this case; therefore, the claim is not even properly before the Court in the first instance pursuant to AR Local Rule 7.2, let alone has any colorable merit.

10. The Defendants' grounds for summary judgment on the claim of disability discrimination relies on a fact that is not material. They rely on the fact that I am not likely to succeed in the workforce. Even if that were undisputed (which it is not), it is not a material fact.

11. To make this into a material fact, the Defendants must show that "likelihood of success in the workforce" is in fact an *essential* eligibility requirement. They have not even attempted to show that yet.

12. The Defendants were unequivocally put on notice that it was a disputed fact whether or not "likely to succeed in the workforce" was an essential eligibility requirement when Magistrate Judge J Thomas Ray issued his Recommended Partial Disposition (Doc. 51) when he stated, in pertinent part, the following:

> "In ADA cases, rather than simply deferring to an entity providing the service in question and deeming its eligibility rules to be sacrosanct, a reviewing court must undertake an independent analysis of the importance of an eligibility requirement for a public program or benefit. It is inconstitent with the ADA to elevate the unilateral approval of the entity accused of discrimination to the status of an essential eligibility requirement ... thus, in determining whether Stebbins is a 'qualified individual with a disability' for Title II purposes, the Court is not bound by Defendant ARS's determination that he was not qualified to receive its benefits."
> See Doc. 51, pp. 12-13 (citations and quotations omitted).

13. So the Defendants cannot say that they did not know that this was a disputed fact, because they did indeed know.

14. Even if the Court accepts as undisputed that "likely to succeed" is an essential eligibility requirement, there is evidence that the Defendants have purposefully tampered with the records. Please see the "Motion for Adverse Inference" and Brief in Support thereof.

15. In addition, I am also filing a Daubert Motion to disqualify the testimony of Leslie Johnson, which is being filed simultaneously with this Response. That motion should be taken up before the Defendants' motion gets rule don, because if that motion is granted, that would deal a fatal blow to the Defendants' case, and their Motion for Summary Judgment should be denied just on that alone.

16. But even if that motion gets denied, the Defendants have not unequivocally shown that I do not meet the requirement of "likely to succeed in the workforce." Again, they argue frivolously that their determination is sacrosanct. They have provided absolutely no evidence that I am incapable of being successful in college or the workforce, other than their uncorroborated word (which was most likely tampered with anyway). They have not shown any nondispute of material fact.

17. I have produced a variety of evidence that shows that I can indeed be in college. I have three witnesses ready to be called at trial if need be to show that I can indeed do that. If I even

have to produce any rebuttal evidence, I have unequivocally done so.

18. Moreover, the "qualified individual" inquiry does not end even if the Court accepts Defendants' contentions that "likelihood of success in the workforce" is an essential requirement for obtaining benefits from ARS *and* that Stebbins failed to meet that requirement. The Defendants must also consider any reasonable accommodations or reasonable modifications in policies that could enable me to qualify. In other words, "by the express word of Congress, it is not necessary for a person to meet all eligibility requirements. Instead, if a proposed modification of those requirements is reasonable, a person can be a qualified individual." See Pottgen v. Missouri St. High Sch. Activities Ass'n, 40 F. 3d 926, 992 (8th Cir. 1994).

19. The Defendants hold the burden of proving that my proposed accommodation is not reasonable. They have not offered even a scintilla of evidence to fulfill that burden. Therefore, the Defendants are not entitled to summary judgment.

20. Next, the Defendants are not entitled to summary judgment on either of the retaliation claims. The Defendants have offered no evidence whatsoever that the adverse action was not motivated, at least partially, by my statutorily protected activities. The Defendants explicitly listed my statutorily protected activities as one of the reasons why denial of ARS benefits was recommended. That alone is enough evidence upon which a reasonable jury could make the finding that the Defendants used my statutorily protected activities as one of the reasons behind the adverse action.

21. The Defendants have offered zero evidence, other than their uncorroborated word, that the adverse action was not based even slightly on my statutorily protected activities. The Defendants' uncorroborated word that the adverse action was not based on my statutorily protected activities does not cause the fact to become undisputed. The mere fact that the

Defendants claim something does not cause it to become true.

22. They can present their testimony at trial and allow the jury to be the deciders of witness credibility. But this Court must reject their uncorroborated word in a Motion for Summary Judgment.

23. Even if their uncorroborated word even had the potential to be dispositive evidence, their uncorroborated word is so flimsy and contains so many holes in its logic that it carries no weight even if it may have had the potential to carry weight. These inconsistencies include, but are not limited to, the following:

(a) In the recommendation, Dr. Johnson explains that the thing that inspired her to check my litigation history was that I said that I was chronically targeted by corrupt government. However, in her affidavit, she says that the thing that inspired her to check my court history was my criminal charges in 2011. So which was it?

(b) In her affidavit, Dr. Johnson says that she was only checking my court history to see if I had any currently pending criminal charges. She says that she was not looking for evidence of any civil litigation and only saw the civil litigation by happenstance while she was searching for records of my criminal past. However, this is impossible. The Federal PACER service very clearly marks whether I am the Plaintiff or the Defendant. Thus, it is impossible she would have seen my litigation history before realizing that they

24. A mere scintilla of evidence is not enough to even so much as create a genuine dispute of material fact if the Defendants were the nonmovant, let alone prove beyond genuine dispute that their position is correct when they are the movants in a motion for summary judgment. Therefore, their Motion for Summary Judgment must fail for being patently frivolous.

25. Please find, attached to this Response, the following exhibits:

- **Exhibit 1**: Affidavit of David Stebbins\
- **Exhibit 2**: Defendants' Answers to Plaintiff's First Interrogatories.
- **Exhibit 3**: PACER search results for "David Stebbins."
- **Exhibit 4**: Plaintiff's Answers to Defendants' First Interrogatories and Requests for Production.
- **Exhibit 5**: Letter from Joan Lipsmeyer, who is a witness I plan to call at trial. I plan to use this letter to impeach her testimony if she does not testify consistently with its contents.
- **Exhibit 6**: An email conversation with Rachel Lanning, another one of my old teachers who I plan to call as a witness.
- **Exhibit 7**: Defendant's initial responses to Plaintiff's Fifth Interrogatories and Requests for Production.

26. Please also find, attached to this response, a Statement of Disputed Facts and a Brief in Support of this Response. The contents of both are hereby incorporated by reference.

27. Wherefore, premises considered, I respectfully request that the Defendants' Motion for Summary Judgment be denied in its entirety.

So requested on this, the 2nd day of January, 2017.

*David Stebbins*

David Stebbins
123 W. Ridget St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com