Case 3:17-cv-03092-TLB   Document 129   Filed 01/03/18   Page 1 of 11 PageID #: 1497

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JAN 03 2018

DOUGLAS F. YOUNG, Clerk
By
    Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                                      PLAINTIFF

VS.                       CASE NO. 3:17-cv-03092

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES             DEFENDANTS

## REPLY TO RESPONSE IN OPPOSITION TO MOTION FOR ADVERSE INFERENCE

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Reply to the Defendants' Response in Opposition to my Motion for Adverse Inference.

1. The Defendants, of course, deny that they purposefully deleted the metadata. However, once again, they offer absolutely zero evidence beyond their uncorroborated, self-serving statements in support of this denial.

2. The Defendants now say that the reason the metadata was lost when transferring to a thumb drive is because Ms. Cryer tried to use "File > Save As" to save the files to the thumb drive.

3. They also offer the statements (but not even the sworn testimony or affidavits) of someone who *claims* to be one of their IT technicians. This witness is untimely. If I were to argue at trial that the Defendants purposefully deleted the metadata, they would not be allowed to call him as a witness to rebut my arguments, since he is a surprise witness and was not timely disclosed (just like the witnesses who supposedly commented on my hostile behavior with them over the phone). They also would not be permitted to testify to what he told them, since A) that would require the Defense Attorney herself testify, and B) even if she was sworn in, for her to testify about what this supposed IT expert told her would be blatant hearsay, just like the testimony that Amy Jones would give about me being supposedly hostile with her staff over the

phone!

4.	I have thoroughly demonstrated, in numerous ways[1], how the accidental deletion of the metadata was exceptionally unlikely. The Defendants' arbitrary and summary denials of harmful intent mean nothing.

### Defendants' complaint about of disc is without merit.

5.	The Defendants complain that they were not provided with a copy of the computer disc that I attached to my motion, and as such, cannot admit or deny many of the facts contained in my motion. This is yet another lie.

Assuming, without conceding, that their copy of the disc simply failed to reach them, they were nevertheless provided with a copy the disc's contents. See **Exhibits 1 & 2**, emails sent to the Defendants on two different dates where I promised to rectify this mistake at my earliest possible opportunity. My desktop computer had broken down recently, so I could not simply resend the disc to them[2]. Exhibit 1 is the email where I promised to send them the contents of that disc whenever I could, and Exhibit 2 is the email where I kept that promise.

6.	Exhibit 2 was sent on the evening of December 26, 2017. This means that the Defendants would have had the entirety of December 27, 2017 to review its contents.

7.	Besides, even if I did not provide them this, the Defendants are still lying when they say that they did not have the contents of the disc. As the Court can clearly see from the contents of

---

1	Including, but not limited to ... showing that metadata is usually preserved when transferred to a thumb drive, showing how metadata can potentially be preserved across an email attachment, but that certain steps must be taken to protect the metadata, which the Defendants simply did not do, and also, showing how the Defendants actually created the screenshot of the lost metadata at the same time that the metadata was actually lost (see my supplement).

2	My laptop, from which I was writing at the time, had a CD-ROM reader, but it was not able to write computer discs, only read those which had already been written. To be able to create computer discs from the ground up, I would need a CD-RW drive (the "RW" stands for "re-writable"), which my desktop had, but my laptop did not.

this disc, the only thing I have included on that disc that was not also in the Defendants' thumb drive is the video demonstration I made to show the Court how the metadata is and is not preserved across various mediums. However, in the body of the motion itself, I also included a URL that the Court and the Defendants could both visit in their web browsers to view that video demonstration with or without the disc. The Defendants already had everything else that was included on the disc.

8. It seems that the Defendants are instead just using this as an excuse to be able to deny that the email did not successfully transfer the metadata. Since the video demonstration unequivocally proves that the metadata was lost from the email transfer, the only way the Defendants could deny same at this point is if they had some kind of an excuse for not viewing the video ... so they just made up an excuse.

9. So when I mailed the disc to them the first time, when the Defendants claim that this mailing never got delivered, they are arguing a harmless error. Even if the Defendants' copy of the disc got lost in the mail, and even if I *didn't* correct that as documented in Exhibit 2, that should still be ignored pursuant to Fed.R.Civ.P. 61.

10. Since the Defendants do not have an excuse for not denying the factual allegations that reference the enclosed disc, the factual allegations contained therein should be presumed true by default, pursuant to AR Local Rule 7.2(f).

### Denying that the metadata was lost means nothing.

11. The Defendants deny that the metadata was lost. This is a bald faced lie.

12. The Defendants have already confessed that the metadata was lost when transferring the files to a thumb drive. That was the whole reason they resorted to emailing it to me in the first place! Denying that the metadata was lost after they have already confessed to losing it is just

asinine.

13. The Defendants denying that the metadata was lost during the email attachment is equavally frivolous. I provided video proof that the metadata was lost. The Defendants are denying that which the Court can see with its own two eyes. Just because the Defendants are too lazy to look at the video evidence provided to them (both as a URL and as an email attachment) does not make the evidence any less valid.

