IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                                              PLAINTIFF

v.                                    NO. 3:17-CV-3092-TLB

STATE OF ARKANSAS, ARKANSAS                                              DEFENDANTS
REHABILITATION SERVICES, AND
AMY JONES

### SEPARATE DEFENDANTS STATE OF ARKANSAS AND ARKANSAS REHABILITATION SERVICES MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S SECTION 504 OF THE REHABILITATION ACT

Come now the Separate Defendants, the State of Arkansas and Arkansas Rehabilitation Services ("ARS"), by and through their attorneys, Attorney General Leslie Rutledge and Senior Assistant Attorney General Christine A. Cryer, and for their Motion for Summary Judgment on Plaintiff's Section 504 of the Rehabilitation Act claim, state as follows:

1. On July 26, 2016, Plaintiff David Stebbins filed his original Complaint alleging discrimination and retaliation claims, under the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1983[1], against the State of Arkansas, Arkansas Rehabilitation Services ("ARS"), and Amy Jones, manager of the Northwest Arkansas District 1 of ARS. **(DE 2)**

2. Stebbins alleged that the Defendants discriminated against him based on his disabilities, in violation of Title II of the ADA, by denying his request for

---
[1] Stebbins' § 1983 claim against Defendant Jones for damages was dismissed on July 27, 2017. (DE 55)

monetary funds to assist him in attend college. He alleged the Defendants denied his funding requests in retaliation for his multiple civil lawsuits.

3. Stebbins further asserted a § 1983 claim against Amy Jones claiming that her denial of his request for funding was in retaliation for him exercising his First Amendment right to engage in protected activity, i.e., his litigation history.

4. Stebbins based his claims on the following: (a) he has filed numerous lawsuits regarding his civil rights; (b) the Defendants were aware of his litigation history; (c) he was deemed ineligible for services without being examined by a Licensed Document Examiner; (d) no reasonable accommodation was considered; (e) he made good grades from 2008 – 2010; thereby establishing he was likely to succeed in school; and (e) the Defendants fabricated the accountings of his inappropriate and hostile behavior. **(DE 79 & 82)**

5. On August 4, 2017, Stebbins filed a motion for leave to amend his Complaint, in which he sought to add a claim pursuant to Section 504 of the Rehabilitation Act against separate defendants the State of Arkansas and ARS. **(DE 56)**

6. On December 4, 2017, the Defendants filed a Motion for Summary Judgment on all of the claims asserted in Stebbins' original Complaint. **(DE 109 – 111)**

7. On December 7, 2017, this Court granted Stebbins' leave to file his Amended Complaint. **(DE 113)**

2

8. This motion pertains to Stebbins' Section 504 claim, which has not yet been briefed by the Defendants.

9. The separate Defendants are entitled to judgment as a matter of law on Stebbins' Rehab Act claim because no circumstances exist that give rise to an inference of unlawful discrimination based on disability.

10. In addition, the State of Arkansas is entitled to the dismissal of the claims against it, as Stebbins has not alleged any wrong-doing by the state itself.

11. Defendants incorporate, by reference, their Brief in Support of this motion, which they are filing contemporaneously herewith, along with Defendants' Statement of Undisputed Material Facts.

12. Attached to this motion are the following exhibits[2]:

   A. ARS Policy and Procedure Manual, Section III;

   B. Various ARS records (bates-numbered) from Stebbins' file;

   C. Certificate of Ineligibility dated December 16, 2015;

   D. Affidavit of Leslie Johnson;

   E. Affidavit of Amy Jones;

   F. Stebbins' litigation history pre-December 2015; and

   G. Stebbins' litigation history post-December 2015.

WHEREFORE, separate Defendants the State of Arkansas and ARS respectfully request this Court grant their motion, in its entirety, and for any and all other just and proper relief to which they may be granted.

---

[2] The exhibits are identical to those submitted in support of the Defendants' first Motion for Summary Judgment. Instead of having tis Court refer back to previous filings, the Defendants have attached them again as they pertain to Plaintiff's Rehab Act claim.

Respectfully submitted,

Leslie Rutledge
Attorney General

By: /s/ Christine A. Cryer
Christine A. Cryer
Arkansas Bar No. 2001082
Sr. Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Telephone: (501) 683-0958
Facsimile: (501) 682-2591
Christine.cryer@arkansasag.gov

## **CERTIFICATE OF SERVICE**

I, Christine A. Cryer, Senior Assistant Attorney General, do hereby certify that on January 5, 2018, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system.

I, Christine A. Cryer, hereby certify that on January 5, 2018, I mailed the document by U.S. Postal Service to the following non CM/ECF participant:

Mr. David Stebbins
123 W. Ridge St., Apt. D
Harrison, Arkansas 72601

/s/ Christine A. Cryer