UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS            PLAINTIFF

VS.        CASE NO. 4:16CV00545-JM

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES       DEFENDANTS

### PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following responses and objections to the Defendant's First Interrogatories and Requests for Production.

**INTERROGATORY NO. 1:** Please state the names and addresses of all witnesses, whether lay or expert, that you intend to call at trial of this matter, including rebuttal witnesses, and detail the substance of their expected testimony.

**ANSWER:** I will supplement this response as new witnesses become known to me.

At present, I plan to call at least the following witnesses:

David Stebbins – Myself. You already know my address. I will testify to every factual allegation I made in my complaint, how I have been persecuted by the State of Arkansas for several years now, and how I am very capable of thriving in college and in the field of computer science.

In particular, I will testify to, and even demonstrate, my math skills in front of the jury. Math is one of the most valuable skills in computer science. See https://www.atu.edu/catalog/undergraduate/colleges/applied_sciences/comp_info_sci/comp_sci.php, which says in pertinent part: "Mathematics and engineering courses supplement a strong core of computer science courses." Also notice that every year in that curriculum has at least one math course that is required, including Calculus I and II, Applied Statistics, and Linear Algebra. Also, the Spring Semester of Sophmore Year requires an elective that is either Math or Science (and we all know that science uses math). Therefore, my math skills are indeed very relevant to my ability to excel in the field of computer science.

Joan Lipsmeyer – Her most recent known address (as of March 31, 2016) is 605 Sunset Lane, Harrison, AR 72601. She is a retired math instructor at North Arkansas College and was my College Algebra teacher at that school. She will testify that I am very very good at mathematics (which is an essential skill in computer science). She will testify that I have an innate sense of logic, order, and patterns, and predicts that I will excel in the field of computer science.

**RECEIVED**

OCT 23 2017

**ATTORNEY GENERAL OF ARKANSAS**


DEFENDANT'S EXHIBIT A

Rachel Lanning – Her personal address is unknown, but she works as an English instructor at North Arkansas College, and may be subpoenad for testimony and/or depositions at that address. She was my instructor for English Composition II in the Summer II 2016 semester. She can testify that my symptoms and disabilities that the ARS used as a basis for denying my application for funding had a statistically nonsignificant adverse impact on my ability to thrive in a classroom setting.

Rita Stebbins – Her address is 8527 Hopewell Road, Harrison, AR 72601. She will also testify that I am very skilled at mathematics. Ms. Lipsmeyer can also testify that I am good at math, but Rita Stebbins can take that one step further, and testify that, as a teenager, I even earned the nickname "human calculator" among my nuclear family for my near-prodigy-level math skills. In addition to that, she can testify that I am self-taught in basic computer functions, giving me a head start over the other students in a computer science program.

**INTERROGATORY NO. 2:** If you expect to call any person as an expert witness at the trial of this case, state:
        a.    the name, address, and field of expertise and experience in that field of each such person;
        b.    the subject matter upon which each is expected to testify;
        c.    the facts to which each is expected to testify;
        d.    the opinions to which each is expected to testify;
        e.    a summary of the grounds of each opinion

**ANSWER:** To the extent they could be considered expert witnesses, the two aforementioned former teachers could qualify. As stated above, they will opine that I have the capacity to thrive and excel both in a classroom setting and in the career of computer science. They will base these opinions on their observations of my behavior and academic prowess while I was their student.

I will not need any medical experts to testify. Rather, the Defendants' medical expert opinion testimony (if said testimony is even allowed in the first place; see my Motion in Limine and my Brief in Support thereof for details) that I am incapable of being college and completing my coursework will be refuted by the testimony of Rachel Lanning, testifying that I did exactly that in her class, with a perfect attendance record (in other words ... I was present for 19 out of 19 days, and was never once even so much as tardy, let alone absent).

