# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# HARRISON DIVISION

**DAVID A. STEBBINS**                                                                  **PLAINTIFF**

**v.**                  **CASE NO. 3:17-CV-03092-TLB**

**STATE OF ARKANSAS, et al.**                                      **DEFENDANTS**

## RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT (DE 125)

COME NOW Defendants State of Arkansas, Arkansas Rehabilitation Services, and Amy Jones, by and through their attorneys, Attorney General Leslie Rutledge and Senior Assistant Attorney General Christine A. Cryer, and for their Response to Plaintiff's Statement of Undisputed Facts in Support of Motion for Partial Summary Judgment, state as follows:

**UNDISPUTED FACT NO. 1**: Defendants have four basic eligibility requirements for an applicant to be eligible for ARS vocational assistance: First, I must have a disability. Second, this disability must result in some "impediment to employment." Third, I must be capable of succeeding in the workforce with some assistance from ARS. Fourth, I must actually require the ARS's assistance to achieve employment success.

• See Exhibit 1

**RESPONSE NO. 1**: Defendants admit this is a simplified description of the requirements; however, it is not complete. See DE 123, pp. 7 – 8 for the complete list.

**UNDISPUTED FACT NO. 2**:  I meet Eligibility Requirement No. 1.

- See Exhibit 2, Answer to Requests for production Nos. 3.

- See also Exhibit 3, Answer to Requested Admission No. 1.

**RESPONSE NO. 2**:  Defendants admit your medical records document a disability.

**UNDISPUTED FACT NO. 3**:  I meet eligibility requirement Nos. 2 & 4.

- See Doc. 16, Page 9: "these symptoms are illustrative of why Stebbins could not…succeed in the workforce." See also Doc. 85, Page 16 (same). See also Doc. 110, Page 18 (same).

**RESPONSE NO. 3**:  Denied.

**UNDISPUTED FACT NO. 4**:  The Defendants have no evidence that Eligibility Requirement No. 3 is an *essential* eligibility requirement.  In other words, they have no evidence that abolishing, relaxing, or curbing it would fundamentally alter the services provided.

- See Exhibit 2, Answers to Interrogatory No. 1, Interrogatory No. 2, and Request for Production No. 1.

In response to Interrogatory No. 2, the Defendants outright scoff at the premise of having to modify their policies.  "Defendants do not believe that the policy needs modifying."  To them, the idea of having to curb their own behavior to conform to federal law is preposterous.

In their response to Interrogatory No. 1, the Defendants outline their own *procedure* for providing benefits.  This, however, does not count as an *essential*

nature of the service provided. This, at best, would classify as a peripheral matter. Changing it would only be a minor inconvenience for them.

In addition, even if they could *articulate* an essential requirement that Eligibility Requirement No. 3 supposedly serves, they have offered absolutely zero evidence to show that waiving, curbing, or relaxing that requirement would, in fact, cause that fundamental alteration. See **Exhibit 2, Answer to Request for Production No. 1**. Much like with strict scrutiny when a law is challenged as unconstitutional, merely *stating* the compelling state interest/fundamental alteration is not good enough; you then have to show *evidence* to prove it. The Defendants have simply failed to do that.

**RESPONSE NO. 4**: Denied.

**UNDISPUTED FACT NO. 5**: The Defendants believed that attending therapy sessions and completing that therapy would cause me to be otherwise qualified.

- See **Exhibit 4**:

    "Mr. Stebbins would likely benefit from treatment and the support of a therapeutic relationship…His vocational success will depend on him stabilizing and effectively managing his psychiatric issues. In order for Mr. Stebbins to be appropriate for ARS services he should be able to demonstrate a period of stable functioning."

- See also Doc. 86, Response to Fact No. 6: "Ms. Johnson determined that it was reasonable to recommend a referral to a local mental healthcare provider"

3

**RESPONSE NO. 5**:  Denied as stated.  Defendants believe that therapy - continuous therapy and reaching a level of mental stability - *could* help him to be eligible. You were encouraged to seek counseling for your well-being, and to notify ARS once you had done this in order to be re-evaluated for eligibility.

