IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID A. STEBBINS                                                      PLAINTIFF

V.                          CASE NO. 3:17-CV-03092

STATE OF ARKANSAS;
ARKANSAS REHABILITATION SERVICES;
and AMY JONES                                                         DEFENDANTS

## ORDER

Pending before the Court is Plaintiff David A. Stebbins's Motion for Sanctions and Motion to Strike, or in the Alternative, for an Extension of Time to Respond to Defendants' Motion for Summary Judgment. (Doc. 134). In the pending Motion, Mr. Stebbins, who is proceeding *pro se*, claims that Defendants failed to serve him with a copy of the Motion for Summary Judgment (Docs. 131-133) they filed with the Court on January 5, 2018. He accuses Defendants of deliberately choosing not to serve him with a copy of the filed documents, claiming:

> This is not the first time the Defendants have attempted a stunt like this. See Doc. 18, another motion I have filed in this case where I sought to have the Defendants sanctioned for a very similar action that we have here: Filing a dispositive motion without serving me with a copy of it, in the hopes that I would not notice and the Court would rule on the motion ex parte without realizing that he was ruling on it ex parte.

(Doc. 134, p. 2).

Defendants have yet to formally respond on the record to Mr. Stebbins' most recent accusations of misconduct in his Motion for Sanctions, but Defendants' counsel, Ms. Christine A. Cryer, emailed the Court on January 15, 2017, with a copy to Mr. Stebbins, explaining that she personally placed a copy of Defendants' Motion for

1

Summary Judgment and attachments in a mail receptacle on January 5, 2018, at approximately 4:10 p.m. She further responds in the same email:

> I vehemently deny Mr. Stebbins' allegations that a copy of the pleadings was not sent to him, and question his veracity regarding his receipt of same. However, to ensure, without a doubt, Mr. Stebbins receives a copy of the pleadings, they are attached.

Attached to Ms. Cryer's email are file-marked copies of Defendants' Motion for Summary Judgment and supporting exhibits, which the Court is now satisfied Mr. Stebbins received—at least by email—on January 15, 2018.

Local Rule 7.2(a) provides that all motions and accompanying briefs that are filed with the Clerk "shall be served on all other parties affected by the motion." Neither the Local Rules nor the Federal Rules require the party serving the motion to provide proof of service to the Court. Instead, it appears that demonstrating a good-faith effort to effect service is all that is required. However, if in this process, a document becomes lost in the U.S. Mail and does not reach the intended recipient, it is likely that the interests of justice would weigh in favor of attempting service one more time, or else, effecting service by some alternate means—such as email. In the case at bar, Mr. Stebbins has alleged that he did not receive a copy of Defendants' Motion for Summary Judgment in the U.S. Mail. Defendants' counsel has responded that she personally mailed the documents to Mr. Stebbins on the date they were filed. Although the Court acknowledges that it possesses the inherent power to sanction a party or attorney for bad-faith conduct, see *Gas Aggregation Servs., Inc. v. Howard Avista Energy, L.L.C.*, 458 F.3d 733, 739 (8th Cir. 2006), there is simply no evidence of bad faith here, and thus no basis for this Court to even consider sanctions. The Court requests that Mr. Stebbins be more self-aware of his tendency to leap to unfounded conclusions, and also

that he scale back his discourse to a civil tone. Moreover, Mr. Stebbins may not file any more Motions seeking sanctions—unless he has first prevailed on an underlying motion (and the alleged basis for sanctions is evident from that ruling in his favor).

Turning to Mr. Stebbins's alternate request for an extension of time to respond to the Motion for Summary Judgment (Doc. 131), it is clear that he received a copy of the Motion and supporting exhibits by no later January 15, 2018, via email. The Court will therefore grant him a 14-day extension of time to respond to the Motion, beginning on January 15. His response to the Motion for Summary Judgment (Doc. 131) is therefore due by **Monday, January 29, 2018**.

Accordingly, **IT IS ORDERED** that Plaintiff David A. Stebbins's Motion for Sanctions and Motion to Strike, or in the Alternative, for an Extension of Time (Doc. 134) is **GRANTED IN PART AND DENIED IN PART** as follows: the requests for sanctions and to strike Defendants' Motion are both **DENIED**, and the request for an extension of time is **GRANTED** to January 29, 2018.

**IT IS FURTHER ORDERED** that, going forward, Defendants are instructed to serve Mr. Stebbins with file-marked copies of any and all documents that they file with the Court via **both regular U.S. Mail and via email**, so as to avoid future questions as to Mr. Stebbins's receipt of mailed documents.

IT IS SO ORDERED on this 17th day of January, 2018.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

3