IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**DAVID A. STEBBINS**                                                **PLAINTIFF**

**V.**                            **CASE NO. 3:17-CV-03092**

**STATE OF ARKANSAS;**
**ARKANSAS REHABILITATION SERVICES;**
**and AMY JONES**                                                    **DEFENDANTS**

<u>ORDER</u>

In accordance with the Court's Case Management Order (Doc. 101, ¶ 5(c)), Plaintiff David A. Stebbins contacted the Court via email to advise of a discovery dispute. The dispute concerns his fifth set of interrogatories and requests for production that he propounded on Defendants on or around November 27, 2017. Mr. Stebbins found all of Defendants' responses deficient and all objections to be lacking in merit. On January 3, 2018, the Court issued a text-only Order (Doc. 130), noting the existence of the discovery dispute, and directing Mr. Stebbins to prepare a document listing the reasons why he believed Defendants' responses were deficient. He emailed that document to the Court and opposing counsel on January 4, 2018, and that email is now attached to the instant Order as Exhibit 1. Defendants prepared a response to Mr. Stebbins's email, which is attached to this Order as Exhibit 2, and sent it to Mr. Stebbins and the Court on January 10, 2018.

In reviewing Mr. Stebbins's 8-page summary of the discovery dispute, as well as Defendants' 13-page response, the Court is struck by the parties' thorough treatment of the issues. In most discovery disputes, the Court finds oral argument to be helpful, primarily because the parties have provided the Court only brief written summaries of

their respective positions. Here, however, the parties' summaries were so detailed that oral argument is unnecessary. The Court has decided to treat Mr. Stebbins's summary of the dispute (Exh. 1) as a Motion to Compel, and Defendants' summary (Exh. 2) as a response to the Motion.

The Court observes at the outset that the scope of discovery under Federal Rule of Civil Procedure 26(b) is generally considered to be broad. This is because "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2007, at 120 (3d ed. 2010) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Rule 33 explains exactly how the parties are to propound and respond to interrogatories, while Rule 34 explains the same thing with respect to requests for production. At the end of the day, these discovery tools are intended to enable litigants to discover the *facts* they will later use to make persuasive *arguments* to the fact-finder.

Turning now to Mr. Stebbins's fifth set of interrogatories, it is evident that he has not propounded them in order to obtain relevant facts from Defendants that he does not already know. Instead, these interrogatories serve as a vehicle for Mr. Stebbins to argue with Defendants about their theory of the case, and then to dispute Defendants' reasons as to why they denied him services. For example, one of Mr. Stebbins's interrogatories asks Defendants to address a hypothetical situation of Mr. Stebbins's devise, and then consider whether he might have qualified for rehabilitative services if "the eligibility requirement . . . were waived." (Exhibit 1, p. 3). The rest of the interrogatories in question are along the same lines—speculative and argumentative.

Accordingly, the Court finds that Defendants' responses and objections are both reasonable and appropriate.

As for the requests for production, Mr. Stebbins does not dispute that Defendants produced to him the entire contents of his 130-page case file.[1] His fifth set of requests for production—much like his interrogatories—seeks only to engage and argue with Defendants, under the guise of asking that they "justify that their actions were in compliance with law" by pointing to particular documents within the 130-page production. (Exhibit 1, p. 5). Again, the time for argument is during the dispositive-motion phase of the litigation, or during trial, and *not* during discovery. The Court finds that Defendants' responses and objections to the requests for production are also reasonable and appropriate, particularly in light of the fact that Mr. Stebbins has failed to identify any document in Defendants' possession that has not already been produced.

**IT IS THEREFORE ORDERED** that Mr. Stebbins's Motion to Compel (Exh. 1) as to his fifth set of interrogatories and requests for production is **DENIED**.

**IT IS SO ORDERED** on this 18th day of January, 2018.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[1] The entire production was filed of record at Doc. 114-1.