# RESPONSE TO DOC. 130

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following response to Doc. 130, where the Court ordered me to prepare a document outlining each deficient discvoery response and the reasons behind these deficiencies.

## Efforts to resolve without court action.

The Defendants have sent an email where they complain that I did not make good faith efforts to resolve the discovery dispute without court action.

As you can see from the attached email, the Defendants outright said that they did not believe that any discussion would yield any fruitful results. Therefore, I do not believe any further discussion with them is necessary.

The Defendants asked me to submit my arguments to them over email. But what good would that do? If they already said that they will not revise their responses, what does it matter if I call them on the phone or email them? If anything, it seems that the Defendants are simply trying to unilaterally dictate the terms of the discussion by demanding that I conform to *their* preferred medium of communication. That is a completely superficial demand that only serves to undermine my efforts to communicate with them in good faith. If anything, it only subtly tells me that they are very unlikely to cooperate in discovery unless I do it *their way*.

So despite the Defendants' complaints, I have indeed made good faith efforts to resolve this discovery dispute without court action. To the contrary, it is they, not I, who are not acting in good faith.

## Summary objections without details

After that preliminary matter is out of the way, we now turn to the Defendants' discovery responses. In the majority of the discovery responses, the Defendants objected on the grounds tha the discovery requests were "vague and ambiguous." These objections are procedurally deficient, since the grounds for these objections are not stated with specificity.

Both the Federal Rules of Civil Procedure and the AR Local Rules require that the grounds for a discovery objection must be stated with specificity. See Fed.R.Civ.P. 34(b)(2)(B) ("For each item or category, the response must ... state with specificity the grounds for objecting to the request, including the reasons"). See also AR Local Rule 33.1(b) ("It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity").

Therefore, the Defendants' objections to my discovery requests should be stricken in their entirety. No consideration should be given to these objections beyond striking them, since they are chronically deficient simply by reason of them not having any specific details backing them.

## Category 1: Interrogatories 1 & 2, and Requests for Production 1 & 2.

After striking the Defendants' objections, the Defendants' responses to the discovery are still deficient.

My discovery requests can be grouped into three categories, depending on what they were designed to investigate. This first category is comprised of the first four discovery requests – Interrogatories Nos. 1 & 2, and Requests for Production Nos. 1 & 2. These discovery requests were designed to investigate whether or not "likelihood of success in the workforce" is in fact an essential eligibility requirement, or if it is simply something the Defendants are using as an excuse to justify denying my application.

In my Response in Opposition to the Defendants' Motion for Summary Judgment, as well as my newly-filed Motion for Partial Summary Judgment (filed simultaneously with my Response to the Defendants' Motion), I explain how the law requires the public entity to make reasonable modifications to their policies. I showed over half a dozen case laws stating, not only that the public entity is required to make these modifications, but also that the public entity bears the *burden of proving* that any proposed modifications would fundamentally alter the nature of the service!

It is undisputed in this case that, if I do indeed fail to meet the eligibility requirement of "likely to succeed in the workforce," that my symptoms would be the primary reason I do not meet it. See Doc. 110, p. 18: "[T]hese symptoms are illustrative of why Stebbins could not ... succeed in the workforce." Therefore, unless the Defendants can justify that this eligibility requirement is truly necessary to their mission, then denying my application for this reason is an act of disability discrimination, plain and simple.

These four discovery requests were designed to challenge the Defendants to justify that their eligibility requirements were actually necessary to carrying out their mission.

- The two interrogatories were designed to require the Defendants to explain how any modifications to their policies would fundamentally alter the nature of the services they provide.

- Request for Production No. 1 was designed to force the Defendants to show the evidence they used to reach these determinations. I do not concede that an eligibility requirement is essential just because they say so. I want them to *show evidence* to prove it.

- Request for Production No. 2 asked the Defendants to justify how, even if the eligibility requirement of "likely to succeed in the workforce" were waived, I still would not qualify for ARS public benefits.

All four of these discovery requests are relevant to determining if the Defendants are indeed properly following the law by only using essential eligibility requirements.

It appears as though the Defendants do not understand the gravity of these discovery

requests, and that is why their responses are so deficient. Their responses appear to scoff at the mere prospect of having to alter their policies, as if they are not even requried to consider that in the first place.

