IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                           PLAINTIFF

v.                         CASE NO. 3:17-CV-03092-TLB

STATE OF ARKANSAS, et al.                                   DEFENDANTS

## DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIFTH SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PURSUANT TO THIS COURT'S INSTRUCTIONS

COME NOW Defendants State of Arkansas, Arkansas Rehabilitation Services, and Amy Jones, by and through their attorneys, Attorney General Leslie Rutledge and Senior Assistant Attorney General Christine A. Cryer, and for their Supplemental Responses to Plaintiff's Fifth Set of Interrogatories and Requests for Production of Documents, state as follows:

**INTERROGATORY NO. 1:** The Defendant's primary defense on the merits to this case is that A) likelihood to succeed in the workforce is an essential eligibility requirement and B) I fail to meet that requirement.

In the Magistrate Judge's Recommended Partial Disposition in this case (Doc. 51), he states the following:

> "[T]he 'qualified individual' inquiry does not end even if the Court accepts Defendants' contentions that likelihood of success in the workforce is an essential requirement for obtaining benefits from ARS *and* that Stebbins failed to meet that requirement. Title II defines a qualified individual with a disability as a person who meets the public entity's essential eligibility requirements *with or without reasonable modifications* (emphasis added). Thus, by the express word of

Congress, it is not necessary for a person to meet all eligibility requirements. instead*[sic]* , if a proposed modification of those requirements is reasonable, a person can be a qualified individual." (citations and quotations omitted).

I am of the opinion that a "reasonable modification" to your requirements would be to grant ARS benefits to any disabled citizens of Arkansas who have any chance – even a slight chance – of succeeding in the workforce. Only those who have absolutely no chance whatsoever of succeeding in the workforce would be denied ARS benefits under this proposed policy. That way, you are still fulfilling your mission; you are still providing vocational assistance to disabled Arkansas citizens; nobody who was previously eligible for benefits would no longer get the benefits. Instead, you would merely be expanding the number of people who would get those benefits.

So here is my interrogatory: Please explain, with as much specificity and clarity as possible why this proposed modification would not be reasonable.

**DISCOVERY RESPONSE NO. 1:** Objection – vague and ambiguous. Without waiving said objections, it appears you are asking the Defendants to interpret the Proposed Findings DE 51) which they are not required to do. If that is not what you are asking them to do, then the Defendants do not quite know how to respond to this Interrogatory. There still needs to be some form of assessment in order to determine eligibility. Eligibility must be determined prior to determining what benefits should be awarded to an individual. Defendants cannot make a blanket statement or agreement that all persons with any sort of disability are eligible, which is what it appears you are asking to be done.

In December 2015, it was determined that vocational rehabilitation services were not appropriate for you at that time. You were informed what needed to be done in order to be reassessed for eligibility. (See ARS 122 – 123; 130)

**MOTION RESPONSE NO. 1:** Defendants reaffirm the objections as stated in their discovery responses. The Interrogatory is vague. Defendants do not clearly understand what it is that Plaintiff is asking. Not to be obtuse, but it is difficult to explain what is not understood, when it isn't understood to begin with.

It appears that Plaintiff is asking ARS to do away with the eligibility determination whenever a request for assistance is made. ARS has attempted to explain why they do not believe that would work.

Plaintiff states that he is of the opinion that a 'reasonable modification' to ARS' requirements would be to grant everyone benefits, "except for those who have absolutely no chance whatsoever of succeeding in the workforce." The Plaintiff then asks the Defendants to disprove his opinion. Again, the Defendants have previously attempted to explain their analysis, both in their responses to Plaintiff's pleadings and in their previous discovery responses. ARS cannot look down the road and determine, without a doubt, who will and who will not succeed in the workforce. What they can do is to examine all of the information they have in front of them, such as medical/mental health records, prior work history, prior school enrollment, etc., and make the best determination they can, based upon the totality of the information, they have at that time. This is exactly what they did regarding Plaintiff.

