UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                                      PLAINTIFF

VS.                          CASE NO. 3:17-cv-03092

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES                  DEFENDANTS

## STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF SEPARATE MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO FIRST AMENDMENT RETALIATION CLAIM

Comes now, *pro se* Plaintiff David A. Stebbins, who hereby submits the following Statement of Undisputed Facts in Support of my Separate Motion for Partial Summary Judgment.

**UNDISPUTED FACT NO. 1:** Defendants denied my application for ARS benefits.

- See **Doc. 109-111** and **Doc. 131-133**.

**UNDISPUTED FACT NO. 2:** The Defendants claim (whether or not it is true) to have based their adverse action, at least in part, on some hostile behavior I engaged with them over the phone. The Defendants claim that this alleged behavior as a threat.

- See **Doc. 109-111** and **Doc. 131-133**.

**UNDISPUTED FACT NO. 3:** Lorraine Miller says (whether or not it is true) that I had been "yelling" at one of her colleagues.

- See **Exhibit 1**.

**UNDISPUTED FACT NO. 4:** Ms. Miller does not specificy exactly what I said to any of her colleagues, or exactly how loud I was yelling.

- See **Exhibit 1**.

**UNDISPUTED FACT NO. 5:** Ms. Miller says I sounded "very anxious" and was "breathing

hard."

- See **Exhibit 1**.

**UNDISPUTED FACT NO. 6:** An anonymous person says (whether or not it is true) that I was "rude and yelling," but does not state exactly what I said, exactly how loud I was, or what exactly about my statements classified them as "rude."

- See **Exhibit 2**.

**UNDISPUTED FACT NO. 7:** Ms. Matheny says (whether or not it is true) that I called them in a "high voice yelling" and "would not calm down," though she gives no details beyond that suggesting that I had *threatened* her in any way, shape, or form.

- See **Exhibit 3**.

**UNDISPUTED FACT NO. 8:** Alana Walls says (whether or not it is true) that I sounded "short of breath" and "emotionally upset." However, she makes no mention of how I threatened her in any way, shape, or form.

- See **Exhibit 4**.

**UNDISPUTED FACT NO. 9:** Ms. Walls said (whether or not it is true) that my "verbal behavior" and my "temper" continued to "escelate," but gives no details as to how exactly they escelated.

- See **Exhibit 4**.

**UNDISPUTED FACT NO. 10:** Ms. Walls said (whether or not it is true) that I continued to "ask the same questions" and continued to "yell," but gave no details describing the exact conditions of my yelling.

- See **Exhibit 4**.

**UNDISPUTED FACT NO. 11:** Amy Jones said (whether or not it is true) that someone else felt

threatened by me, but she gave no details whatsoever as to how exactly I threatened them.

- See **Exhibit 5**.

**UNDISPUTED FACT NO. 12:** Amy Jones says (whether or not it is true) that I was "yelling, angry, and breathing very hard and rapid," but she made no mention whatsoever of how exactly I *threatened* them.

- See **Exhibit 5**.

**UNDISPUTED FACT NO. 13:** Amy Jones says (whether or not it is true) that she believes one of the reasons I dislike the ARS and was mad at them is because "we are a government agency."

- See **Exhibit 5** ("David stated ... that is partially why he is so angry with our agency - because we are a government agency").

**UNDISPUTED FACT NO. 14:** Supposedly, on December 9, 2015, the ARS called the Harrison Police Department not once but twice. In both encouters (assuming these documents are not compelete fabrications), the HPD disposed of both calls without filing a report, believing the complained about conduct does not amount to terroristic threatening as a matter of law.

- See **Exhibit 6** and **Exhibit 7**.

**UNDISPUTED FACT NO. 15:** The ARS has the option of increasing the amount of benefits given to each applicant under extenuating circumstances, with no hard-coded maximum.

- See **Exhibit 8**.

   "Although it is not the intent of ARS to limit services to any individual, thresholds (maximum allowable amounts) have been established for some services. ARS recognizes that some individuals with disabilities have unique needs, which may need to be considered as an exception to the normal policy. These individuals are informed and provided an opportunity to request an exception to service provision policies due to extenuating circumstances."

**UNDISPUTED FACT NO. 16:** I argued extenuating circumstances to the Defendants that required that I have 100% of my college expenses paid by them, not simply $5,300.

- See **Exhibit 9**.

Wherefore, premises considered, I respectfully request that the Court issue summary judgment against Amy Jones for the tort of First Amendment Retaliation, issue an appropriate injunction, award costs incurred, and any other relief to which I may be entitled.

So requested on this, the 15th day of January, 2018.

/s/ David Stebbins
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com