UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                                   PLAINTIFF

VS.                      CASE NO. 3:17-cv-03092

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES        DEFENDANTS

## REPLY TO [137] BRIEF IN SUPPORT OF [136] RESPONSE IN OPPOSITION TO [123] MOTION FOR PARTIAL SUMMARY JUDGMENT

       Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Reply to Doc. 138, Defendants' Brief in Support of their Response in Opposition to my Separate Motion for Partial Summary Judgment.

### Section 1: Defendants' Straw Man Argument.

1.      First, the Defendants argue that "Stebbins argues the Defendants ... have failed to establish that it is unlikely Stebbins would be able to eventually succeed in the workforce." This is not what Section III, Sub-Sections 1-4 of my Brief addressed. The Defendants are completely attacking a straw man. At first, I thought this was the source of the Defendants' belief that this Separate Motion was completely redundant.

2.      Strangely enough, the Defendants do not appear to advance the argument that "the determination of whether an individual is likely to succeed in the workforce is solely at the discretion of the ARS," despite that argument being featured in every dispositive pleading the Defendants have filed up to this point.

3.      On Page 7 of my Brief, I very clearly stated, in no uncertain terms, and in bold letters for emphasis, that my position on this issue was that the Defendants "have not proven that 'likelihood of success in the workforce' *is an essential eligibility requirement*." Emphasis added.

4.      I further elaborate on this position on Page 10 of the Brief. In ¶ 32, I say "[E]ven if the

Defendants could show that I fail to meet the requirement of 'likely to succeed in the workforce,' it does not matter. I do not have to meet that requirement if it is not an essential one."

5. This is clearly a very different issue than I have argued in the past. My past argument was that I was indeed likely to succeed in the workforce. If that were what I were arguing here, then yes, it would indeed be redundant. But that is not what I am arguing here. Here, I am arguing that I am entitled to have that eligibility requirement waived for me, whether I meet that requirement or not.

6. The Defendants have provided absolutely zero counter-argument against this point. Therefore, their defense must fail and I am entitled to judgment as a matter of law on this matter.

### Section 2: I have work history.

7. The Defendants, for the first time this case, attempt to offer something tangible, other than their uncorroborated word, that supports their belief that I am unlikely to succeed in the workforce. They argue that I "have no employment history" and have "not previously worked." This, according to them, says that, even if I might could succeed in the workforce, "it most certainly, at a minimum, emphasizes that he never has."

8. This is a bald-faced lie. I have indeed been employed before, and the Defendants offer no evidence saying that I have not.

9. The exhibit which the Defendants attach contains only one section that even remotely addresses my work history. That is Interrogatory No. 10 and my response to same.

10. However, that interrogatory, on its face, only asks for my work history *on or afer July 2013*! The interrogatory on its face does not request work history before that date, and I structured my response to that interrogatory with that date in mind. If they asked for all of my employment history my whole life, my answer would have been vastly different.

11. Also, the interrogatory very clearly asks only for my *employment* history. In other words, the interrogatory, on its face, excludes paid work I have done as an independent contractor. If the interrogatory asked for my complete history of *paid work* from July 2013 to the present, I would have given a very different answer than I did.

12. The Defendants are simply lying when they say that, by my own admission, I have no work history to take into consideration.

### Section 3: Reasonableness of the Accommodation

13. The Defendants at least appear to *understand* this argument, which defeats my theory that their belief that my motion is redundant was caused by them attacking a straw man.

14. The Defendants argue that they have given explanations as to why they believe they have already given a sufficient explanation as to why they believe that my proposed accommodation would not work.

15. They completely miss the point. It does not matter that they provided an *explanation*. What matters is they have to *show proof* that their beliefs are accurate!

16. As I conceded, in Section III Sub-Section 5 of the Brief in Support of my Motion, I have recently realized that ¶ 34 of Amy Jones' affidavit might have been an attempt to explain why she felt that my proposed accommodation is not reasonable. However, in that same Brief where I conceded to that possibility, I also explained that it does not matter, because they still have not *proven* their beliefs to be true! As the Defendants themselves have argued multiple times this case, "the [parties'] beliefs are not evidence."

17. To show that I pose a direct threat to myself or others, the defendants cannot simply assume that I am a threat because of the presence of symptoms that *could* constitute a threat. To prove a direct threat, the law requires the Defendants to present nothing short of the "best current

medical ... evidence in order to protect disabled individuals from discrimination based on prejudice, stereotypes, or unfounded fear." See EEOC v. Wal-Mart Stores, Inc., 477 F. 3d 561, 571 (8th Cir. 2006). See also School Bd. of Nassau Cty. v. Arline, 480 US 273, 288 (1987) ( requiring the Defendants' determination to be "based on reasonable medical judgments given the state of medical knowledge ... In making these findings, courts normally should defer to the reasonable medical judgments of public health officials").

18. In other words, only medical evidence will do. Nothing else.

19. The defendants have recently come on record to state, in no uncertain terms, that Leslie Johnson's testimony is not expert testimony and that she has no expert credentials. See Doc. 139:

> "Defendants have not identified Leslie Johnson as an expert ... She is not going to be called to offer medical testimony regarding any of Stebbins' medical diagnoses. Ms. Johnson is not a medical physician."

20. This means that her determination that my symptoms pose a threat has no basis. Both she and Amy Jones are simply unqualified to make that assessment.

21. The bottom line is this: The Defendants simply are not allowed to make the determination that I am a threat to myself or others on anything less than an expert medical opinion. That is as simple as it gets.

22. Therefore, the Defendants' claims that I pose a risk to myself or others must be tossed out. Even if the case must go to trial, they should be forbidden from arguing this defense at trial.

23. The Defendants dug their own grave. They claim that Leslie Johnson is not an expert witness, but they forget that her testimony is expert testimony whether they like it or not. This means that she has to be an expert witness in order to be able to give that testimony, and they say that she is not an expert.

24. You cannot have it both ways. Either she is an expert and qualified to testify that my

symptoms make me unlikely to succeed in the workforce, at which point she is subject to disqualification under my Daubert motion, or she is not an expert witness and therefore is not qualified in the first instance to make the determination that my symptoms impede diddly squat. But you absolutely cannot simply say that my symptoms impede my ability to succeed in the workforce, and then say that this is lay person knowledge. Because it is not.

## CONCLUSION

25.    Despite the Defendants' attempts to twist my motion to conform to what they want my position to be, they have nevertheless failed to show any evidence to show a genuine dispute of material fact. It seems that the Defendants believe that all they have to do is *claim* some particular fact or opinion and they're done. Nothing could be further from the truth. Their uncorroborated, self-serving statements carry no weight in this case, and even if they did, their baseless *opinions* certainly carry no weight if they are not backed up by any medical assessments.

Wherefore, premises considered, I respectfully request that the Daubert Motion be granted, albeit on different grounds than was originally intended.

So requested on this, the 17th day of January, 2018.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com