US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
JAN 18 2018
DOUGLAS F. YOUNG, Clerk
By_____ Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                                PLAINTIFF

VS.                         CASE NO. 3:17-cv-03092

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES           DEFENDANTS

## REPLY TO [138] STATEMENT OF FACTS IN SUPPORT OF [136] RESPONSE IN OPPOSITION TO [123] MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Reply to Doc. 138, Defendants' Statement of Facts in Support of their Response in Opposition to my Separate Motion for Partial Summary Judgment.

In this Reply, I will take each of the undisputed facts that the Defendants deny, in whole or in part, and I will attempt to explain how the Defendants' denials do not show any genuine dispute as to these facts.

**UNDISPUTED FACT NO. 3:** Despite the Defendant's denial, this fact is still undisputed in my favor. The Defendants' blanket denials of the facts does not count as rebuttal evidence. See Conseco Life Ins. Co. v. Williams, 620 F. 3d 902, 909-910 (8th Cir. 2010)

> "When the movant makes a prima facie showing of entitlement to a summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact ... The nonmoving party may not rest on mere allegations or pleading denials, but must come forward with specific facts showing that there is a genuine issue for trial." (internal citations and quotations omitted).

The Defendants have not come forth with specific facts to rebut this undisputed fact, instead opting to make summary denial without giving us any explanation or details whatsoever, or any rebuttal evidence to support their denials. By the express order of the Eighth Circuit Court of Appeals, this is not sufficient to stave off summary judgment.

**UNDISPUTED FACT NO. 4:** Despite the Defendant's denial, this fact is still undisputed in my favor. The Defendants' blanket denials of the facts does not count as rebuttal evidence. See Conseco Life Ins. Co. v. Williams, 620 F. 3d 902, 909-910 (8th Cir. 2010)

> "When the movant makes a prima facie showing of entitlement to a summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact ... The nonmoving party may not rest on mere allegations or pleading denials, but must come forward with specific facts showing that there is a genuine issue for trial." (internal citations and quotations omitted).

The Defendants have not come forth with specific facts to rebut this undisputed fact, instead opting to make summary denial without giving us any explanation or details whatsoever, or any rebuttal evidence to support their denials. By the express order of the Eighth Circuit Court of Appeals, this is not sufficient to stave off summary judgment.

**UNDISPUTED FACT NO. 5:** To the extent the Defendants deny this fact, it is not material. The bottom line is that they clearly felt this was the best course of action to make me eligible.

**UNDISPUTED FACT NO. 7:** The Defendants' frivolous attempts to retcon these witnesses as being notified are not well taken. The discovery request they responded to very clearly asked them to produce, not just the names, but also the addresses, phone numbers, and email addresses of anyone they planned to call as witnesses, so I could conduct discovery on them and perform any necessary background checks. The mere fact that their names – and only their names – were casually listed in the discovery does not count as disclosing them as witnesses.

Therefore, these people are still surprise witnesses.

**UNDISPUTED FACT NO. 9:** Despite the Defendant's denial, this fact is still undisputed in my favor. The Defendants' blanket denials of the facts does not count as rebuttal evidence. See Conseco Life Ins. Co. v. Williams, 620 F. 3d 902, 909-910 (8th Cir. 2010)

> "When the movant makes a prima facie showing of entitlement to a summary

> judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact ... The nonmoving party may not rest on mere allegations or pleading denials, but must come forward with specific facts showing that there is a genuine issue for trial." (internal citations and quotations omitted).

The Defendants have not come forth with specific facts to rebut this undisputed fact, instead opting to make summary reference to "prior pleadings." By the express word of the Eighth Circuit Court of Appeals, this is not sufficient to stave off summary judgment.

**UNDISPUTED FACT NO. 10:** Despite the Defendant's denial, this fact is still undisputed in my favor. The Defendants' blanket denials of the facts does not count as rebuttal evidence. See Conseco Life Ins. Co. v. Williams, 620 F. 3d 902, 909-910 (8th Cir. 2010)

> "When the movant makes a prima facie showing of entitlement to a summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact ... The nonmoving party may not rest on mere allegations or pleading denials, but must come forward with specific facts showing that there is a genuine issue for trial." (internal citations and quotations omitted).

The Defendants have not come forth with specific facts to rebut this undisputed fact, instead opting to make summary reference to some vague explanation they purportedly gave at some unspecified time in the past. By the express word of the Eighth Circuit Court of Appeals, this is not sufficient to stave off summary judgment.

**UNDISPUTED FACT NO. 13:** The Defendants' objection on the grounds that this evidence is hearsay is not well taken. This evidence is perfectly admissible under Federal Rule of Evidence 803(6) as well as Rule 803(8).

## CONCLUSION

The Defendants cannot stave off summary judgment simply by giving one-word denials of my statements of undsiptued facts. Case law unequivocally states that this is not good enough. Therefore, the Defendants' denials should not be considered by the Court, as they are patently

insufficient.

Wherefore, premises considered, I respectfully request that the Daubert Motion be granted, albeit on different grounds than was originally intended.

So requested on this, the 17th day of January, 2018.

David Stebbins<br>
123 W. Ridge St.,<br>
APT D<br>
Harrison, AR 72601<br>
870-204-6516<br>
stebbinsd@yahoo.com