US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
JAN 1 8 2018
DOUGLAS F. YOUNG, Clerk
By
    Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS     PLAINTIFF

VS.     CASE NO. 3:17-cv-03092

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES     DEFENDANTS

### REPLY TO [139] RESPONSE IN OPPOSITION TO DAUBERT MOTION TO DISQUALIFY LESLIE JOHNSON

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Reply to Doc. 139, the Defendants' Response in Opposition to my Daubert Motion to Disqualify Leslie Johnson.

1. Now, for the first time in this case, the Defendants maintain that Leslie Johnson is not even an expert witness in the first place! This is, honestly a shock to me. When I heard that Leslie Johnson was a "licensed psychological examiner," I assumed that her testimony was supposed to be based on at least a few medical credentials. Sure, her credentials would not be as thorough as an actual doctor with a Ph.D., but I expected her credentials to at least put her slightly above that of a lay-witness, even if her credentials would bend to that of an actual doctor.

2. But now, the Defendants state in no uncertain terms that Leslie Johnson *is not an expert witness at all*!

3. If that is the case, then her testimony is even less admissible than it was before. Before, her determinations were entirely based on the symptoms she saw in the medical records. Now, however, in addition to that, it is also inadmissible under Federal Rule of Evidence 701.

4. This rule states, in pertinent part, the following:

> "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
> (a) rationally based on the witness's perception;

       (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
       (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

5.    Criterion C is the criterion that Leslie Johnson fails to meet. Ms. Johnson claims to have based her "assessment" (and I say "assessment" with a liberal helping of quotation marks) by her review of my *medical* records.

6.    My **MEDICAL** records!

7.    If she is not a *medical* expert, then she has no business interpreting my *medical* records! Only a medical expert has any basis for making any medical determinations, period. The Defendants' primary argument is that my disabilities make me unlikely to succeed in the workforce. However, the simple bottom line is that only an expert witness is qualified to make that assessment, and that is all there is to it.

8.    This is as simple as any evidence admissibility dispute could ever be. No expert witness, no testimony about what my symptoms do or do not impede! It is as simple as that!

9.    This means that neither Leslie Johnson nor Amy Jones should be permitted to testify to any of the following:

- My impulsivity may lead to poor decisions in a job environment.
- My depression may interfere with counseling and/or job interviews.
- I may a source of distraction to my co-workers.
- I may have difficulty assessing the consequences of decision alternatives.
- I may have difficulty relating with instructors, students, and/or co-workers.
- I may have difficulty performing tasks which involve multiple people.
- I may have difficulty changing my behavior to meet requirements.
- My "emotional intensity" (whatever that means) may interfere with task performance.

- My "conflicts" (whatever that means) may preclude adequate task performance.

10. Only a medical expert would be qualified to make these assessments, and that is simply all there is to it. If they do not like it, then tough for them. They need to structure their own policies, administration, and beuacracy to conform to federal ADA law; federal law does not bend to accommodate the state administartions; it is the other way around. They need to terminate Leslie Johnson and hire a genuine medical expert in her place, because the simple bottom line is that she is grossly unqualified to do the one thing she is paid to do: Give psychological assessments.

11. This means that the Daubert Motion must still be granted, just on different grounds than originally intended. Whereas before, I sought to disqualify her as a witness because she was an expert witness who made egregious procedural errors in her expert assessment that stripped her assessment of any expertise, I now seek to disqualify her as a witness because she is offering expert testimony despite not being an expert witness. She is now even less qualified than I originally believed, and therefore, her pertinent testimony should be stricken for a complete lack of expert foundation.

## CONCLUSION

12. The Defendants dug their own grave. They claim that Leslie Johnson is not an expert witness, but they forget that her testimony is expert testimony whether they like it or not. This means that she has to be an expert witness in order to be able to give that testimony, and they say that she is not an expert.

13. You cannot have it both ways. Either she is an expert and qualified to testify that my symptoms make me unlikely to succeed in the workforce, at which point she is subject to disqualification under my Daubert motion, or she is not an expert witness and therefore is not

qualified in the first instance to make the determination that my symptoms impede diddly squat. But you absolutely cannot simply say that my symptoms impede my ability to succeed in the workforce, and then say that this is lay person knowledge. Because it is not.

14. I am plainly entitled to *some* relief, even if we must slightly modify the relief I requested in the original Daubert motion.

Wherefore, premises considered, I respectfully request that the Daubert Motion be granted, albeit on different grounds than was originally intended.

So requested on this, the 17th day of January, 2018.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com