UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                                    PLAINTIFF

VS.                          CASE NO. 3:17-cv-03092

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES                DEFENDANTS

### SUPPLEMENT TO [079] MOTION FOR SUMMARY JUDGMENT, AND TO [123] MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Supplemental Brief in support of Doc. 79, Motion for Summary Judgment, and Doc. 123, separate Motion for Partial Summary Judgment.

1. I would also be supplementing Doc. 142 (also a motion for Partial Summary Judgment), but this supplement only deals with the ADA and Rehabilitation Act claims against ARS and the State of Arkansas, whereas Doc. 142 deals exclusively with the claim of First Amendment Retaliation against Amy Jones.

2. This whole case, I was acting under the assumption that Leslie Johnsons' determination that I was not likely to succeed in the workforce was based on her medical expert credentials. However, Defendants have since filed Doc. 139 in this case, stating in no uncertain terms that Leslie Johnson's testimony is NOT being offered as an expert witness.

> "Defendants have not identified Leslie Johnson as an expert ... She is not going to be called to offer medical testimony regarding any of Stebbins' medical diagnoses. Ms. Johnson is not a medical physician."

3. This means that the Defendants' evidence has even less footing than I originally thought.

### Section 1: Defendants' assessment is not based on expert testimony and therefore carreis no weight.

4. The Defendants argue that my symptoms make me unlikely to succeed in the workforce

because my symptoms have the potential to impede my work performance. However, only a medical expert is qualified to make that assessment.

5. If Leslie Johnson is not a medical expert, and the Defendants have no other medical experts to offer expert testimony, then the Defendants' argument that my symptoms make me unlikely to succeed in the workforce have no admissible evidence backing them.

6. This means that Defendants' Exhibit D, ¶¶ 6-9 and ¶¶ 12-13 must be stricken by the Court and not considere by either the Court or the jury.

7. This means that Amy Jones had no right to base her decision on Leslie Johnson's determination, since the determination required expert credentials that Leslie Johnson simply did not have.

8. That means that Defendants' Exhibit E, ¶¶ 23-24 must be stricken from the record and not considered by either the Court or the jury.

9. In total, this means that the Defendants' entire assessment that purportedly occurred between December 14-16, 2015 carries absolutely no weight. The Defendants cannot show that I am not qualified for their services because they did not base this on any proper medical diagnosis.

10. Therefore, I am entitled to judgment as a matter of law on the question of whether I am otherwise qualified. The Defendants denied my application because of my disabilities and had absolutely zero medical evidence to prove that my disabilities actually *make me* unqualified. Therefore, their argument that I am not qualified must fail.

**Section 2: No medical assessment means there is no evidence of direct threat.**

11. The Defendants argue that my medical condition means that the stressors of college training or entering the workforce would present a health risk to myself and/or the ARS staff. See

Defendants' Exhibit E, ¶ 34:

> "I felt that the provision any ARS services to David would potentially jeopardize the safety of any ARS vendor paid to provide services. I felt that David's untreated mental health and instability could be further aggravated / worsen given the stressors of college training, employment, or any involvement with the public at his current mental state, and the risk for David to cause harm to himself or others was too great a risk to take."

12. However, if this assessment is not based on any medical knowledge, then they cannot prove that I indeed pose this risk. See School Bd. of Nassau Cty. v. Arline, 480 US 273, 288 (1987) ("findings of facts, based on reasonable medical judgments given the state of medical knowledge ... In making these findings, courts normally should defer to the reasonable medical judgments of public health officials"). See also EEOC v. Wal-Mart Stores, Inc., 477 F. 3d 561, 571 (8th Cir. 2006) ("The Supreme Court requires an individualized direct threat analysis that relies on the best current medical ... evidence in order to protect disabled individuals from discrimination based on prejudice, stereotypes, or unfounded fear").

13. Without a medical assessment, the Defendants have not based their determination on any objective evidence. To the contrary, it appears that I was subjected to "discrimination on the basis of mythology — precisely the type of injury Congress sought to prevent." See School Bd. of Nassau Cty., *supra* at 285.

14. The Defendants sealed their fate when they stated that Leslie Johnson was not a medical expert. No medical opinion? No testimony that there is a health risk. Period. It does not get any simpler than that.

15. Therefore, the Defendants' claims that I pose a direct threat to the health or safety of myself or others must fail. As I have stated previously, the Defendants hold the burden of proof on the defense of direct threat, and without an expert witness, they simply cannot meet this burden of proof. Therefore, I am entitled to judgment as a matter of law on this matter.

## CONCLUSION

16. The Defendants dug their own grave. They claim that Leslie Johnson is not an expert witness, but they forget that her testimony is expert testimony whether they like it or not. This means that she has to be an expert witness in order to be able to give that testimony, and they say that she is not an expert.

17. You cannot have it both ways. Either she is an expert and qualified to testify that my symptoms make me unlikely to succeed in the workforce, at which point she is subject to disqualification under my Daubert motion, or she is not an expert witness and therefore is not qualified in the first instance to make the determination that my symptoms impede diddly squat. But you absolutely cannot simply say that my symptoms impede my ability to succeed in the workforce, and then say that this is lay person knowledge. Because it is not.

Wherefore, premises considered, I respectfully request that the Daubert Motion be granted, albeit on different grounds than was originally intended.

So requested on this, the 17th day of January, 2018.

/s/ David Stebbins
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com