US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
JAN 29 2018
DOUGLAS F. YOUNG, Clerk
By
            Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                               PLAINTIFF

VS.                       CASE NO. 3:17-cv-03092

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES            DEFENDANTS

### STATEMENT OF DISPUTED FACTS IN SUPPORT OF RESPONSE IN OPPOSITION TO [131] MOTION FOR SUMMARY JUDGMENT AS TO REHABILITATION ACT CLAIMS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Statement of Disputed Facts in Support of my Response to Doc. 131, Defendants' Motion for Partial Summary Judgment pertaining to my Rehabilitation Act claims.

For the most part, the Defendants simply rehash the same arguments and the same statements of fact that they made in their first Motion for Summary Judgment. To the extent ¶¶ 1-101 are concerned, I incorporate by reference my Statement of Disputed Facts in Support of Response in Opposition to the Defendant's First Motion for Summary Judgment (which was filed on January 2, 2018).

However, I do wish to take this opportunity to re-argue one statement of fact that has new factual development:

Various statements of fact allege facts that are only proven by the client contact notes purportedly written by Alana Walls, Caterina Matheny, Lorraine Miller, an Anonymous writer, and Carl Daughtery. In a previous motion for summary judgment, I maintained that they did not disclose these people as witnesses. In response to this motion, the Defendants argued that they implicitly disclosed them. Their verbatim counter-argument was thus:

> "Defendants response to discovery was as follows: At a minimum, Defendants intend to call the following: (a) David Stebbins, 123 West Ridge Street, Apt. D,

Harrison, AR 72601, unknown ph#, stebbinsd@yahoo.com.; (b) Amy Jones, M.S., CRC, AR Department of Career Education, Arkansas Rehabilitation Services, 715 W. Sherman, Suite E Harrison, AR 72601, (870) 741-7153, amy.jones@arkansas.gov; (c) Kevin Cook, AR Department of Career Education, Arkansas Rehabilitation Services, 715 W. Sherman, Suite E Harrison, AR 72601, (870) 741-7153, kevin.cook@arkansas.gov; (d) Leslie S. Johnson, MS, Licensed Psychological Examiner, 4058 North College Avenue, Fayetteville, AR 72703, unknown ph# or email address. Further, Defendants will consider calling any witness identified by Plaintiff, *or any individuals identified in the documents produced in discovery or in any other pleadings in this case*. (Emphasis added). Lorraine Miller, Caterina Matheny, Alana Walls, Amy Jones, and Kevin Cook were all identified and referenced in documents produced in discovery."

This, however, is egregiously insufficient. The law uneqivocally requires the parties to disclose, not just the names, but also the addresses and telephone numbers of each witness, unless they do not even know themselves what their witnesses' address or phone numbers are. See Fed.R.Civ.P. 26(a)(1)(A)(i)

"Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties: the name *and, if known, the address and telephone number* of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;" (emphasis added)

It is astronomically unlikely that the Defendants do not know the addresses and phone numbers of their own employees. Therefore, they were required to give the addresses and phone numbers to me so I could conduct a proper discovery and background check on them.

They did not disclose this information to me.

Therefore, these people are still surprise witnesses, whether the Defense likes it or not.

Therefore, the Defense should not be allowed to call them at trial.

Therefore, the client contact notes purportedly written by them are hearsay and therefore

cannot be used.

## NEWLY ALLEGED FACTS

Meanwhile, ¶ 102 is new, and therefore *requires* a response (rather than merely allowing one). In response to that paragraph, I hereby state as follows:

**102. Neither Stebbins' original Complaint or his Amended Complaint specify**

**Answer**: Objection. This sentence is incomplete. What do my complaints not specify? I cannot respond to a statement of fact that does not state any facts. The Defendants need to proofread their motions before they submit them. Sure, I have committed the occasional spelling error in the past, but at least you can understand what I'm writing.

As such, I can neither admit nor deny this fact, and therefore deny for lack of knowledge.

Wherefore, premises considered, I respectfully request that the Defendants' Motions to Dismiss (both of them) be denied.

So requested on this, the 27th day of January, 2018.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com