IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                                                                     PLAINTIFF

v.                                          NO. 3:17-CV-3092-TLB

STATE OF ARKANSAS, ARKANSAS                                                        DEFENDANTS
REHABILITATION SERVICES, AND
AMY JONES

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Come now the Defendants, the State of Arkansas, Arkansas Rehabilitation Services ("ARS"), and Amy Jones, by and through their attorneys, Attorney General Leslie Rutledge and Senior Assistant Attorney General Christine A. Cryer, and for their Reply, state as follows:

1. Stebbins is correct when he says that most of the arguments and evidence submitted in support of the Defendants' Motion for Summary Judgment on his Rehab Act Claims are similar, if not identical, to those asserted in their first Motion for Summary Judgment on all of his other claims.

2. As it was stated in the motion filed on January 5, 2018, at the time they filed their first motion, the Court had not yet ruled on Stebbins' motion to amend his Complaint and add a Rehab Act claim. As such, their first Motion for Summary Judgment did not include any argument on the Rehab Act claim. And, as Mr. Stebbins has stated in just about every pleading he files, the Court could not, on its own, dismiss a claim for which the party had not moved for dismissal on. Therefore, an additional motion was necessary.

3. Stebbins stated in his motion to amend hos Complaint, filed on August 3, 2017, the arguments would be very similar for both the Rehab Act claim as well as his Title II claim. (DE 56) As such, it should not be any surprise to him that the argument would be very similar as well.

4. Stebbins' Response (DE 157 – 158) does nothing to rebut the Defendants' arguments. Further, Stebbins has shown that he will be unable to establish a prima facie case of discrimination under Section 504 of the Rehab Act, Title II of the ADA, or any other prima facie case related to any claims in this matter. For that reason, the Defendants are entitled to summary judgment for the reasons asserted in their motions.

5. With regard to the Defendants' Statement of Undisputed Material Fact No. 102, Stebbins was absolutely correct. The undersigned inadvertently did not provide a complete or full sentence. The undersigned appreciates Mr. Stebbins for pointing that out, and agrees that (1) he cannot be expected to fully respond to a statement when the statement is not complete; and (2) as he acknowledges, he has committed errors in his pleadings as well.

6. With regard to his claim that Alana Walls, Caterina Matheny, and Lorraine Miller are "surprise witnesses," Mr. Stebbins is reminded of the following:

- He made numerous telephone calls to ARS in December 2015, and did not always speak with the same person when he called;

- He received copies of the ARS Client Contact Notes authored by and identifying these individuals on or about September 22, 2018;

- He has attached these documents authored by these individuals in support of various court pleadings he has filed, starting with his Second Motion for Summary Judgment filed on September 28, 2018 (DE 79, pp. 82, 85, & 86);

- He knew these individuals to be employees of ARS;

- He knew the address of ARS (both the Harrison Office – because he personally went there on December 1, 2015 and the Fayetteville Office – because he provided that mailing address to the Court for proper service on Amy Jones (DE 6)); and

- He has called these offices on numerous occasions therefore he already has their phone numbers.

7. These people are not "surprises" to Mr. Stebbins.

8. If, however, we were to follow Mr. Stebbins' logic, his own witnesses would have to be stricken and not allowed to testify. In his own responses to discovery, Stebbins did not provide the address for one of the witnesses and did not provide telephone numbers for any of them.

9. Defendants, however, are not moving to strike any of his 3 witnesses, nor are they claiming "surprise" since Stebbins provided identifiable information for them which will allow the undersigned to locate and make contact with them.

10. However, if Stebbins wishes to pursue that argument, the Defendants can move at the appropriate time to strike all of his witnesses, including Stebbins, who failed to provide his own telephone number. That would leave the only

witnesses being allowed to testify at trial as Amy Jones, Kevin Cook, and Leslie Johnson.

11.   For the reasons articulated in their motions, briefs, and supporting documents, the Defendants are entitled to summary judgment on all of Stebbins' claims, and the dismissal of his lawsuit with prejudice.

WHEREFORE, Defendants respectfully request this Court grant their motions, in their entirety, and for any and all other just and proper relief to which they may be granted.

    Respectfully submitted,

    Leslie Rutledge
    Attorney General

By:   /s/ Christine A. Cryer
    Christine A. Cryer
    Arkansas Bar No. 2001082
    Sr. Assistant Attorney General
    323 Center Street, Suite 200
    Little Rock, Arkansas 72201
    Telephone: (501) 683-0958
    Facsimile:  (501) 682-2591
    Christine.cryer@arkansasag.gov

**CERTIFICATE OF SERVICE**

  I, Christine A. Cryer, Senior Assistant Attorney General, do hereby certify that on February 5, 2018, I emailed a copy of the motion to Plaintiff David Stebbins as the following email address:

stebbinsd@yahoo.com

A copy is being emailed to Mr. Stebbins because the Office of the Arkansas Attorney General is closed today and the mail will not be picked up today.

  I, Christine A. Cryer, Senior Assistant Attorney General, do hereby certify that a copy of this pleading will be mailed, via regular U.S. mail, to Mr. Stebbins at the below address on January 17, 2018.

Mr. David Stebbins
123 W. Ridge St., Apt. D
Harrison, Arkansas 72601

              /s/ Christine A. Cryer