IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DAVID A. STEBBINS**                                                                **PLAINTIFF**

V.                                     CASE NO. 3:17-CV-3092

**STATE OF ARKANSAS; ARKANSAS
REHABILITATION SERVICES; and AMY JONES**                                **DEFENDANTS**

## SECOND AMENDED
## CASE MANAGEMENT ORDER

This Order amends and supersedes the Amended Final Scheduling Order dated October 31, 2017 (Doc. 101). Revised case management deadlines are set forth below. In this regard, IT IS HEREBY ORDERED:

1. **TRIAL RESET DURING THE COURT'S JUNE 18, 2018 TRIAL TERM**

    The trial of this matter is scheduled for a **JURY TRIAL** in **FAYETTEVILLE, ARKANSAS**, at the call of the Court during a **One Week Trial Term which begins on JUNE 18, 2018, at 9:00 a.m.** The case may be called up and tried at any point during the term; however, a more precise starting date will be set as the trial term approaches.

    The case will be tried to an **eight (8)** person jury–unanimous verdict required. Counsel and parties are directed to report to **the Fifth-floor Courtroom by no later than 8:30 a.m.** on the first day of trial unless otherwise notified.

2. **FINAL PRE-TRIAL CONFERENCE**

    A Final Pre-Trial Conference shall be conducted pursuant to the provisions of Rule 16(e) on **JUNE 12, 2018, beginning at 10:30 a.m.**

3. **MOTION DEADLINES**

(a) **Motions in Limine** must be filed on or before **MAY 29, 2018**. Responses must be filed within seven (7) days thereafter. Motions submitted after the deadline may be denied solely on that ground. Briefs in Support of such motions and responses shall not exceed three (3) pages per ruling sought, except on leave of Court for good cause shown.

4. **MEMORANDUM BRIEFS**

Page limits for discovery motions and liminal motions are noted above. Memorandum briefs filed in support or in response to other types of motions must not exceed twenty-five (25) pages in length, without leave of court and for good cause shown. Reply briefs require leave of Court, and when permitted must not exceed seven (7) pages in length.

5. **PRETRIAL DISCLOSURE SHEET**

Pursuant to the provisions of Rule 26(a)(3), the parties shall simultaneously file Pretrial Disclosures on **MAY 15, 2018**, in a form consistent with the outline contained in Local Rule 26.2.

6. **DEPOSITIONS TO BE USED AT TRIAL PURSUANT TO RULE 32**[1]

The proffering party must designate the pertinent portions of a deposition to be used as evidence at trial by **MAY 15, 2018**. The opposing party must then provide notice of objections and/or counter-designations by **MAY 22, 2018**. These designations and

---

[1] Depositions to be used solely for impeachment are not contemplated by the requirements of this paragraph.

objections should not be filed with the Court, but rather exchanged by the parties. The parties shall then confer in good faith to resolve any objections to designations.

Any unresolved objections shall be made by a joint written motion filed no later than **MAY 29, 2018**. Instructions for preparing the joint motion and the form to be used are posted on the Court's website at http://www.arwd.uscourts.gov/judge-brooks-forms. Objections will be resolved during the Final Pre-Trial Conference.

### 7. JURY INSTRUCTIONS

The parties must confer in advance regarding proposed jury instructions in an attempt to narrow areas of disagreement. The parties shall jointly submit a single agreed set of proposed instructions (clearly marked "AGREED") to Chambers on or before **JUNE 5, 2018**. Proposed verdict forms should be submitted as well. Counsel should use model instructions whenever possible from the Eighth Circuit, AMI, or Federal Jury Practice and Instructions (5th Edition), as applicable, and should note the source and/or basis of the instruction at the end of each instruction.

If the parties cannot agree to a particular instruction(s), the party requesting a disputed instruction must submit it to the Court and to opposing counsel by the same date Agreed Instructions are due. Such instructions should be clearly marked as "[Plaintiff's/Defendant's] DISPUTED Instruction No. ___." The legal basis for the instruction and brief description of the parties' disagreement shall be provided with the instruction (either in the space below the form of the instruction or attached on a separate page).

The parties should follow the same process to submit "agreed" and "disputed" proposed verdict forms. Agreed and disputed instructions/verdict forms should be submitted electronically in WordPerfect or Word format to *tlbinfo@arwd.uscourts.gov*.

