## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## HARRISON DIVISION

**DAVID A. STEBBINS**                                                      **PLAINTIFF**

**V.**                          **CASE NO. 3:17-CV-03092**

**STATE OF ARKANSAS;**
**ARKANSAS REHABILITATION SERVICES;**
**and AMY JONES**                                          **DEFENDANTS**

### ORDER

Now pending before the Court are a Motion for Adverse Inference (Doc. 117), Brief in Support (Doc. 118), Supplement (Doc. 119), and DVD of exhibits submitted by Plaintiff David A. Stebbins. Defendants filed a Response to the Motion (Doc. 120), and Mr. Stebbins filed a Reply (Doc. 129). For the reasons explained herein, the Motion is **DENIED**.

Defendants previously produced to Mr. Stebbins 130 pages of documents in hard copy, which represented his entire case file with Arkansas Rehabilitative Services. Mr. Stebbins moved the Court to order Defendants to produce whatever documents existed in Microsoft Word format on a thumb drive. He explained in his motion that the reason why he wanted the Word documents was so that he could analyze their "Metadata" and thereby attempt to determine the identities of the documents' authors and editors, and the dates that the documents were edited. *See* Doc. 112, p. 1. Defendants failed to establish any reason why they would suffer prejudice in being forced to produce these documents on a thumb drive, so the Court ordered them to do so. Out of the 130-page production, only a single two-page document was created using Microsoft Word. This document was produced to Mr. Stebbins on a thumb drive, as per the Court's Order.

According to Mr. Stebbins's Motion for Adverse Inference, when he opened the document on his computer, he noticed that the "Metadata" he sought to examine was gone. He posits that Defendants deleted the "Metadata" intentionally, and he seeks sanctions against them as a result.

The document in question is entitled "Rehabilitation Initial Diagnosis and Assessment for Clients," and its final version was signed by Leslie Johnson, a licensed psychological examiner employed by Arkansas Rehabilitation Services. (Doc. 114-1, pp. 85-86). The document summarizes the records associated with Mr. Stebbins's request for vocational benefits, including his medical and psychological records, and recommends denying Mr. Stebbins benefits for the time being. Ms. Johnson also suggests that Mr. Stebbins be referred to a local mental health care provider for treatment to stabilize his mental health condition, prior to considering him again for benefits.

Mr. Stebbins believes that Defendants purposely deleted the report's "Metadata" because they wanted to hide something about the way the report was drafted and finalized. Mr. Stebbins explains that if he only had the report's "Metadata" in his possession, he could prove his theory that, at one time, Ms. Johnson believed he *should* receive benefits, and wrote the report accordingly; but later on, Ms. Johnson was "either . . . bribe[d] or coerc[ed]" to change her recommendation. (Doc. 117, p. 3). Setting aside the outlandishness of Mr. Stebbins's theory, there is no dispute that Ms. Johnson's final recommendation to Arkansas Rehabilitation Services was that Mr.

2

Stebbins *should not* receive benefits, and she signed this recommendation and submitted it to her supervisor. Earlier drafts of this report apparently do not exist.

Turning now to Mr. Stebbins's requested relief, in order to justify the imposition of sanctions for the destruction of evidence, the Court must find that the evidence in question was intentionally destroyed to suppress the truth, and that the opposing party suffered prejudice as a result. *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 746, 748 (8th Cir. 2004). In this case, Mr. Stebbins does not contend that Defendants intentionally destroyed a document. Instead, he maintains that when Defendants were saving a document to a thumb drive in compliance with the Court's discovery Order (Doc. 112), the electronic "Metadata" associated with the document was intentionally destroyed.

The Court has reviewed defense counsel's written explanation of how the Word document in question was emailed from Ms. Johnson to counsel, and then saved to a thumb drive and provided to Mr. Stebbins. The Court is not persuaded that Defendants intentionally destroyed any evidence. Moreover, the Court is also not persuaded that Mr. Stebbins has been prejudiced by his inability to read the "Metadata" and discern when Ms. Johnson's document was saved—and who saved it—before it was finalized. Even if the "Metadata" existed, it would provide only name/date/time details for each time the report was saved, and nothing more. "Metadata" cannot establish Mr. Stebbins's theory that Ms. Johnson was coerced or bribed into writing her final recommendation. Moreover, the Order that directed Defendants to provide the Word

document to Mr. Stebbins in the first place did not specify how the document should be produced except "on a thumb drive," and it appears Defendants did just that.

For these reasons, **IT IS ORDERED** that Mr. Stebbins's Motion for Adverse Inference (Doc. 117) is **DENIED**.

**IT IS SO ORDERED** on this ____ day of April, 2018.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE