UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                                                        PLAINTIFF

VS.                              CASE NO. 3:17-cv-03092

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES                          DEFENDANTS

## MOTION AND BRIEF IN SUPPORT FOR RECONSIDERATION

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion and Incorporated Brief in Support for Reconsideration in the above-styled action.

1. This Court has not addressed why the Defendants' uncorroborated word is sufficient to support the Defendants' motion for summary judgment.

2. This Court has not addressed whether the Defendants' eligibility requirements are essential.

3. This Court has found that the Defendants acted in good faith. But it has not shown why this good faith determination, no matter how inaccurate or contrary to the weight of evidence it is, is still sufficient to entitle them to judgment as a matter of law when I have provided an abundance of case law to show that one still commits discrimination if they make an inaccurate judgment.

4. This Court has not addressed the timely argument raised by me that my allegedly hostile behavior – which the Defendants admti to taking into consideration – was protected as a form of free speech.

5. This Court cannot properly issue rulings without addressing these matters. All of these matters were brought before the Court. It cannot refuse to address them without committing an abuse of discretion. See US v. Feemster, 572 F. 3d 455, 461 (8th Cir. 2009) ("A district court

abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight").

6. I therefore ask this Court to issue a revised opinion where it addresses each of these arguments raised by the Plaintiff.

(a) Does a movant's uncorroborated word, standing by itself, prove the movant's facts to be undisputed?

(b) Can a defendant avoid liability for disabiltiy discrimination as long as they act in a good faith determination, or does the determination have to be medically accurate?

(c) Are the Defendants' eligibility requirements – which I supposedly fail to meet – even essential in the first place?

(d) Did my allegedly hostile behavior give rise to a true threat?

7. I humbly ask the Court to not only provide clear answers to these questions, but provide case law or statutes to support its answers, to prove that it is truly following the law and not simply making up the law however it wants to. Without these answers, the Court has committed a clear abuse of discretion as defined by *US v. Feemster*.

So requested on this, the 10th day of May, 2018.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.,
ATP D
Harrison, AR 72601

U.S. District Court
35 East Mountain Street, Room 510
Fayetteville, Arkansas 72701-5354

72701$5353 C005