UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

JUN 1 1 2018

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

DAVID A. STEBBINS            PLAINTIFF

VS.                 CASE NO. 3:17-cv-03092

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES. AND AMY JONES      DEFENDANTS

## NOTICE OF APPEAL

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Notice of Appeal in the above-styled action.

1. The following reversible errors were committed in this case:

   (a) The United States District Court for the Eastern District of Arkansas committed an abuse of discretion when it denied my Motion for Appointment of Counsel.

   (b) The United States District Court for the Eastern District of Arkansas committed an abuse of discretion when it denied my first Motion for Partial Summary Judgment with no explanation, violating volumnious binding precedent form the 8th Circuit Court of Appeals and United States Supreme Court, and instead relying on persuasive precedent from the 10th Circuit Court of Appeals to justify its refusal to provid eany explanation, which is trumped by the binding precedent I provided.

   (c) The United States District Court for the Eastern District of Arkansas abused its discretion by relocating the case to the Western District of Arkansas.

   (d) Judge Timothy Brooks abused his discretion when he did not recuse himself from the proceedings despite, by his own admission, holding a grudge against me because of my previous litigation history.

   (e) The United States District Court for the Western District of Arkansas abused its

discretion when it failed to fully grant my Motion to Compel Discovery.

(f) The United States District Court for the Western District of Arkansas abused its discretion when it refused to sanction the Defendants for their frivolous discovery objection.

(g) The United States District Court for the Western District of Arkansas abused its discretion when it denied the Motion for Adverse Inference.

(h) The United States District Court for the Western District of Arkansas committed reversible error when it granted summary judgment in the Defendants' favor and denied my Motions for Summary Judgment, for all of the following reasons:

  i. First, the grounds upon which the Defendants sought summary judgment – that they were legally allowed to use my disabiliteis as a factor in determining that I was not eligible for their services – had already been adjudicated on their motion to dismiss, meaning that relitigation of those same issues on a motion for summary judgment was barred by res judicata and collateral estoppel.

  ii. The Defendants offered no evidence in support of their positions except their uncorrobororated word. Thus, to issue a verdict in the Defendants' favor, the Court had to determine that their testimony was credible, which is explicitly forbidden on a motion for summary judgment.

  iii. The Court found that my failure to exhaust administrative remedies was alone grounds to dismiss the complaint, although federal law explicitly states that there is no exhaustion requirement under the ADA.

  iv. The Court never addressed the numerous arguments raised by the plaintiff during the motions for summary judgment, including but not limited to …

   A) The Defendants' policies and eligibility requirements were inherently discriminatory, and purported on their face to exclude egregiously disabled individauls, which is precisely what the ADA forbids.

   B) The Defendants' version of events made no sense, logically.

   C) The Defendants failed to consider whether any reasonable accommodations or modifications in policies could enable me to qualify for their services.

2. The United States District Court for the Western District of Arkansas abused its discretion when it denied my Motion for Reconsideration less than a day after the motion was filed, without giving any explanation whatsoever for its decision.

3. Even if any one of these errors, taken by itself, might not be grounds to reverse the judgment, all of these errors, taken cumulatively, should satisfy the "cumulative error" doctrine.

So notified on this, the 2nd day of July, 2018.

/s/ David Stebbins

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com