IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                                                    PLAINTIFF

V.                              CASE NO. 3:17-CV-03092

STATE OF ARKANSAS;
ARKANSAS REHABILITATION SERVICES;
and AMY JONES                                                                        DEFENDANTS

## ORDER

  Currently before the Court is Plaintiff David A. Stebbins' Application for Leave to Appeal in Forma Pauperis ("IFP"). (Doc. 172). On May 8, 2018, the Court granted Defendants' Motions for Summary Judgment (Docs. 109, 131) and dismissed Mr. Stebbins' complaint with prejudice. (Docs. 167, 168). "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Id.* An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

  The Court found in its Memorandum Opinion and Order on summary judgment (Doc. 167) that Mr. Stebbins had produced no evidence to support his contention that Arkansas Rehabilitation Services, a state agency, denied his request for funding to attend college because of Mr. Stebbins' disability or in retaliation for him engaging in activities protected by the Americans with Disabilities Act. Similarly, the Court found that Mr.

Stebbins had failed to submit any evidence on summary judgment to support his suspicion that the state agency's adverse decision was motivated by his civil litigation history.

Although the Court remains fully satisfied that Mr. Stebbins' case was properly dismissed, his claims for relief are not considered to be "frivolous," as that term has been defined by the Supreme Court.[1] Plaintiff's Application for Leave to Appeal IFP (Doc. 172) is, therefore, **GRANTED**.

**IT IS SO ORDERED** on this 13th day of June, 2018.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[1] To clarify, Mr. Stebbins has filed many motions and raised numerous arguments on a plethora of issues from discovery to merits—many of which *are* factually and legally frivolous. However, the Court is able to draw a distinction between those frivolous arguments and his more straight-forward contention that there exist genuine issues of fact for a jury to decide on the issue of whether he was denied state rehabilitation benefits in violation of federal law—which is not a frivolous argument in this particular case, (even though the Court obviously disagrees with Mr. Stebbins based the summary judgment record before it).