14. Even assuming, for the sake of argument, that this Goldner fellow genuinely believed in his moment that his advice about using email was accurate, the bottom line is that his advise of using email *simply didn't work*!!! I have provided a video demonstration proving as thoroughly as I possibly can that the metadata was in fact lost when attached to an email. I also showed not one, but two methods for how the files could have been provided to me without losing the metadata; first, they could have simply copied and pasted the files directly to the thumb drive using Windows Explorer; second, they could have emailed the files to me using file compression.

15. At this point, for the Defendants to deny that the metadata was lost when I have provided irrefutable evidence that it indeed was lost is just ludicrous.

**If it wasn't intentional before, it has become such.**

16. If there was ever any doubt in the Court's mind that the Defendants were acting malevolently, think about it this way: This motion was originally uploaded on December 18, 2017. At that point, the Defendants were unequivocally notified that the email attachment did not suffice to preserve the metadata. Assuming without conceding that they believed the email attachment was good enough at first, by the time the motion was uploaded, they no longer had any right to think that.

17. At the time the motion was filed, the Defendants still had two whole weeks before

discovery was over. They could have moved to provide me with the computer files with the metadata intact. Maybe they could have emailed the files to me using a file compressor like I demonstrated, or maybe they could have simply transferred the files directly onto another thumb drive ... or maybe they could have contacted an IT expert and figured out *another* to save the files to a thumb drive without losing the metadata[3]!

18. They chose *none* of these options. They instead opted to simply A) deny that the loss of metadata was their intention, while offering no evidence whatsoever[4] to back up that denial, and B) still leave me without the metadata like the court ordered.

19. In other words, even in the already astronomical event that their actions were not intentional originally, they are definitely intentional now. Even if the loss of metadata might have been an accident originally, their failure to correct their error after it was unequivocally brought to their attention that the email attachment did not work is unquestionably their fault. They still deserve to be sanctioned under Rule 37(e).

**Bottom line: The metadata was not produced.**

20. Even if we accept that the loss of metadata was an accident on their end, it ultimately does not matter. We are honestly beating a dead horse by discussing whether they did it on purpose or not. The bottom line is that they did not comply with the Court's order.

21. It does not matter if it was their *fault* that the metadata got deleted on its way to me on

---

3  In Goldner's letter, which the Defendants attach as Page 2 of their attachment, he makes the implication that forwarding the email conversation directly to me so I will get the original attachment is the *only* surefire way to ensure that the metadata is preserved. However, as I have demonstrated in the video demonstration on the attached disc (as well as uploaded to youtube), nothing could be further from the truth. I have shown *two* ways the Defendants could have sent me the files with the metadata intact. You don't have to take my word over his, because I outright *showed you* that my methods work and his doesn't!

4  And no, the unsworn and uncorroborated statements of some random person claiming to be an IT expert – that don't even amount to sworn testimony – does not count as "evidence."

5

both deliveries[5]. It was nevertheless their *responsibility*.

22.  At the end of the day, all it really comes down to is this:

  (a)  The Defendants were ordered by the Court to produce the metadata,

  (b)  I did not get the metadata.

  (c)  Leslie Johnson's recommendation contained no fewer than eight (8) revisions, and

  (d)  Because I did not get the metadata, I cannot see what those revisions contained.

23.  Those four things are undisputed. Therefore, sanctions are appropriate under Rule 37(e). Rule 37(e)(1) on its face permits the Court to impose sanctions even when the actions are not intentional.[6] The Defendants' argument that the precedent of *Stevenson v. Union Pacific* requires a finding of malicious intent is clearly not the law.

24.  Even if the email attachment successfully served me with the files with the metadata intact (which it did not, as I have thoroughly demonstrated via video proof), the Defendants still would not have strictly complied with the Court's order. The Court's order was to send me the metadata *on a thumb drive*. So just on that alone, even if the email had successfully transferred the metadata (which it did not, as I have thoroughly demonstrated via video proof, whether the Defendants like it or not), the Court would still have discretion to sanction the Defendants simply because it was not served on me through the medium the Court ordered.

25.  This is essentially the equivalent of a debtor not paying his bills on time or a teacher whose student got injured during school, or something similar. Even if the person held responsible has an excuse for what happened, that does not detract from the fact that this person will nevertheless be held for failure to discharge his responsibility. The debtor will get his collateral taken away; the teacher will risk a wide variety of sanctions that could include

---

5  One delivery was on a thumb drive; the other deliver was via email attachment.

6  A finding of intent is only required under Fed.R.Civ.P. 37(e)(2).

termination. It does not matter if the act or omission was on purpose or not.

26. That is what should happen here. It was their responsibility to serve me with the files so I could view the metadata, and whether through accident or design, they simply did not do what they were ordered to do. Therefore, they should be sanctioned. It is as simple as that.