I do not need a medical expert to counter the medical expert testimony that I cannot do something. When the medical expert only testifies that I cannot do something, that can be refuted simply by demonstrating that I indeed can do it. For example, if a physician for a package delivery company (such as UPS or Fedex) testifies that an applicant cannot pivot on one foot while carrying up to 70lbs., the plaintiff can easily refute that testimony simply by bringing a pair of 35lb dumbbells to the courthouse with him, holding them in his hands, and walking back and forth across the Courtroom while pivoting! No rebuttal expert testimony needed; the fact that the plaintiff *did it* is, by itself, conclusive proof that he *can do it*!

The same logic applies here. Rachel Lanning can testify that I indeed can be in college

and complete my coursework, simply by reason of the fact that I *did that in front of her*!

I have already submitted proof of this to Amy Jones. It was emailed to her on August 4, 2016. The subject of that email was "Latest petition to re-open case."

**INTERROGATORY NO. 3:** Please describe all exhibits you intend to introduce at trial of this matter.

**ANSWER:** Objection. It is unknown what exactly you mean by "describe." Do you mean to tell you what they look like? They look like paper and ink. Do you mean to describe what exactly they prove? In that case, I am not obligated to disclose my trial strategy to you.

**REQUEST FOR PRODUCTION NO. 1:** Please produce copies of all documentary evidence which you may have in your possession that is in any way related to this matter.

**ANSWER:** Objection. This request is overly broad, since it includes purely personal notes, which are beyond the scope of discovery, and also includes discussions between myself and attorneys, which are privileged.

Without waiving and subject to said objections, I maintain that I have already provided 26(a) initial disclosures on this matter in January of 2017.

**INTERROGATORY NO. 4:** Please produce a list of all higher education institutions (2-year colleges, 4-year colleges, Vo-Tech colleges, etc.) you have attended (in person or online) since July 2013 (3 years prior to the filing of this lawsuit).

**ANSWER:** I attended North Arkansas College (or NAC, for short) during the second half of the Summer 2016 semester. I took the class of English Composition II out of pocket for the express purpose of proving that, despite my symptoms, I am indeed capable of being college and earning good grades. I earned a "B" in that class, and as you are well aware, the letter grade of "B" means I was above average, so I definitely have proven that I am capable of being in college, despite these disabilities.

I have already submitted proof of this to Amy Jones. It was emailed to her on August 4, 2016. The subject of that email was "Latest petition to re-open case."

**REQUEST FOR PRODUCTION NO. 2:** Please produce an executed copy of the attached authorization to release school records.

**ANSWER:** Objection. The release form you have provided me does not appear to have a "earliest" date. That is ... the form appears to give you permission to pull my records from schools ever since I was in kindergarten. Every other discovery request asks for my history from July 2013 to the present, which is reasonable, considering that we are trying to adjudicate whether my *current* symptoms make me unable to succeed in college and/or the workforce.

Without waiving and subject to said objections, I maintain that I have already provided

Amy Jones with evidence of my enrollment at NAC and my earning of a "B" in that class. It was emailed to her on August 4, 2016. The subject of that email was "Latest petition to re-open case."

**INTERROGATORY NO. 5:** Please provide the name, address, phone numbers, and fax numbers for each physician you have been examined by since July 2013.

**ANSWER:** Objection. Not all of my medical records are relevant in this case. For example, some random visit to a doctor about some gout in my toe, or seeing an optometrist to get my glasses adjusted, has absolutely no bearing whatsoever on my ability to thrive and excel in the classroom and/or workforce.

To the extent my medical records are relevant to this case, I maintain that I have already provided all medical records that are actually relevant to this case.

**REQUEST FOR PRODUCTION NO. 3:** Please produce an executed copy of the attached Release of Medical Records.

**ANSWER:** Objection. Same as my objections to Interrogatory No. 5.

**INTERROGATORY NO. 6:** Please state the names, addresses, and phone numbers of all persons you have spoken with regarding the possibility of post college employment for you in the computer field.