**UNDISPUTED FACT NO. 6**:  The Defendants maintain that I engaged in hostile behavior with ARS staff over the phone during December 2015.  The declarants of these statements are Lorraine Miller, Caterina Matheny, Alana Walls, and an anonymous writer.

- See **Exhibit 5, Exhibit 6, Exhibit 7,** and **Exhibit 8**

**RESPONSE NO. 6**: Admitted, along with Amy Jones and Kevin Cook.

**UNDISPUTED FACT NO. 7**:  None of the declarants listed in Undisputed Fact No. 6 listed by the Defendants as witnesses.

- See **Exhibit 10**, Answer to Interrogatory No. 1.

**RESPONSE NO. 7**:  Denied. Defendants response to discovery was as follows: At a minimum, Defendants intend to call the following: (a) David Stebbins, 123 West Ridge Street, Apt. D, Harrison, AR 72601, unknown ph#, stebbinsd@yahoo.com.; (b) Amy Jones, M.S., CRC, AR Department of Career Education, Arkansas Rehabilitation Services, 715 W. Sherman, Suite E  Harrison, AR 72601, (870) 741-7153, amy.jones@arkansas.gov; (c) Kevin Cook,  AR Department of Career Education, Arkansas Rehabilitation Services, 715 W. Sherman, Suite E  Harrison, AR 72601, (870) 741-7153, kevin.cook@arkansas.gov; (d) Leslie S. Johnson, MS, Licensed Psychological Examiner, 4058 North College

4

Avenue, Fayetteville, AR 72703, unknown ph# or email address. Further, Defendants will consider calling any witness identified by Plaintiff, *or any individuals identified in the documents produced in discovery or in any other pleadings in this case.* (Emphasis added). Lorraine Miller, Caterina Matheny, Alana Walls, Amy Jones, and Kevin Cook were all identified and referenced in documents produced in discovery.

**UNDISPUTED FACT NO. 8**: Amy Jones – who is listed as a witness – has also issued a client contact note that says that I have engaged in hostility with ARS staff "at every turn." However, she makes no specific contentions that are based on her own personal observations. Therefore, the argument is still hearsay.

- See **Exhibit 9**

**RESPONSE NO. 8**: Admitted as to Ms. Jones; however, he declarants will be called at trial to testify regarding their own interactions with you.

**UNDISPUTED FACT NO. 9**: I have proposed an accommodation that would enable me to have the therapy that the Defendants believed I needed while still receiving ARS services: That accommodation would be to have both the therapy and college enrollment at the same time.

- See Doc. 19, ¶41.

With this accommodation, both parties get what they want. The Defendants get what they want (that I enroll in a therapeutic relationship) and I get what I want (funding to attend college). That's called "compromise," and it is a fundamental aspect of human interaction.

5

**RESPONSE NO. 9**: Denied. See prior pleadings.

**UNDISPUTED FACT NO. 10**: The Defendants have shown no evidence whatsoever to prove that this accommodation is unreasonable.

- See Doc. 103, ¶¶30-35.
- See also **Exhibit 11, ¶¶**33-34.

As stated above during Undisputed Fact No. 4, their unsubstantiated beliefs are not evidence. Therefore, provided that the Defendants in fact bear the burden of proof as a matter of law, this burden has not been met.

I have previously asserted that the Defendants have made the determination that my proposed accommodation is unreasonable solely on the grounds that they did not like the proposal, and therefore, decided it was unreasonable based on absolutely no grounds other than the mere fact that they said so. However, it has recently occurred to me that ¶ 34 of Amy Jones' affidavit might have been an attempt by the Defendants to offer to at least some semblance of justification behind their finding.

However, even if that were the case, the Defendants still have provided no evidence to support their position. Even if she may have articulated the grounds for her decision with specificity, *explaining* her decision and *showing evidence to support* her decision are two completely different things!