In their response to **Interrogatory No. 1**, the Defendants merely state that making my proposed change would result in a minor inconvenience for them, not a fundamental alteration. As I hopefully demonstrated in my Response to their Motion for Summary Judgment, using the precedent of PGA Tour v. Martin, the slightest inconvenience to the Defendants does not warrant an otherwise discriminatory eligibility requirement.

The Defendants argue that their current *procedure* for determining eligibility requires that they determine whether I am likely to succeed in the workforce before they determine the scope of my benefits. They argue that their *procedure* for reviewing applications would be shaken up if they adopted my proposed modification.

To that, I say this: Is there any reason why the procedure itself has to be that way?

Think about it this way: Imagine if a paraplegic was applying for a job at a firm. This job would have him sitting at a desk all day, so his inability to walk is not a problem. His cubicle would be on the first floor of the building, so his inability to climb the stairs is also not a problem. However, in order to apply for this job, he is required to attend an interview in the boss's office, and this office is located on the 2nd or 3rd floor of a building with no elevator! So when the boss refuses to consider the applicant's resume and gets sued for disability discrimination, he argues to the Court that he did not refuse to hire the plaintiff because of the plaintiff's disability, but rather, for no-showing his interview. Would the employer win in such a case? No, he wouldn't. Because unless there is a good reason why the interview absolutely has to take place in that specific location, and cannot be moved to the first floor, then the employer is required to accommodate the applicant during the application stage, as well as during the employment itself.

So the Defendants argue that their current procedure for determining eligibility requires they determine that I am "likely to succeed" *before* they move on to the next step. Well, as I have hopefully just demonstrated, unless that procedure is, itself, essential to ARS's mission, then they are required to change that too!

The Defendants do not appear to understand the gravity of this discovery request, and therefore are not taking it very seriously. They should be ordered to revise their response so it conforms to what ADA law actually requires them to do.

In their response to **Interrogatory No. 2**, the Defendants outright state that they "do not believe the policies need to be modified," even though I have shown an abundance of case law stating that, yes, they do indeed have to consider reasonable modifications. Therefore, their response is necessarily deficient and they should be ordered to revise it.

They also state "You were deemed ineligible. You were informed, in writing, what you needed to do in order to be reassessed for eligibility. Those reasons have previously been

furnished to you." They act as if this settles the matter, as if discussing anything else beyond this is redundant and irrelevant.

So let me get this straight: The Defendants are of the opinion that the mere fact they found me to be ineligible is all the evidence they need to be exonerated of discrimination?! Is that what they're saying? No matter how erroneous their determination is, no matter what discriminatory or retaliatory factors were used to reach this determination, no matter how improvidently the determination was made, the fact that *they made this determination* is what entitles them to judgment as a matter of law. Is that gist of it?

In the Defendants' Answer to Complaint, they raised the affirmative defense of res judicata, even though no court judgments existed on this matter prior to this case. Is this what they were talking about?! Do they consider their own *ex parte*[1] decision about my eligibility to carry the same weight as a full blown judicial decree?! If so, then not only should the Defendants be ordered to revise their discovery responses, but they should also be sanctioned under Fed.R.Civ.P. 11 for raising a patently frivolous legal argument!

In their response to **Request for Production No. 1**, the Defendants appear to completely miss the boat. I asked the Defendants to show the evidence and documentation they used to reach their determination that their current eligibility requirements were essential. I do not concede that the Defendants' eligibility requirements are essential simply because they say so.

To the extent they actually attempted to answer these questions, I wanted to see how they reached that determination. They obviously believe that my interrogatories were frivolous, seeing as they made no effort to actually justify that their eligibility requirements were essential and unmaleable. So they obviously felt they were under no obligation to document their determinations.

In the event that the Court orders the Defendants to revise their response to either Interrogatory No. 1 or Interrogatory No. 2, the Defendants should also be ordered produce every single piece of evidence and documentation that they uesd to reach this determination.

In their response to **Request for Production No. 2**, they appear to believe that I am asking for them to argue a purely hypothetical scenario. They have no intention of waiving this eligibility requirement, so there is no point in entertaining whether or not I would qualify if it *were* waived.