Plaintiff was deemed ineligible in December 2015 due to his perceived mental instability. (ARS 122 – 123; 130), and in particular, Amy Jones was concerned for the physical safety of those Plaintiff would come into contact with. Plaintiff admittedly has a number of diagnoses – of which he, at least at that time, was not treating medically or on a mental health basis. He was advised to seek treatment, and then provide documentation of his mental stability to ARS, at which time he could be reassessed. Ms. Jones was not required to, nor should she ignore the information presented to her. She made the best determination she could at that time.

**INTERROGATORY NO. 2:** All the contents of the first interrogatory are hereby incorporated by reference.

Please state, with as much specificity and clarity as possible, why no other modification in your policy would be reasonable.

**DISCOVERY RESPONSE NO. 2:** Defendants object to this interrogatory as vague and ambiguous. Without waiving said objection, Defendants do not believe that the policy needs modifying. You were deemed ineligible. You were informed, in writing, what you needed to do in order to be reassessed for eligibility. Those reasons have previously been furnished to you.

**MOTION RESPONSE NO. 2:** Interrogatory No. 2 is essentially the same as No. 1. The Defendants have made every effort to explain their position to Plaintiff. It is unknown how to restate this.

4

**REQUEST FOR PRODUCTION NO. 1:** Produce all evidence in your possession that you used to reach the determinations you reached in your responses to the above two interrogatories.

**DISCOVERY RESPONSE NO. 1:** See the documents previously produced to you in response to your first Request for Production of Documents.

**MOTION RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** The Defendants have previously produced 130 pates-numbered pages in discovery. They are numbered ARS 1 – ARS 130. They have been provided to the Plaintiff several times, and to this Court.

ARS, and in particular Amy Jones, relied on each of these documents in order to reach her decision. There was no one page or document in which she based her decision on.

**REQUEST FOR PRODUCTION NO. 2:** You have already provided what you consider to be evidence that I am "unlikely" to succeed in the workforce. Please produce all evidence in your possession that shows that I would still fail to meet your eligibility requirements even if you adopted the proposed modification in your requirements mentioned in Interrogatory No. 1.

**DISCOVERY RESPONSE NO. 2:** Objection – this request asks the Defendants to assume facts which are not in evidence, and then to produce documents in support of hypotheticals. Without waiving said objection, Defendants have produced the documents they have in their possession. They have not looked for documents to dispute your hypotheticals, nor are they required to.

Defendants do not have any additional documents to produce. They have not received or reviewed any additional medical or mental health records from Plaintiff. They do not know if he is currently undergoing treatment or if a medical/mental health professional has deemed him stable.

**INTERROGATORY NO. 3**: In Dr. Johnson's Recommendation (Pages 85-86 of the ARS's files that were produced in response to Plaintiff's first Request for Production), Dr. Johnson lists a variety of symptoms recorded in my medical records, including, but not limited to, impulsiveness, depression, and emotional intensity. She further opined that these symptoms have the potential to interfere with my vocational rehabilitation.

> In your Brief in Support of Motion to Dismiss (Doc. 16), you state the following:

> "Stebbins does not deny that he suffers from the above symptoms. Rather, he alleges that Defendants' articulation of the above symptoms as reasons he would not benefit from ARS services, is an 'open confession' that they discriminated against him. On the contrary, these symptoms are illustrative of why Stebbins could not, without some further counseling services and a maintained period of stability which ARS recommended, succeed in the workforce."

You repeat this argument, verbatim, in your Brief in Support of Response in Opposition to Motion for Summary Judgment (Doc. 85, Page 16).

However, you also admit, in your response to Request for Admission No. 8, that you did not examine me personally to determine the full extent of my abilities or inabilities. In other words, by your own admission, you decided that I was

unlikely to succeed in the workforce solely on the *existence* of the aforementioned symptoms.