## 8. STATEMENT OF THE CASE

Each party must submit via email by **JUNE 5, 2018** a concise non-argumentative statement/overview of the case, *no more than one double spaced page in length*, that it proposes the Court to read to the venire panel.

## 9. STIPULATIONS

The parties should stipulate in writing to the facts not in controversy and provide the same to the Court via email by no later than **JUNE 5, 2018**. Stipulations will be marked and received as a joint exhibit, and may be read/shown to the jury at an appropriate time(s) during the trial. The parties are encouraged to use stipulations as a means of establishing the chronology of significant events, and to otherwise narrow and simplify fact issues submitted to the jury.

## 10. WITNESS AND EXHIBIT LISTS

Each party shall submit "final" witness and exhibit lists to the Court by no later than **JUNE 5, 2018**. The lists should be in the format as posted on the Court's website at http://www.arwd.uscourts.gov/judge-brooks-forms. Witnesses shall be grouped together under headings indicating whether they "will be called" or merely "may be called" to testify.

Trial Exhibits must be identified, numbered, provided, and made available to opposing counsel in advance of the deadline. Counsel must then review and confer for the purpose of identifying any exhibits to which agreement or objections are contemplated.

The final numbered exhibit list provided to the Court should therefore indicate—for each applicable exhibit—whether opposing counsel intends to "agree" (subject to proponent laying proper foundation) or "object" to its introduction. Prior to trial, the parties shall further confer and identify which, if any, of the agreed exhibits may be stipulated into evidence *in mass* at the beginning of the trial. Please promptly notify the Court via email as to which exhibits will be received in this manner.

Each party shall provide a notebook of its final proposed exhibits(numbered, indexed, and tabbed) to Chambers by no later than the beginning of the Final Pretrial Conference on **JUNE 12, 2018**. Mr. Stebbins is given advance permission to submit a copy of his exhibits via pdf (emailed to tlbinfo@arwd.uscourts.gov), if that is more economical for him to do so.

11. **DEADLINES**

The deadlines set forth above are firm. Extensions and/or continuances will not be considered absent very compelling circumstances.

12. **SUMMARY TABLE AND FORMS**

A table summarizing the deadlines is attached. In the event of a discrepancy between this Order and the summary table, the deadline set forth in the Order is controlling. The forms are available for download on the Court's public website - http://www.arwd.uscourts.gov/judge-brooks-forms.

13.  **COMMUNICATION WITH COURT REGARDING TRIAL OR SETTLEMENT**

Settlements should be immediately reported to the Court.[2] Please communicate any late developing settlement or problems/issues (*i.e.* over the weekend prior to trial) to the Courtroom Deputy, Sheri Craig, at (479) 695-4460 or *tlbinfo@arwd.uscourts.gov*.  If notice of settlement is received after **1:00 p.m. on JUNE 15, 2018**, the parties will be assessed any costs associated with the Court's inability to timely recall the jury panel from reporting.  The parties are further advised that the case will not be removed from the trial docket until an order of dismissal has been entered.

**IT IS SO ORDERED** this 27th day of February, 2018.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[2]This is especially true when there are ripe motions pending.  Prompt notification is also of great help to the Court in the management of remaining cases set for a given trial term.

# DATES AND DEADLINES

| HEARINGS AND TRIAL DATE | |
|---|---|
| FINAL PRE-TRIAL CONFERENCE | 6/12/18 |
| **TRIAL DATE (One Week Trial Term beginning on)** | **6/18/18** |
| FINAL TRIAL PREPARATIONS | |
| PRETRIAL DISCLOSURES (per format of Local Rule 26.2) | 5/15/18 |
| MOTIONS IN LIMINE | 5/29/18 |
| DEPOSITION DESIGNATIONS (exchanged) | 5/15/18 |
| DEPOSITION COUNTER-DESIGNATIONS (exchanged) | 5/22/18 |
| JOINT MOTION TO EXCLUDE DEPOSITION TESTIMONY | 5/29/18 |
| JURY INSTRUCTIONS (submitted to the Court via email) | 6/5/18 |
| STATEMENT OF THE CASE (submitted to the Court via email) | 6/5/18 |
| STIPULATIONS (submitted to the Court via email) | 6/5/18 |
| WITNESS AND EXHIBIT LISTS (submitted to the Court via email) | 6/5/18 |
| EXHIBITS NOTEBOOK (INDEXED AND TABBED) TO CHAMBERS | 6/12/18 |