### Case law does not require "meeting of the minds" / "conspiracy" for a finding of intent.

27. The Defendants argue that, for an adverse inference to be appropriate under Rule 37(e), Stevenson v. Union Pacific requires the Court to find both that there was prejudice to the opposing party, and that the Defendants acted with intent, neither of which are present in this case. I have already thoroughly explained how there was indeed prejudice against me. I now wish to debunk the Defendants' arguments that there is no evidence of intent.

28. For starters, as I have stated earlier, their actions certainly become intentional now, as a result of their refusal to correct their error. But in addition to that, there is still evidence that the Defendants acted intentionally, at least insofar as the precedent of *Stevenson v. Union Pacific* actually defines "intentionally."

29. In Stevenson, the Defendants deleted some audio recordings. The Defendants had several witnesses ready to be called give testimony that these deletions were done pursuant to a routine company policy, not out of a malicious and purposeful intent to stop the plaintiff from using the audio recordings as evidence. The Court, however, forbade the Defendants from offering this testimony on a motion in limine. The District Court found – and the 8th Circuit affirmed – that, even if it were destroyed pursuant to this policy, it ultimately does not matter; the Defendants *should have known* that this evidence was going to be relevant, and therefore *should have* preserved it. The mere fact that they did not make an *exception* to their evidence-destroying policies, alone, provided the requisite intent. See Stevenson, supra at 743.

30. The Defendants have behaved in much the same way. By the Defendants' own admission, they lost the metadata while trying to serve me with it. Their supposed IT expert (if he even is an expert) gave faulty advice that using email was the only way to ensure the metadata was transferred. Even if he did know what he was talking about, they could have simply had him prepare the thumb drive and give it to Cryer. Their attempts to use email to send me the metadata didn't work, and when they were unequivocally informed that it didn't work, they did nothing to rectify the error.

31. In other words, the Court can easily find intent in this current motion, in multiple ways.

## Conclusion

32. If there is one thing the Defendants are good at, it is making excuses. They need to stop making excuses and start taking some responsibility. The only way they are going to do that is if the Court forces them to by sanctioning them.

Wherefore, premises considered, I respectfully request that the Defendants be sanctioned, not just for purposefully deleting the metadata, but also for their frivolous attempt to make excuses to justify their failure. I ask that the Court issue an adverse inference and declare as undisputed that Leslie Johnson's Recommendation was tampered with after its original draft to make me look less qualified than she originally felt I was.

So requested on this, the 3rd day of January, 2018.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison AR 72601
870-204-6516
stebbinsd@yahoo.com

| | |
|---|---|
| **Subject:** | Re: Case No. 17-3092; discovery dispute conference call |
| **From:** | David Stebbins (stebbinsd@yahoo.com) |
| **To:** | christine.cryer@arkansasag.gov; |
| **Date:** | Friday, December 22, 2017 1:18 PM |

Ms. Cryer,

as to the lack of a CD, I will send you a compressed file over email once I am able to fix my desktop computer. My desktop computer broke down on December 19, 2017, and I can no longer access the contents of that hard drive.

In the meantime, I provided a URL to where I uploaded a version of my video demonstration as an unlisted youtube video. That URL was provided in the motion itself. That should hold you over for the time being.

Sincerely,
David Stebbins


On Friday, December 22, 2017 1:05 PM, Christine Cryer <christine.cryer@arkansasag.gov> wrote:


Mr. Stebbins,

As I'm sure you can guess, I disagree with your contention that my client's responses to your 5th set of discovery were frivolous. We tried to answer your questions as best as we could, so if your intention is just to claim they are frivolous and try and get us to change them to a response you are happy with, I'm not sure what good a discussion would be.

However, in the spirit of cooperation, if you want to put your comments or responses to each of the interrogatories or requests in writing and send them to me, I'm happy to take a look at them and then discuss them with you via email. I do not believe that a telephone call is necessary.

Our offices are closed December 25th and 26th and I will be in and out of the office for business the remainder of the week preparing for two jury trials, but am willing to work at finding a mutually convenient time to communicate with you.

PS – I've not yet received a copy of the CD you provided the court with on December 18th. Hopefully it's in the mail and just hasn't made it here yet. If not, please remember to send me a copy so that I may properly respond to your motion.

Thanks, and happy holidays.

Christine A. Cryer

*Exh. 1*

| | |
|---|---|
| **Subject:** | Case No. 17-3092 |
| **From:** | David Stebbins (stebbinsd@yahoo.com) |
| **To:** | christine.cryer@arkansasag.gov; |
| **Date:** | Tuesday, December 26, 2017 7:04 PM |

Ms. Cryer,

Here is a copy of the files I included on the computer disc that was attached to my Motion for Adverse Inference.

As you can clearly see, your version of events is highly implausible. Your version of events - that the "date modified" was changed when you transferred the files to the thumb drive - simply is not how computers work.

Besides, by this point, my supplement to that motion will likely have been uploaded to Pacer. So you can clearly see how there is even more evidence that you actually conned me on purpose.

Sincerely,
David Stebbins

**Attachments**

- Computer Disc Attachment.7z (15.83MB)

Exh. 2

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601

RECEIVED
WD/AR
JAN 03 2018
U.S. CLERK'S OFFICE

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701