**ANSWER:** Objection. This interrogatory is unduly overbroad, as it includes purely personal conversations with friends and family about my aspirations to enter the field. If that is not what you intended to be included, then I also object on the grounds that the discovery request is confusing, since it is unclear what exactly you mean by "the possibility of" employment.

**REQUEST FOR PRODUCTION NO. 4:** Please produce a copy of any written communciations sent to your or sent by you regarding the possibility of post college employment for you in the computer field.

**ANSWER:** Objection. Same as my objections to Interrogatory No. 6.

**INTERROGATORY NO. 7:** Please provide a list of dates, since July 2013, in which you applied for federal student aid, student loans, grants, or other monies for the purpose of attending school.

**ANSWER:** On June 5, 2017, I applied with the Arkansas Department of Higher Education for an Academic Challenge Scholarship and an Arkansas Future Grant. I applied for FAFSA to re-enroll in North Arkansas College on June 6, 2017.

**REQUEST FOR PRODUCTION NO. 5:** Please produce a copy of all documents responsive and/or which support your response to Interrogatory No. 7.

**ANSWER:** Confirmation for ADHE application is being included as Pages 1-3 of the

attached "Plaintiff's Produced Documents." Confirmation of the FAFSA application is being attached as Page 4 of the "Plaintiff's Produced Documents."

**INTERROGATORY NO. 8:** In paragraph 48 of your Complaint, you state "Since Amy Jones' adverse actions were clearly motivated by Plaintiff's First Amendment exercises (see the above sub-section on ADA retaliation), the other two essential elements are not in dispute. Please state, with specificity, what you are basing this on.

**ANSWER:** Objection. It is unclear what exactly you want me to demonstrate. Do you want me to demonstrate that Amy Jones' adverse actions were motivated by my First Amendment exercises, or that the other two elements are not subject to genuine dispute?

Without waiving and subject to said objections, please see my Motion for Summary Judgment, all attached exhibits, and the Statement of Undisputed Facts and Brief in Support thereof, for details on why I believe the tort of First Amendment retaliation is undisputed.

**REQUEST FOR PRODUCTION NO. 6:** Please produce a copy of all documents responsive and/or which support your response to Interrogatory No. 8.

**ANSWER:** Objection. Same as the objections to Interrogatory No. 8.

Without waiving and subject to said objections, please see my Motion for Summary Judgment, all attached exhibits, and the Statement of Undisputed Facts and Brief in Support thereof, for details on why I believe the tort of First Amendment retaliation is undisputed.

**INTERROGATORY NO. 9:** In paragraph 32, you allege you have suffered "the inability to enroll in college." Is it your position that you cannot submit an application to a college because Defendants ARS or Amy Jones have prevented you from doing so, or are you contending that you are able to complete the application process but not able to pay for the education without financial assistance from ARS?

**ANSWER:** Yes.

**REQUEST FOR PRODUCTION NO. 7:** Please produce a copy of all documents responsive and/or which support your response to Interrogatory No. 9.

**ANSWER:** Objection. It is unclear what documents you are requesting. Interrogatory No. 9 appeared to ask only for clarification of what my complaint was. What documents do you expect me to have to support this clarification?

**INTERROGATORY NO. 10:** Please provide a list of employers, thier address, phone numbers and wages paid to you since July 2013.

**ANSWER:** I have had no employers since July 2013. I have applied to places, but have never once received an invitation for a job interview. Therefore, this is not evidence of my ability to succeed in the workforce, since I have not, since July 2013, been given the *opportunity* to

succeed or fail.

**REQUEST FOR PRODUCTION NO. 8:** Please produce a copy of all documents responsive and/or which support your response to Interrogatory No. 10.

**ANSWER:** None.

**REQUEST FOR PRODUCTION NO. 9:** Please provide a copy of all documents not specifically requested above, but which were used to answer these interrogatories or that will support your claims for damages in this action.

**ANSWER:** Objection. This requests purely personal notes, which are outside the scope of discovery, and also requests documents that are covered by the attorney-client privilege.