**RESPONSE NO. 10**: Denied. Defendants have explained why this would not have been a reasonable accommodation in December 2015.

6

**UNDISPUTED FACT NO. 11**:  The ARS has the option of increasing the amounts of benefits given to each applicant under extenuating circumstances, with no hard-coded maximum.

- See **Exhibit 12.**

    "Although it is not the intent of ARS to limit services to any individual, thresholds (maximum allowable amounts) have been established for some services.  ARS recognizes that some individuals with disabilities have unique needs, which may need to be considered as an exception to the normal policy.  These individuals are informed and provide an opportunity to request an exception to service provision policies due to extenuating circumstances."

**RESPONSE NO. 11**:  Admitted. You have quoted the policy correctly.

**UNDISPUTED FACT NO. 12**:  **I argued extenuating circumstances to the Defendants that required that I have 100% of my college expenses paid by them, not simply $5,300.**

- See **Exhibit 13.**

**RESPONSE NO. 12**:  Objection, it is unknown when you are claiming to have "argued" extenuating circumstances. Defendants, however, admit you asked for additional funds to pay for you to move to Russellville, pay for you to eat, pay for you to have a place to live during the summers, etc.

**UNDISPUTED FACT NO. 13**:  **The average annual salary in the United States for a person with a bachelor's degree in the field of computer and information technology for the year 2016 – the most recent**

**year for which statistics are available – is $89,685.71 per year, or $1,724.73 per week.**

- See **Exhibit 14**.

Although this article gives an estimate of $82,860 per year, it is important to note that this average includes career fields that are not relevant in this case.

Ten career fields are listed. However, one of them – "Computer and Information Research Scientists" – requires a graduate degree. The ARS almost certainly does not provide funding for graduate degrees. Another career field – "web developers" – requires an associates *[sic]* degree. If I am entitled to any relief at all in the case, I would, at minimum, be entitled to have ARS pay for a bachelor's degree, since that is what I was applying to do in the first place. So we can safely omit that career. A third career field – "Computer Support Specialists" – has a unique entry requirement that is not related to a college degree. Because I was applying for assistance in pursuing a college degree, we can omit that career field from our calculations as well.

This leaves us with seven (7) career fields – Computer Network Architects, Computer Programmers, Computer Systems Analysts, Database Administrators, Information Security Analysts, Network and Computer Systems Administrators, and Software Developers – that require a bachelor's degree to enter.

These seven career fields have reported 2016 annual pays of $101,210 per year, $79,840 per year, $87,220 per year, $84,950 per year, $92,600 per year, $79,700 per year, and $102,280 per year, respectively.

Add all those annual pays together, and then divide that total by 7, and we get an average annual pay of $89,685.71 per year, or $1,724.73 per week.

**RESPONSE NO. 13**: Denied. Defendants have no personal knowledge of this information being true. Further, this is hearsay evidence that will be inadmissible at trial.

    Respectfully submitted,

    Leslie Rutledge
    Attorney General

By: /s/ Christine A. Cryer
    Christine A. Cryer
    Arkansas Bar No. 2001082
    Senior Assistant Attorney General
    Arkansas Attorney General's Office
    323 Center Street, Suite 200
    Little Rock, Arkansas 72201
    Telephone: (501) 683-0958
    Fax: (501) 682-2591
    christine.cryer@arkansasag.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Christine A. Cryer, Senior Assistant Attorney General, do hereby certify that on January 16, 2018, I emailed a copy of the motion to Plaintiff David Stebbins as the following email address:

stebbinsd@yahoo.com

A copy is being emailed to Mr. Stebbins because the Office of the Arkansas Attorney General is closed today and the mail will not be picked up today.

I, Christine A. Cryer, Senior Assistant Attorney General, do hereby certify that a copy of this pleading will be mailed, via regular U.S. mail, to Mr. Stebbins at the below address on January 17, 2018.

Mr. David Stebbins
123 W. Ridge St., Apt. D
Harrison, Arkansas 72601

/s/ Christine A. Cryer