However, as I have hopefully demonstrated with copious citation of precedent, the Defendants are indeed required to make reasonable modifications to their policies unless they can demonstrate that such changes would fundamentally alter the nature of the service.

Therefore, **Request for Production No. 2** is not redundant by any means. Whether I would qualify for ARS services without the requirement that I be "likely to succeed in the

---

1  It was indeed ex parte. By the Defendants' own admission, they never invited me to any in-person medical examination, and never gave me the opportunity to argue my case to them before they reached that decision.

workforce" is indeed very relevant.

Therefore, the Defendants should be ordered to revise their discovery response and give a straight answer to this request for production.

In conclusion, if the Defendants cannot provide a satisfactory response to this category of discovery requests, then maybe they should consider making an effort to settle this case out of court. The law very clearly says that the Defendants do not get carte blanch to decide what their eligibility requirements are; in fact the law very clearly requires the exact opposite. If they cannot justify that their actions were in compliance with the law, they should rectify their errors to avoid further liability. It is as simple as that.

### Category 2: Interrogatory No. 3

This interrogatory asks the Defendants to clarify their position on how they reached my eligibility determination.

The Defendants concede that clarification is a legitimate discovery objective. To prove this, I am also attaching my response to the Defendants' Interrogatories and Requests for Production. Notice Interrogatory No. 9, located on Page 5 of my response. As you can clearly see, the Defendants submitted a discovery request to me that asked me to clarify something.

So obviously, the Defendants believe that clarification is a legitimate objective for discovery.

However, the Defendants outright refuse to respond to this discovery request to clarify.

The first paragraph in their response states two objections, but the Defendants do not state the grounds for these objections with specificity. Therefore these objections are not properly before the Court. See Fed.R.Civ.P. 37(b)(2)(B) and AR Local Rule 33.1(b).

The second paragraph merely repeats the arguments they made in response to Interrogatory No. 2, that the mere fact that they *found me to be ineligible* is the only thing that matters in this case. It does not matter how improvident or erroneous their determination was, or what illegal factors they made in doing so. They found me to be ineligible, period. Any attempts to cross exmine or conduct discovery on such an determination are necessarily frivolous.

To that end, I repeat my aformentioned argument that they should not only be ordered to revise their discovery response, but also sanctioned under Fed.R.Civ.P. 11.

### Category 3: Request for Production Nos. 3-6

The Defendants raise no objections to these four discovery requests. Therefore, they are simply required to respond to them, even if they may have a valid objection to them.

The Defendants have four basic eligibility requirements for an applicant to be eligible for ARS public benefits. These four requests for production took each eligibility requirement, one at

a time, and asked the Defendants to show how I do not meet each individual eligibiltiy requirement.

It is clear from the Defendants' responses that they put absolutely no thought or effort into responding to these requests. The fact that all four responses are literally the exact same sentence copied and pasted four times proves that.

In order for the Defendants' responses to these four requests to be valid in their current state, the following must be accepted:

- I actually fail to meet every single eligibility requirement the Defendants have, including the requirement that I even have a disabiltiy in the first place!

- As evidenced by the phrase "as taken in totality," they believe that every single page in the their 130-page file is critical to understanding how I fail to meet each eligibility requirement. If you take out even one page – no matter what that page is – it becomes impossible to trace the Defendants' logic and understand why they made the determination they did.

The Defendants' current responses are most definitely lies.

For starters, they already admitted that I have at least one disability. See Defendant's Answer to Request for Admission No. 1. Now, all of the sudden, they say that I *fail* to meet that requirement?! Do you see what I mean, when I say that they clearly put no effort or thought into these discovery responses? They simply issued a blanket statemen tin response to these requests without any regard as to whether it made any logical sense, or even if it was consistent with their existing discovery responses!

But then there is the phrase "as taken in totality." Are they honestly saying that all 130 pages are absolutely critical to realizing that not one, but all four of their eligibility requirements are not met?!

Take, for example, ARS 9. Is that honestly essential to the finding that I am not disabled in the first place?

Also, is that honestly essential to the finding that my disabilities (which they say don't even exist in the first place) actually hinder my ability to obtain gainful employment?

Is that one page honestly essential to the finding that my disabilities (which the say don't even exist in the first place) are so severe that I am not likely to obtain an employment outcome even if I received ARS benefits?