So here is my Interrogatory: Please clarify which of the following is actually your position in this case:

1.    Any person with these symptoms, no matter how slight or benign the symptoms may be, will ever be capable of obtaining gainful employment, under any circumstances, in any career field, no matter what accommodations may or may not be provided, except by eliminating the symptoms entirely. An individual analysis of the scope of the individual's symptoms and/or his unique abilities and inabilities is entirely redundant, as no amount of individualized inquiry would ever reveal that any person with these symptoms could ever achieve gainful employment. The only hope of **_any person_** with these symptoms ever achieving gainful employment is if he cured himself of the symptoms entirely, and no longer had them

2.    I may in fact be able to achieve gainful employment with some assistance from ARS. However, these symptoms present some obstacle to obtaining gainful employment. To be eligible for ARS benefits, a citizen must have absolutely no disability-related roadblocks or obstacles to his path to employment, no matter how insignificant, slight, or easily overcomeable those roadblocks or obstacles may be. The slightest difficulty in achieving gainful employment automatically makes me unqualified for ARS services.

3.    To be ineligible for ARS benefits, my symptoms have to be so severe that the odds of me obtaining gainful employment are astronomical. The listed symptoms do not automatically mean that anyone who has them is necessarily unable to obtain gainful employment. The ability to obtain gainful employment depends on the severity of the individual's symptoms, and that severity differs from individual to individual. However, because the ARS has *decided* that my symptoms are indeed that severe, that declaration, alone, without more, causes that fact to become undisputed truth, even if those same symptoms of the same severity by an otherwise identical applicant would still be eligible for ARS benefits without the ARS's arbitrary determination. Your determination cannot be reviewed or

overturned by anyone, not a federal court of competent jurisdiction, or anyone else, solely because YOU are the one who said it.

Please state which of the three is your position in this case.

**DISCOVERY RESPONSE NO. 3:** Objection – this interrogatory is vague, ambiguous and argumentative. Defendants object to your mischaracterization "by your own admission, you decided that I was unlikely to succeed in the workforce solely on the *existence* of the aforementioned symptoms."

Without waiving said objections, Defendants have previously stated the reasons you were denied eligibility. In addition, Ms. Jones' letter to you explained what you needed to do in order for ARS to reassess your eligibility at a later date. You did not do those things.

**MOTION RESPONSE TO NO. 3:** Defendants have previously, in multiple pleadings, stated their position, and do not believe they should be required to do so yet again. Defendants will address each of the 3 numbered paragraphs in an effort to explain.

1. Defendants have never advanced the argument stated in paragraph No. 1.
2. Defendants have never advanced the argument stated in paragraph No. 2. Defendants have never stated that Plaintiff would *never* be able to achieve gainful employment.
3. Defendants have never advanced the argument stated in paragraph No. 3.

**REQUEST FOR PRODUCTION NO. 3:** Page 18 of the ARS's Policy and Procedure Manual states that the first basic eligibility requirement for ARS benefits is thus:

"A determination that the individual has a physical or mental impairment defined as an injury, disease or other condition that results in persistent functional limitations: resulting from amputation, arthritis, autism, blindness, burn injury, cancer, cerebral palsy, cystic fibrosis, deafness, head injury, heart disease, hemiplegia, hemophilia, respiratory or pulmonary dysfunction, mental retardation, mental illness, multiple sclerosis, muscular dystrophy, musculo-skeletal disorders, neurological disorders (including stroke and epilepsy), spinal cord conditions (including paraplegia and quadriplegia), sickle cell anemia, specific learning disability, end-stage renal disease, or another disability or combination of disabilities determined on the basis of an assessment for determining eligibility and vocational rehabilitation needs to cause comparable substantial functional limitation."

Please produce all evidence in your possession that says that I do not meet this eligibility requirement. If the evidence is located in the documents you have already provided (namely, ARS 001-130), then please state which pages contain this evidence and quote the relevant evidence verbatim.

Alternatively, you may concede that I meet this eligibility requirement. If you do that, there is no need for you to respond to this Request for Production.

**DISCOVERY RESPONSE NO. 3:** Please see bates-numbered documents ARS 0001 – 00130 as taken in totality.

**MOTION RESPONSE TO REQUEST FOR PRODUCTION NO. 3:** As previously stated, there was no one page or document that deemed you ineligible. It was the totality of the documents coupled with your behavior in December 2015 that led to the determination.