Without waiving an subject to said objections, I maintain that the exhibits provided in my 26(a) initial disclosures from January 2017, the exhibits attached to both Motions for Summary Judgment (both the one that was denied without prejudice and the one that is currently pending), as well as the email conversations between defense counsel and myself (including, but not limited to, the one where the defense counsel accused me of trying to infect her with a virus) may be introduced at trial.

So testified this 18th day of October, 2017.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

**Subject:** Thank you for submitting an application
**From:** youruniversalsupport@ark.org (youruniversalsupport@ark.org)
**To:** stebbinsd@yahoo.com;
**Date:** Monday, June 5, 2017 2:18 PM



Arkansas Department of Higher Education

David Stebbins,

Your ADHE YOUniversal Application has been submitted. You may login into your account at any time to check the status of your application.

**Summary of your application:**

You have applied for the following ADHE programs:

- Academic Challenge Scholarship
- Arkansas Future Grant

To complete your application, please take the actions below for each of the programs for which you have applied. After completing those actions, you may login to your account view the status of your applications.

Academic Challenge Scholarship Supporting Documents - Due by 6/15/2017

- You must complete the 2017 - 2018 Free Application for Federal Student Aid, available at fafsa.gov. You do not have to submit a copy to ADHE, as we will retrieve the information when it is completed by you.
- If you have completed any college credit hours, please submit a copy of your official college transcript from each college that you have attended. These transcripts should show course information through spring semester, 2017.
- If you have NOT completed at least 12 college credit hours (including zero(0) hours completed), please also submit a copy of your official high school transcript.
- If you have NOT completed at least 12 college credit hours (including zero(0) hours completed), please also submit a copy of your official ACT, SAT, ASSET or COMPASS exam score report.
- If your cumulative college GPA from all colleges attended is less than 2.5, please also submit a copy of your official high school transcript.
- If your cumulative college GPA from all colleges attended is less than 2.5, please also submit a copy of your official ACT, SAT, ASSET or COMPASS exam score report.

Arkansas Future Grant Supporting Documents - Due by 7/1/2017

- You must complete the 2017 - 2018 Free Application for Federal Student Aid, available at fafsa.gov. You do not have to submit a copy to ADHE, as we will retrieve the information when it is completed by you.

Submit Supporting documents to:
Arkansas Department of Higher Education
Attn: Financial Aid Department
423 Main Street, Suite 400
Little Rock, AR 72201-3818

This information is current as of the date this site was updated and is provided for informational purposes only and is not intended to be a complete description of the programs and their requirements. The eligibility requirements and rules governing the programs administered by the Arkansas Department of Higher Education are subject to legislative and regulatory amendments subsequent to the date this site was updated. All ADHE programs may be limited by the availability of funds.

Disclaimer:

The law, rules, regulations, award amounts, amount of awardees, eligibility criteria, funding per program, etc. are subject to change at any point prior to, during or after application through the YOUniversal application. These changes will be based on changes in law or funding provided by the Arkansas General Assembly. It is understood that ADHE is not at fault for any changes that occur to

any financial aid program.

For technical help when using this online system:
Arkansas.gov
A service of the Information Network of Arkansas
http://www.arkansas.gov
Email: youniversalsupport@ark.org

For questions regarding financial aid eligibility:
Arkansas Department of Higher Education
http://www.adhe.edu
Email: finaid@adhe.edu
Toll Free: 501-371-2050
Little Rock area: 501-371-2050



www.adhe.edu

https://us-mg6.mail.yahoo.com/neo/launch?.rand=4569s1ips9q38#3280127850

any financial aid program.

For technical help when using this online system:
Arkansas.gov
A service of the Information Network of Arkansas
http://www.arkansas.gov
Email: youniversalsupport@ark.org

For questions regarding financial aid eligibility:
Arkansas Department of Higher Education
http://www.adhe.edu
Email: finaid@adhe.edu
Toll Free: 501-371-2050
Little Rock area: 501-371-2050



Like us on
facebook.

www.adhe.edu

Follow us on
twitter