And is that one page honestly essential to the finding that I actually need ARS's assistance to achieve vocational rehabilitation?

On the same vein, how can I possibly fail to meet Eligibility Requirements Nos. 2 & 3 at

the same time? One requries my disabilities have be a barrier to my vocational rehabiltiation; the other requires that this barrier not be insurmountable. How can I fail to meet both requirements at once? That's like saying that my score is simultaneously less than 50 and more than 100!

And yet, that is nevertheless what the Defendants would have you believe, according to their recent discovery responses ... AND that all 130 pages of my file are equally important to seeing that!

Do you see what I mean when I say they put no effort or thought into this?

The Defendants clearly do NOT consider all 130 pages to be essential to the determination that I fail to meet, not one, but all four of their eligibility requirements. After all, in their Motion for Summary Judgment (Doc. 109-111), the Defendants attach less than all of their 130-page file. So clearly, they do not believe that all 130 pages are necessary to getting to the bottom of this case.

So either ...

- The Defendants are simply putting no effort or thought into forming their discovery responses, or

- They are purposefully giving me cryptic responses and are expecting me to "figure it out" what exactly their position is, when these four requests very clearly asked them to NOT do that, to instead just tell me exactly what evidence they have that supports which finding so that I am not left to simply read their minds.

Either way, they should be both sanctioned for frivolousness and ordered to revise their responses.

Unlike the past two categories, I have a proposal. The Defendants may opt to not revise their responses to Requests for Production Nos. 3-6. However, if they choose not to, I ask that this Court impose a condition on the Defendants.

First, their Motion for Summary Judgment must be denied, since by their own admission, they provided the Court with insufficient evidence to make a decisive judgment on the matter, and according to the Defendants, all 130 pages are needed.

Second, when the case proceeds to jury trial, when I cross examine Amy Jones, I will present her with each page, one at a time. I will ask her how each page is essential to the finding that I fail to meet each and every eligibility requirement. This means that I will ask her a total of 520 questions[2], in addition to other questions that may or may not be relevant on cross exmination. If she fails to give a satisfactory answer to even one of these questions – even if she answers the other 519 questions flawlessly – then the Court should issue a directed verdict, ordering the jury to make the finding that I am indeed qualified for ARS benefits. At that point,

---

2 Because there are 130 pages that need to be explained, and 4 eligibility requirements that each page supposedly proves that I fail to meet. 130 x 4 = 520 questions.

only by proving that my real or perceived disabilities never played a role in their determination at all would the Defendants be able to avoid liability.

Does that sound like a harsh condition? That is because it is. However, this condition is entirely avoidable. If the Defendants revise their discovery responses so that they A) concede that I meet the eligibility requirements that I actually do meet, and B) in response to the requirements that I do not meet, show only the evidence that actually supports that finding and absolutely no other evidence besides that, then the Defendants can avoid such a harsh condition. The Defendants hold the keys to their own cell, here.

But even if the Court does not want to impose such a harsh condition on the Defendants, I still have a right to have these discovery requests responded to *properly*.

## Conclusion

As you can see, every single response the Defendants gave to my final discovery requests are chronically deficient. Some of them may be based on good faith misunderstandings of what exactly the law requires of them (such as reasonable modifications of policies), but others are blatant attempts to avoid having to actually respond to my discovery, either by arguing that their determination that I am ineligible is unreviewable and the reasoning behind it is irrelevant, or simply by refusing to put any effort or thought whatsoever into their responses.

If my discovery requests back them into a corner, and they cannot possibly justify their actions in light of these discovery requests, then maybe they should enter negotiations with me to settle out of court.

In the upcoming conference, I ask that this Court order the Defendants to provide full and complete responses to all nine of my discovery requests (including all three interrogatories and all six requests for production), and to give straight answers to them. I would also like the Court to consider imposing sanctions against the Defendants for their frivolous attempts to argue that their determinations are impervious to judicial review, as well as their frivolous attempts to make me "figure out" which eligibility requirements I do not meet when my discovery requests very clearly asked them to NOT do that.

This is what I would like the Court to do in the upcoming conference. Thank you.

Sincerely,
David Stebbins