**REQUEST FOR PRODUCTION NO. 4:** Page 18 of the ARS's Policy and Procedure Manual states that the second basic eligibility requirement for ARS benefits is thus:

"A determination that the individual's physical or mental impairment constitutes or results in a substantial impediment to employment for the individual. A substantial impediment to employment exists when the impairment and the resultant limitation: Prevent the individual from obtaining a job consistent with their abilities; significantly interfere with preparing for employment consistent with their abilities, need for special accommodations or technology to perform essential job duties or barriers to job retention; for example loss of job due to impairment or unable to perform essential job duties."

Please produce all evidence in your possession that says that I do not meet this eligibility requirement. If the evidence is located in the documents you have already provided (namely, ARS 001-130), then please state which pages contain this evidence and quote the relevant evidence verbatim.

Alternatively, you may concede that I meet this eligibility requirement. If you do that, there is no need for you to respond to this Request for Production.

**DISCOVERY RESPONSE NO. 4:** Please see bates-numbered documents ARS 0001 – 00130 as taken in totality.

<mark>**MOTION RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**</mark> As previously stated, there was no one page or document that deemed you ineligible. It was the totality of the documents coupled with your behavior in December 2015 that led to the determination.

**REQUEST FOR PRODUCTION NO. 5:** Page 18 of the ARS's Policy and Procedure Manual states that the second basic eligibility requirement for ARS benefits is thus:

"A presumption that the individual can benefit in terms of an employment outcome from the provision of VR services. An individual is presumed capable of achieving an employment outcome, unless documented with clear and convincing evidence is obtained

10

documenting for example: the severity of the diagnosis would preclude not obtainable that employment cannot be obtained due to the severity of the individual's disability."

Please produce all evidence in your possession that says that I do not meet this eligibility requirement. If the evidence is located in the documents you have already provided (namely, ARS 001-130), then please state which pages contain this evidence and quote the relevant evidence verbatim.

Alternately, you may concede that I meet this eligibility requirement. If you do that, there is no need for you to respond to this Request for Production.

**DISCOVERY RESPONSE NO. 5:** Please see bates-numbered documents ARS 0001 – 00130 as taken in totality.

**MOTION RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** As previously stated, there was no one page or document that deemed you ineligible. It was the totality of the documents coupled with your behavior in December 2015 that led to the determination.

**REQUEST FOR PRODUCTION NO. 6:** Page 19 of the ARS's Policy and Procedure Manual states that the second basic eligibility requirement for ARS benefits is thus:

"A determination that the individual requires VR services to prepare for entrance into, engage in, or retain gainful employment consistent with the individual's strengths, resources, priorities, concerns, abilities, capabilities and informed choice. 34 C.F.R. § 361.42(i.-iv.) An individual is expected to require multiple VR services that will have a substantial impact on the individual's disability and resultant functional limitations or reduce the impediment to employment to allow the applicant to prepare for, obtain, retain or regain employment consistent with the individual's capabilities and abilities and the

individual services cannot access these services without VR intervention."

Please produce all evidence in your possession that says that I do not meet this eligibility requirement. If the evidence is located in the documents you have already provided (namely, ARS 001-130), then please state which pages contain this evidence and quote the relevant evidence verbatim.

Alternatively, you may concede that I meet this eligibility requirement. If you do that, there is no need for you to respond to this Request for Production.

**DISCOVERY RESPONSE NO. 6:** Please see bates-numbered documents ARS 0001 – 00130 as taken in totality.

**MOTION RESPONSE TO REQUEST FOR PRODUCTION NO. 6:** As previously stated, there was no one page or document that deemed you ineligible. It was the totality of the documents coupled with your behavior in December 2015 that led to the determination.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

By: */s/ Christine A. Cryer*
Christine A. Cryer
Ark. Bar No. 2001082
Senior Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 683-0958
Fax:    (501) 682-2591
Email: christine.cryer@arkansasag.gov

## CERTIFICATE OF SERVICE

I, Christine A. Cryer, hereby certify that on January 10, 2018, I emailed this document via Microsoft Outlook to the following:

David A. Stebbins          stebbinsd@yahoo.com

The Honorable Judge Timothy Brooks          tlbinfo@arwd.uscourts.gov

By:     */s/ Christine A. Cryer*